# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

**DEQUE SYSTEMS INC.**

        **Plaintiff,**

    **v.**

**BROWSERSTACK, INC., and**         **Case No. 1:24-cv-00217-AJT-WEF**
**BROWSERSTACK LIMITED, and**
**BROWSERSTACK SOFTWARE PVT.**
**LTD.,**

        **Defendants.**

## <u>DEFENDANT BROWSERSTACK, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)</u>

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................. 1

II.    RELEVANT ALLEGED FACTS.......................................................................... 2

III.   LEGAL STANDARD............................................................................................ 5

IV.    ARGUMENT ........................................................................................................ 7

       A.    Plaintiff's Improper Group Pleading Is Insufficient to State a Claim Against
             Defendant BrowserStack U.S. .................................................................. 7

       B.    The Complaint Fails to State a Claim of Copyright Infringement Against
             Defendant BrowserStack U.S. .................................................................. 9

       C.    Plaintiff Fails to State a Claim for Breach of Contract Against Defendant
             BrowserStack U.S. ................................................................................. 10

             1.    Plaintiff Fails to Sufficiently Plead the Elements of a Breach of Contract
                   Claim Against Defendant BrowserStack U.S. ........................................ 11

             2.    Plaintiff's Breach of Contract Claim is Also Preempted ......................... 12

       D.    Plaintiff Fails to State a False Advertising Claim Against Defendant
             BrowserStack U.S. ................................................................................. 14

V.     CONCLUSION.................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Appalachian Enterps., Inc. v. Epayment Sols. Ltd.*,
  No. 01CV11502 (GBD), 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ..................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 5, 6

*Atuahene v. City of Hartford*,
  10 F. App'x 33 (2d Cir. 2001) ................................................................................................... 7

*Ball v. Takeda Pharms. Am., Inc.*,
  963 F. Supp. 2d 497 (E.D. Va. 2013) ..................................................................................... 7, 8

*Baudean v. Pearson Educ., Inc.*,
  No. 3:14CV685, 2015 WL 3651199 (E.D. Va. June 11, 2015) ................................................ 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 5, 6

*Church Ekklasia Sozo Inc. v. CVS Health Corp.*,
  No. 320CV00382RJCDSC, 2022 WL 1572732 (W.D.N.C. Feb. 25, 2022) .......................... 16

*Classen Immunotherapies, Inc. v. Biogen IDEC*,
  381 F. Supp. 2d 452 (D. Md. 2005) ........................................................................................... 7

*Cumulus Inv., LLC v. Bernardi*,
  No. 120CV00298AJTIDD, 2022 WL 20043085 (E.D. Va. July 21, 2022) .......................... 5, 6

*Francis v. Giacomelli*,
  588 F.3d 186 (4th Cir. 2009) ..................................................................................................... 5

*Jazayerli v. Renaissance Hous. Corp.*,
  55 Va. Cir. 49 (2001) ............................................................................................................... 15

*Jien v. Perdue Farms, Inc.*,
  No. 1:19-CV-2521-SAG, 2020 WL 5544183 (D. Md. Sept. 16, 2020) ..................................... 8

*Klaiber v. Freemason Assocs., Inc.*,
  266 Va. 478 (2003) .................................................................................................................. 16

*Knouse v. Primecare Med. of W. Virginia*,
  333 F. Supp. 3d 584 (S.D.W. Va. 2018) ................................................................................... 7

*Microstrategy, Inc. v. Netsolve, Inc.*,
  368 F. Supp. 2d 533, 536 (E.D. Va. 2005) ............................................................. 9

*Mountaineer Motors of Lenoir, LLC v. Carvana, LLC*,
  No. 522CV00171KDBDCK, 2023 WL 6931787 (W.D.N.C. Oct. 19, 2023) .......................... 7

*OpenRisk, LLC, v. Microstrategy Servs. Corp.*,
  876 F.3d 518 (4th Cir. 2017) .......................................................................... 13

*Plusgrade L.P. v. Endava Inc.*,
  No. 1:21-CV-1530 (MKV), 2023 WL 2402879 (S.D.N.Y. Mar. 8, 2023) ............................. 7

*SD3, LLC v. Black & Decker (U.S.) Inc.*,
  801 F.3d 412 (4th Cir. 2015) ............................................................................ 8

*Sergent v. Early St. Properties*,
  56 Va. Cir. 168 (2001) ................................................................................... 16

*Sound & Color, LLC v. Smith*,
  No. 222CV01508ABASX, 2023 WL 2821881 (C.D. Cal. Feb. 28, 2023) .............................. 8

*Sunrise Continuing Care, LLC v. Wright*,
  277 Va. 148 (2009) ........................................................................................ 11

*Tessler v. NBC Universal, Inc.*,
  No. CIV.A 2:08CV234, 2009 WL 866834 (E.D. Va. Mar. 31, 2009), *aff'd sub nom.*,
  *Tessler v. Nat'l Broad. Co.*, 364 F. App'x 5 (4th Cir. 2010) ...................................... 11

*Ullah v. Linkenauger*,
  No. 120CV00634AJTJFA, 2020 WL 9459338 (E.D. Va. Oct. 2, 2020) ............................... 13

*United States ex rel. Berge v. Board of Trustees of the University of Alabama*,
  104 F.3d 1453 (4th Cir. 1996) .......................................................................... 13

*Verisign, Inc. v. XYZ.COM LLC*,
  848 F.3d 292 (4th Cir. 2017) ........................................................................... 14

*Walker v. Prince George's Cty., Md.*,
  575 F.3d 426 (4th Cir. 2009) ............................................................................. 6

*Wall & Assocs., Inc. v. Better Bus. Bureau of Cent. Virginia, Inc.*,
  685 F. App'x 277 (4th Cir. 2017) ................................................................... 14, 16

*Walters v. McMahen*, 684 F.3d 435 (4th Cir. 2012) .................................................. 6

*Wigand v. Costech Techs., Inc.*,

No. 3:07CV440-HEH, 2008 WL 65517 (E.D. Va. Jan. 4, 2008) ............................................ 13

*Wright v. Cap. One Bank (USA), N.A,*
    No. 121CV803PTGIDD, 2024 WL 920057 (E.D. Va. Mar. 4, 2024) ...................................... 12

*Young v. CitiMortgage, Inc.*,
    No. 5:12CV079, 2013 WL 3336750 (W.D. Va. July 2, 2013) .................................................. 12

**Statutes**

15 U.S.C. § 1125(a) ................................................................................................................... 1, 4

17 U.S.C. § 102 ............................................................................................................................ 13

17 U.S.C. § 103 ............................................................................................................................ 13

17 U.S.C. § 106 ......................................................................................................................... 9, 13

17 U.S.C. § 301(a) ....................................................................................................................... 13

Va. Code § 18.2-214, *et seq.* ...................................................................................................... 15

Va. Code § 18.2-216 ............................................................................................................. 1, 4, 15

Va. Code § 59.1-68.3 ................................................................................................................... 15

## I.    INTRODUCTION[1]

Defendant BrowserStack, Inc. ("Defendant" or "BrowserStack U.S.") brings this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to state a claim against it.  Plaintiff's improper group pleading lumps and conflates three different corporate entities to try to plead a legal claim against BrowserStack U.S., a Delaware corporation wholly owned by co-defendant BrowserStack Ltd. ("BrowserStack Ireland"). However, the Complaint is devoid of any factual allegations, specific or otherwise, sufficient to establish a viable claim or theory of liability against Defendant BrowserStack U.S. for copyright infringement, breach of contract, or false advertisement in violation of 15 U.S.C. § 1125(a) or Va. Code § 18.2-216.  The only non-conclusory allegations on which Plaintiff's claims are based relate to, at best, the alleged conduct of one or more current or former employees of defendant BrowserStack Software Pvt. Ltd. in India ("BrowserStack Software India"), a separate and distinct corporate entity wholly owned by the same parent company.

Thus, as currently pled, the Complaint is insufficient to state a claim against Defendant BrowserStack U.S.  No factual allegations make it plausible that any BrowserStack U.S. employee or agent copied or accessed any of Plaintiff's asserted copyrighted works or was involved in the development of any purported derivative work (or any BrowserStack product at all).  Additionally, no factual allegations make it plausible that any BrowserStack U.S. employee or agent entered any contract with Plaintiff (let alone breached any contract) or that any

---

[1] This lawsuit is not about vindicating Plaintiff's purported rights. Without any prior notice, Plaintiff launched this aggressive lawsuit against the three BrowserStack entities concurrently with a self-serving media and public relations campaign in an attempt to irreparably damage BrowserStack's reputation and scare off and drive away BrowserStack's customers, rather than fairly compete in the market. To date, Plaintiff has not even served or attempted to serve any of the other BrowserStack co-defendants.

1

BrowserStack U.S. employee or agent made any of the identified false or misleading statements. Moreover, even assuming *arguendo* that the Complaint sufficiently pleads a breach of contract claim against BrowserStack U.S. (though it does not), that claim would be preempted by the Copyright Act insofar as it is premised on any purported unauthorized copying of an asserted work or creation of derivative works.  Additionally, the false advertising claims fail because Plaintiff has not sufficiently alleged any actual loss or damages caused by the purported false or misleading statements.  Finally, the Complaint is devoid of any facts or theory of agency or liability whereby BrowserStack U.S. could be held liable for any purported acts attributable to either co-defendant BrowserStack Ireland or BrowserStack Software India.

For these reasons and those set forth herein, the Complaint as alleged against BrowserStack U.S. should be dismissed for failure to state a claim upon which relief may be granted.

## II.     RELEVANT ALLEGED FACTS[2]

Plaintiff Deque Systems Inc. ("Deque") is a web accessibility software and services company that helps businesses and organizations meet compliance goals and make the web accessible to all users. Complaint ("Compl.") ¶¶ 12, 13.  Deque offers accessibility testing software for web developers, including an "axe DevTools® browser extension" for Google Chrome (the "Axe DevTools® Chrome Extension") which comes in a free and Pro version.  *Id.* ¶¶ 15, 19.  Deque has also published "Rule Help Pages" (the "Rules Help Pages") to provide guidance for issues assessed through Deque's Intelligent Guide Testing which is incorporated within the Axe DevTools® Chrome Extension Pro version.  *Id.* ¶¶ 18, 19.  Prior to filing this action on February 13, 2024, Plaintiff purportedly registered copyrights for 16 different versions

---

[2] Unless otherwise stated, the facts as alleged in the Complaint are presumed true for purposes of this motion only.

of its Axe DevTools® Chrome Extension (versions 3.7.0 through 4.9.0), as well as "for the original version of its Rules Help Pages." *See id.* ¶¶ 30-32, Exs. D, E.[3]  The Axe DevTools® Chrome Extension is obtainable through the Chrome Web Store which purportedly includes a notice that its use is governed by a license agreement. *See id.* ¶ 21, Ex. A ("Free Version License").  A user purportedly must also agree to Deque's website terms of use prior to use of the Axe DevTools® Chrome Extension. *See id.* ¶ 22, Ex. B ("Website Terms of Use").  For the Pro version of Axe DevTools® Chrome Extension, a user purportedly must register and accept the terms of the Pro software license. *See id.* ¶ 26, Ex. C ("Pro Software License").

Defendant BrowserStack U.S. is a Delaware corporation with its principal place of business in Texas and is a wholly owned subsidiary of BrowserStack Ireland. *Id.* ¶¶ 3, 4.  BrowserStack Software India is an Indian private limited company with its principal office in Mumbai, India and is a separate entity and subsidiary also wholly owned by BrowserStack Ireland. *Id.* ¶¶ 4, 5.  Notably, Plaintiff alleges no relevant facts that specifically pertain to BrowserStack U.S.  Rather, Plaintiff, in conclusory fashion, sets forth the exact same factual allegations and claims collectively and indiscriminately against all three entities throughout its Complaint. *See id.* at opening paragraph (defining three co-defendants as "BrowserStack" or "Defendants"); *see generally id.* (referencing "Defendants" and "BrowserStack" throughout Complaint without any distinction between them).

Thus, in its Complaint, Plaintiff pleads identical factual allegations and four identical claims against all three defendants for copyright infringement, breach of contract, and false

---

[3] The 16 registrations reflect registration dates from November 30, 2023 through December 6, 2023 (*see id.* at Ex. D) with creation and/or publication dates from 2018 through 2021 (*see id.* ¶ 31).  The Rules Help Pages registration reflects an effective date of February 1, 2024 (*see id.* at Ex. E) with a creation and publication date from 2020 (*see id.* ¶ 32, Ex. E).  These 17 registered works are collectively hereinafter referred to as the "Asserted Works."

advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 and Section 18.2-216 of the Virginia Code.  *See, e.g.*, *id*. ¶¶ 1, 61-90.  To support these claims, Plaintiff alleges that "BrowserStack" markets and sells a browser extension for Chrome "'for testing the accessibility of your website or web application'" (the "BrowserStack Accessibility Toolkit") which was rolled out in May or June 2023.  *See id.* ¶¶ 34, 49.  The BrowserStack Accessibility Toolkit purportedly includes certain java script excerpts allegedly copied from version 4.9.0 of the Axe DevTools® Chrome Extension, as well as some text allegedly copied from the Rules Help Pages; on that basis, Plaintiff contends the BrowserStack Accessibility Toolkit is an unauthorized derivative work of Axe DevTools® Chrome Extension and Rules Help Pages.  *See id.* ¶¶ 34-39.

The Complaint also identifies ten individuals in India – consisting of product and engineering managers, engineers, and developers associated with BrowserStack Software India[4] – who had provided Deque their registration information (which Deque therefore would possess) and had agreed to Deque's Website Terms of Use and/or Pro Software License in order to use the Axe DevTools® Chrome Extension.  *See* Compl. ¶¶ 41-46.  Plaintiff alleges that one or more of these individuals worked on the development, creation, and deployment of the BrowserStack Accessibility Toolkit while being able to access the allegedly copied portions of the Axe DevTools® Chrome Extension 4.9.0 software code and Rules Help Pages (*see id.* ¶¶ 36-48).  Moreover, Plaintiff group pleads that Defendants falsely advertised that BrowserStack's

---

[4] *See, e.g.*, *id.* ¶¶ 42, 45 (listing employees' "apparent" job titles); *see also* https://in.linkedin.com/in/stebin-sunny-7b2a8158; https://in.linkedin.com/in/sonu-rana-87620814; https://in.linkedin.com/in/kush-shah-72256990; https://www.linkedin.com/in/ribinroy/; https://www.linkedin.com/in/sadaatmohammad-a8621b118/; https://www.linkedin.com/in/afficiona/; https://www.linkedin.com/in/abhijeetps/; https://www.linkedin.com/in/amar-ahuja-35b1921b0/; https://www.linkedin.com/in/manojgupta0105/; and https://www.linkedin.com/in/apurv-jain/; *see also* Compl. ¶ 49 (identifying product marketing manager also located in India); https://www.linkedin.com/in/ajainiitr/.

"Automatic Tests" are 5x faster and Deque's is "Slow & time-consuming," and that Deque's software "does not have a central dashboard" or "does not support" certain features. *See id.* ¶¶ 53-59. Plaintiff further asserts that by "advertising that BrowserStack is 5x faster than Deque," that Defendants "published a purported evaluation run" on the Axe DevTools® Chrome Extension in violation of the Pro Software License. *See id.* ¶¶ 71-72.

Tellingly, none of these factual allegations or asserted claims specifically concern BrowserStack U.S. *See generally id.* Moreover, nothing in the Complaint plausibly suggests that BrowserStack U.S. employs anyone in India; entered into any agreements with Deque; accessed, used, copied, incorporated, or distributed any of the Asserted Works; has had any role or involvement in the creation, development, or distribution of the BrowserStack Accessibility Toolkit (or *any* BrowserStack product at all); performed any evaluation or test of any Deque product; or had any involvement in the making or publishing of any advertisements. *See generally id.* There are also no allegations (conclusory or otherwise) that suggest or explain how BrowserStack U.S. could be liable for any alleged acts of any co-defendant.

## III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires plaintiff to demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Cumulus Inv., LLC v. Bernardi*, No. 120CV00298AJTIDD, 2022 WL 20043085, at *2 (E.D. Va. July 21, 2022), citing *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). The general pleading standard requires that the complaint contain a short and plain statement of the claim showing that the

pleader is entitled to relief and that gives the defendant fair notice of what the claim is and the ground upon which it rests.  *See id*. (quotations and citations omitted).  But that "'plain statement' must 'possess enough heft'—that is, 'factual matter'—to set forth grounds for the plaintiff's entitlement to relief 'that is plausible on its face.'"  *Id.*, citing *Twombly*, 550 U.S. at 557, 570.  "The complaint must contain sufficient factual allegations that, taken as true, 'raise a right to relief above the speculative level' and 'across the line from conceivable to plausible.'"  *Id.*, citing *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).

"Put another way, the facial plausibility standard requires pleading of factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (internal quotations and citation omitted).  A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice.  *See id.*, citing *Iqbal*, 556 U.S. at 678 (internal quotations omitted).  "Thus, the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.* at *3, citing *Walker v. Prince George's Cty., Md.*, 575 F.3d 426, 431 (4th Cir. 2009) (citations omitted) and *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  "Accordingly, in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient non-conclusory factual allegations to support reasonable inferences of the plaintiff's entitlement to relief and the defendant's liability for the unlawful act or omission alleged."  *Id.* (citation omitted).

## IV.     ARGUMENT

### A.     Plaintiff's Improper Group Pleading Is Insufficient to State a Claim Against Defendant BrowserStack U.S.

As an initial matter, the Complaint against BrowserStack U.S. should be dismissed due to the general and conclusory manner by which Plaintiff collectively pleads identical factual allegations and claims against all three defendants.  By indiscriminately grouping all three defendants together throughout the Complaint, Plaintiff makes it impossible to ascertain the factual or legal basis, or theory of liability, on which each of its claims is founded and being asserted against which defendant(s).  *See, e.g.*, *Ball v. Takeda Pharms. Am., Inc*., 963 F. Supp. 2d 497, 503 n.4 (E.D. Va. 2013) (plaintiff "must identify with particularity, each individual defendant's culpable conduct; defendants cannot be grouped together without specification of which defendant committed which wrong") (internal quotations and citations omitted); *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 455 (D. Md. 2005) (granting motion to dismiss where plaintiff failed "to delineate the particular acts of infringement attributable to each Defendant" and thus did "not provide facts sufficient to inform [Defendant] of the basis for [Plaintiff's] claims"), citing *Appalachian Enterps., Inc. v. Epayment Sols. Ltd*., No. 01CV11502 (GBD), 2004 WL 2813121, at *6 (S.D.N.Y. Dec. 8, 2004); *Mountaineer Motors of Lenoir, LLC v. Carvana, LLC*, No. 522CV00171KDBDCK, 2023 WL 6931787, at *5 (W.D.N.C. Oct. 19, 2023) (citation omitted); *Knouse v. Primecare Med. of W. Virginia*, 333 F. Supp. 3d 584, 592 (S.D.W. Va. 2018) (granting motion to dismiss where complaint made allegations against defendants in the "plural sense" without distinguishing defendants' conduct within scope of asserted claims) (citation omitted); *see also Plusgrade L.P. v. Endava Inc*., No. 1:21-CV-1530 (MKV), 2023 WL 2402879, at *3 (S.D.N.Y. Mar. 8, 2023), citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("A complaint fails to give fair notice when

it 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct.'") (internal quotations and citation omitted); *see also Sound & Color, LLC v. Smith*, No. 222CV01508ABASX, 2023 WL 2821881, at *16 (C.D. Cal. Feb. 28, 2023) ("Plaintiff asserts all three of its claims against all defendants and alleges that all defendants engaged in the same broad conduct, without providing sufficient non-conclusory facts that would assist each defendant is deciphering what grounds Plaintiff is basing its claims against them.") (granting motion to dismiss contributory and vicarious copyright infringement claims).

The Complaint merely alleges the existence of a corporate relationship between the defendants and includes no allegations of agency, no reason to disregard their separate corporate formalities, and no liability theory by which one could be held liable for acts of another.  *See* Part II *supra*.  Without more, Plaintiff fails to adequately state a claim against BrowserStack U.S.  *See, e.g.*, *Ball*, 963 F. Supp. 2d at 503 (under corporate law "the legal rights of parent and subsidiary corporations are separate" and allegations that defendants "may be subsidiaries" "does not provide a sufficient factual basis for their inclusion in this lawsuit"); *Jien v. Perdue Farms, Inc*., No. 1:19-CV-2521-SAG, 2020 WL 5544183, at *4 (D. Md. Sept. 16, 2020) ("Fourth Circuit case law holds that a complaint cannot rely on 'indeterminate assertions against all defendants,' a fact that holds true even when some of those defendants are corporate subsidiaries or affiliates of one another."), citing *SD3, LLC v. Black & Decker (U.S.) Inc*., 801 F.3d 412, 423 (4th Cir. 2015).

The Complaint, as pled, also does not provide BrowserStack U.S. adequate notice of the claims being asserted against it.  For example, BrowserStack cannot ascertain which, if any, of the enumerated exclusive rights under copyright law it purportedly violates and how, nor whether Deque contends that any of its employees copied any of the Asserted Works. BrowserStack U.S. also cannot determine which contract(s) Deque claims BrowserStack U.S.

entered or is otherwise bound by, nor what alleged facts give rise to BrowserStack U.S.'s purported breach.  BrowserStack U.S. also cannot determine any factual or legal basis by which Plaintiff contends BrowserStack U.S. is liable for the alleged false advertisement.

Plaintiff's conclusory shotgun group pleading approach impermissibly accuses all three entities of engaging in the exact same alleged misconduct and does not provide sufficient notice to BrowserStack U.S. of the particular factual or legal grounds upon which Plaintiff is basing its claims against it.  Accordingly, BrowserStack U.S.'s motion to dismiss the Complaint should be granted on this basis alone.

> **B.  The Complaint Fails to State a Claim of Copyright Infringement Against Defendant BrowserStack U.S.**

However, even if the Court were to consider Plaintiff's improper group pleading, the non-conclusory facts alleged in the Complaint are insufficient to state a plausible copyright infringement claim against BrowserStack U.S.

To assert a copyright infringement claim, "a plaintiff must show (1) ownership of a valid copyright and (2) that the defendant copied original elements of the copyrighted work or encroached upon an exclusive right conferred by the copyright."  *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 536 (E.D. Va. 2005) (citation omitted).  The exclusive rights conferred by a copyright include the rights to:  "reproduce the copyrighted work in copies or phonorecords," "prepare derivative works based upon the copyrighted work," and "distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(1)-(3).

Plaintiff's Complaint is deficient because no alleged facts plausibly suggest that BrowserStack U.S. copied any part of any Asserted Work[5] or otherwise violated any of these enumerated exclusive rights.  No BrowserStack U.S. employee, agent, or representative is alleged to have accessed or copied any code or Rules Help Page excerpts from the Asserted Works, and no BrowserStack U.S. employee, agent, or representative is alleged to have reproduced any Asserted Work, prepared any derivative work based upon any Asserted Work, or distributed copies of the Asserted Works to the public by sale or otherwise.  In fact, no BrowserStack U.S. employee, agent, or representative is identified anywhere in the Complaint. *See generally* Compl.  Furthermore, the Complaint asserts no theory of secondary liability for copyright infringement against any defendant nor any other theory of liability or agency through which BrowserStack U.S. could otherwise be held liable for any purported acts by BrowserStack Software India.  As alleged, no facts make it plausible that BrowserStack U.S. engaged in any infringing activity and the claim for copyright infringement should be dismissed.

### C.    Plaintiff Fails to State a Claim for Breach of Contract Against Defendant BrowserStack U.S.

Plaintiff's second claim for breach of contract also should be dismissed pursuant to Rule 12(b)(6).  First, Plaintiff does not sufficiently allege the requisite elements of a breach of contract claim against BrowserStack U.S.  No allegations reflect that BrowserStack U.S. entered into the

---

[5] Although Plaintiff identifies 16 copyright registrations for the different versions of the Axe DevTools® Chrome Extension, the only text allegedly copied is from version 4.9.0.  *See* Compl. ¶¶ 36, 37 (referencing only "Deque 4.9.0").  The Complaint makes no reference or allegations concerning what, if anything, may have been copied from any other version of the Axe DevTools® Chrome Extension.

Pro Software License⁶ agreement (or any other agreement) with Plaintiff.  Moreover, no

allegations reflect that BrowserStack U.S. engaged in the specified conduct constituting the

alleged breach.  Second, even if this claim were adequately pled (though it is not), it is

preempted by the Copyright Act insofar as it is based on any alleged copying of any Asserted

Work or creation of any derivative work.

### 1.    Plaintiff Fails to Sufficiently Plead the Elements of a Breach of Contract Claim Against Defendant BrowserStack U.S.

The breach of contract claim should be dismissed because Plaintiff does not adequately

plead a breach of contract claim against BrowserStack U.S.  The elements to plead a cause of

action for breach of contract are: (1) formation of a contract between plaintiff and defendant; (2)

performance by plaintiff; (3) defendant's failure to perform; and (4) resulting damage.  *See, e.g.,*

*Tessler v. NBC Universal, Inc*., No. CIV.A 2:08CV234, 2009 WL 866834, at *6 (E.D. Va. Mar.

31, 2009), *aff'd sub nom.*, *Tessler v. Nat'l Broad. Co*., 364 F. App'x 5 (4th Cir. 2010), citing,

*inter alia*, *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148 (2009).  The complaint must set

forth the provisions of the contract and the terms of agreement upon which liability is predicated,

either by express reference or by attaching a copy of the contract.  *Id.*

Here, the breach of contract claim fails for the simple reason that the Complaint fails to

allege the existence of a contract between Plaintiff and BrowserStack U.S.  No BrowserStack

U.S. employee, agent, or representative is identified anywhere in the Complaint and no

BrowserStack U.S. employee, agent, or representative is alleged to have agreed to the Pro

---

⁶ Although the Complaint appears to reference three different agreements (*see, e.g.*, Compl. ¶¶ 21, 22, 26; *id.* at Exs. A-C), the only agreement alleged as breached by "Defendants" is the Pro Software License. *See id.* ¶¶ 69-72.  However, insofar as Plaintiff will contend any other agreement has been breached, the arguments warranting dismissal as set forth in this memorandum equally apply.

License Agreement or any other agreement with Plaintiff.  *See generally* Compl.  The absence of any agreement between Plaintiff and BrowserStack U.S. is fatal to Plaintiff's breach of contract claim against BrowserStack U.S.  *See, e.g.*, *Baudean v. Pearson Educ., Inc*., No. 3:14CV685, 2015 WL 3651199, at *6 (E.D. Va. June 11, 2015) (dismissing breach of contract claim where complaint "lack[ed] factual allegations to plausibly demonstrate the existence of a legally enforceable obligation" on the part of defendant to plaintiff).

The breach of contract claim also independently fails because the Complaint fails to allege the essential element of breach by BrowserStack U.S.  Again, no BrowserStack U.S. employee, agent, or representative is identified anywhere in the Complaint, and no BrowserStack U.S. employee, agent, or representative is alleged to have engaged in any conduct alleged as constituting the purported breach – *i.e*., the creation of any "derivative works" of the Axe DevTools® Chrome Extension (Compl. ¶ 69), incorporating or copying "portions of it into BrowserStack's Accessibility Toolkit" (*id.* ¶ 70); or publishing "the results of any benchmark tests or other evaluation" (*id.* ¶ 71).  The absence of any factual allegations plausibly suggesting any breach by BrowserStack U.S. of any contractual obligation also warrants dismissal of Plaintiff's breach of contract claim.  *See, e.g*., *Wright v. Cap. One Bank (USA), N.A*, No. 121CV803PTGIDD, 2024 WL 920057, at *6 (E.D. Va. Mar. 4, 2024) (dismissing breach of contract claim where plaintiff, *inter alia*, failed to plausibly allege facts sufficient to state breach by defendants of contractual duty owed to plaintiff); *Young v. CitiMortgage, Inc*., No. 5:12CV079, 2013 WL 3336750, at *7 (W.D. Va. July 2, 2013) (citation omitted).

### 2.    Plaintiff's Breach of Contract Claim is Also Preempted

Additionally, Plaintiff's breach of contract claim is preempted by the Copyright Act insofar as it is premised on any alleged copying of or preparation of derivative works from the

Axe DevTools® Chrome Extension.  The Copyright Act preempts all state law rights that are equivalent to rights under federal copyright law.  *See* 17 U.S.C. § 301(a); *OpenRisk, LLC, v. Microstrategy Servs. Corp.*, 876 F.3d 518, 523 (4th Cir. 2017) ("Federal Copyright Act preemption is broad and absolute.") (internal quotation and citation omitted); *see also Ullah v. Linkenauger*, No. 120CV00634AJTJFA, 2020 WL 9459338, at *7 (E.D. Va. Oct. 2, 2020).  A two-part inquiry determines whether the Copyright Act preempts a state law claim: (1) whether the work is within the scope of the subject matter of copyright as specified in 17 U.S.C. §§ 102, 103; and (2) whether the rights granted under the state law are "equivalent to" those protected by federal copyright.  *See OpenRisk*, 876 F.3d at 523, citing *United States ex rel. Berge v. Board of Trustees of the University of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1996).

Here, both prongs of the test are squarely met.  The work at issue and governed by the Pro Software License – *i.e.*, the Axe DevTools® Chrome Extension – is the same work that is the subject matter of Deque's copyright infringement claim.  *See* Compl. ¶ 69, Ex. C.  Moreover, the contractual rights that Plaintiff seeks to protect through its breach of contract claim – *i.e.*, the unauthorized preparation of "derivative" works or "incorporation" or "copying" of the software (*see, e.g.*, *id.* ¶¶ 28, 39, 69, 70) – are "precisely equivalent" to the exclusive rights protected by the Copyright Act, *see* 17 U.S.C. § 106(1)-(3), and are therefore preempted as a matter of law.  *OpenRisk*, 876 F.3d at 524; *see also Wigand v. Costech Techs., Inc.*, No. 3:07CV440-HEH, 2008 WL 65517, at *8, *10 (E.D. Va. Jan. 4, 2008) ("[A] plaintiff cannot prevail on a state law claim if that claim boils down to nothing more than an assertion that the defendant copied plaintiff's copyrighted materials.") (finding preemption by copyright law and dismissing breach of contract claim).  Accordingly, the breach of contract claim should be dismissed insofar as it is based on any alleged copying of or preparation of derivative works from the Asserted Works.

### D. Plaintiff Fails to State a False Advertising Claim Against Defendant BrowserStack U.S.

Plaintiff's claims for false advertising in violation of both Section 43(a) of the Lanham Act and Va. Code § 18.2-216 are also insufficiently pled and should be dismissed. *See* Compl. ¶¶ 75-90. To state a claim a claim for false advertising under Section 43(a) of the Lanham Act, a plaintiff must establish each of five elements, showing that:

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product;

> (2) the misrepresentation is material, in that it is likely to influence the purchasing decision;

> (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience;

> (4) the defendant placed the false or misleading statement in interstate commerce; and

> (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

*See Wall & Assocs., Inc. v. Better Bus. Bureau of Cent. Virginia, Inc.*, 685 F. App'x 277, 278 (4th Cir. 2017), citing *Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 298-99 (4th Cir. 2017). "Failure to establish any one of these five elements is fatal to a plaintiff's claim." *See id.*, citing *Verisign*, 848 F.3d at 299 (internal quotations omitted). A plaintiff must show not only false or misleading advertising, but that such statement caused it actual damages. *See id.*, citing *Verisign*, 848 F.3d at 299.

14

Section 18.2-216 of the Virginia Code is a penal statute that criminalizes[7] "[u]ntrue, deceptive or misleading advertising, inducements, writings or documents."[8]  Va. Code § 18.2-216.  Section 59.1-68.3 of the Virginia Code provides a cause of action for damages only to a person "who suffers a loss as a result of a violation" of Va. Code § 18.2-214, *et seq*.  *See* Va. Code § 59.1-68.3.

Here, the false advertising claims should be dismissed against BrowserStack U.S. because, like the copyright infringement and breach of contract claims, they are improperly group pled against all defendants without any particularized allegations regarding BrowserStack U.S.  *See* Part IV.A *supra*.  Additionally, none of the allegations shed any light as to whether any BrowserStack U.S. employee, agent, or representative had any role whatsoever in the making of the alleged false advertisement or the placing of it in on the BrowserStack website or otherwise in interstate commerce.  Nor does the Complaint articulate any theory whatsoever by which the separate BrowserStack U.S. entity, may be held liable for any such acts of BrowserStack Ireland or BrowserStack Software India.

Additionally, both claims should be dismissed because Plaintiff has not sufficiently pled any facts showing any actual loss directly caused by the alleged false advertisement.  Indeed, all

---

[7] Because it is a penal statute, Va. Code § 18.2-216 "must be construed strictly."  *Jazayerli v. Renaissance Hous. Corp.*, 55 Va. Cir. 49 (2001).

[8] Va. Code § 18.2-216 states, in relevant part:

> Any person…who, with intent to sell…to the public for sale or distribution or with intent to increase the consumption thereof…makes, publishes, disseminates, circulates or places before the public, or causes, directly or indirectly to be made, published, disseminated, circulated or placed before the public…an advertisement of any sort regarding merchandise, securities, service, land, lot or anything so offered to the public, which advertisement contains any promise, assertion, representation or statement of fact which is untrue, deceptive or misleading, or uses any other method, device or practice which is fraudulent, deceptive or misleading to induce the public to enter into any obligation, shall be guilty of a Class 1 misdemeanor.

of Plaintiff's alleged damages or loss are either conclusory or speculatively prospective. *See, e.g.*, Compl. ¶¶ 59, 78-81, 87-88. Plaintiff fails to allege "a single consumer who withheld or cancelled business with it," or any "particular quantum of diverted sales or loss of goodwill and reputation resulting directly from reliance on any false or misleading representations." *Wall & Assocs.*, 685 F. App'x at 278 (affirming dismissal of false advertising claim under the Lanham Act for plaintiff's failure to sufficiently allege proximate cause); *see also Church Ekklasia Sozo Inc. v. CVS Health Corp.*, No. 320CV00382RJCDSC, 2022 WL 1572732, at *9 (W.D.N.C. Feb. 25, 2022); *Sergent v. Early St. Properties*, 56 Va. Cir. 168 (2001) (finding plaintiffs did not sufficiently allege causally connect allegations of false advertising to their damages to state claim for false advertising under Virginia law) (internal quotations omitted). Given the absence of such factual allegations, Plaintiff fails to plead the necessary proximate cause between any alleged injury and the allegedly violative conduct to support its Lanham Act claim (*see Wall & Assocs.*, 685 F. App'x at 278) and fails to plead the loss required for its Virginia state law claim (*see Klaiber v. Freemason Assocs., Inc.*, 266 Va. 478, 487 (2003) (Virginia statute by "its express terms requires" that plaintiff must suffer loss to recover damages "either actual or in the statutory de minimis amount") (internal quotations omitted)). Accordingly, Plaintiff's false advertising claims against BrowserStack U.S. should also be dismissed.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Complaint does not allege a plausible claim for relief against BrowserStack U.S. Defendant BrowserStack U.S therefore respectfully requests that the Court grant its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:  April 8, 2024.                      Respectfully submitted,

                                            /s/ *Belinda D. Jones*
                                            Belinda D. Jones (VSB No. 72169)
                                            bjones@cblaw.com
                                            Roman Lifson (VSB No. 43714)
                                            rlifson@cblaw.com
                                            Christian & Barton, L.L.P.
                                            901 East Cary Street, Suite 1800
                                            Richmond, Virginia 23219-3095
                                            Tel.:   (804) 697-4100
                                            Fax:   (804) 697-4112


                                            /s/ *Ryan J. Marton*
                                            Ryan J. Marton (*pro hac vice* application
                                            forthcoming)
                                            Songmee L. Connolly (*pro hac vice* application
                                            forthcoming)
                                            Phillip J. Haack (*pro hac vice* application
                                            forthcoming)
                                            MARTON RIBERA SCHUMANN & CHANG
                                            LLP
                                            548 Market Street, Suite 36117
                                            San Francisco, CA 94104
                                            Telephone: (415) 360-2515
                                            Email:   ryan@martonribera.com
                                                     songmee@martonribera.com
                                                     phaack@martonribera.com

                                            *Attorneys for Defendant BrowserStack, Inc.*

17

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 8, 2024, I filed a copy of the foregoing with the Clerk of Court

using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of

record.

/s/ Belinda D. Jones
Counsel

*Attorneys for Defendant BrowserStack, Inc.*