# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

**DEQUE SYSTEMS INC.,**

      **Plaintiff,**

v.

**BROWSERSTACK INC.,
BROWSERSTACK LIMITED, and
BROWSERSTACK SOFTWARE PVT.
LTD.,**

      **Defendants.**

Case No.: 1:24-CV-00217-AJT-WEF

## PROPOSED JOINT DISCOVERY PLAN[1]

Pursuant to the Court's April 9, 2024 Order (Doc. 22), Plaintiff Deque Systems Inc. ("Plaintiff") and Defendant BrowserStack Inc. ("Defendant"), by counsel, respectfully submit this Proposed Joint Discovery Plan. The parties and their counsel also request that the Pretrial Conference scheduled for May 1, 2024 at 11:00 a.m. be cancelled or, alternatively, that the Pretrial Conference be held by telephone.

    **1.**    **Meeting of the Parties**

Pursuant to the Court's Order, Federal Rule of Civil Procedure 26(f), and Local Civil Rules 16 and 26, Charles Chotvacs, Steven Zeller, and Ryan Borelo, counsel for Plaintiff, and Belinda Jones, Phil Haack, Ryan Marton, and Songmee Connolly, counsel for Defendant, conferred and have agreed to the contents of the following Joint Discovery Plan.

---

[1] We call the Court's attention to Section 5 below and the parties' anticipated joint motion for extension of the discovery and pre-trial schedule. The dates set forth in Sections 3, 4, and 6 for Initial Disclosures, Discovery Plan, and Dispositive Motions are based on the Court's Order dated April 9, 2024 (Doc. 22), which sets a discovery deadline of August 9, 2024 and a final pretrial conference of August 15, 2024. If granted, the contemplated joint motion for extension would extend all such discovery and pre-trial deadlines by two months.

2. **Settlement Discussions**

The parties have not had any substantive settlement discussions.

3. **Initial Disclosures**

The parties agree to serve their initial disclosures and, if appropriate, documents required by Federal Rule of Civil Procedure 26(a)(1) on or before **May 10, 2024**.

4. **Discovery Plan**

The parties proposed the following discovery plan:

(a) **Subjects**:  The scope of discovery will be limited to those topics permissible under Federal Rule of Civil Procedure 26(b). Discovery will be necessary on all allegations and claims in the Complaint. Discovery shall not be conducted in phases or be limited to or focused on any particular issues.

(b) **Discovery Issues**:  The parties agree that any Scheduling and Pre-Trial Order entered by the Court shall govern all discovery issues, including expert disclosures and dispositive motions, unless otherwise agreed to in this Joint Discovery Plan.

(c) **Interrogatories**:  A party shall not serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of Court.

(d) **Depositions**: A party may not exceed five (5) non-party, non-expert witness depositions without leave of Court. The seven (7) hour limit on the duration of each deposition as set forth in Federal Rule of Civil Procedure 30(b)(1) shall apply unless authorized by the Court or stipulated to by the parties. The parties agree that they will confer regarding dates and make reasonable efforts to agree on dates and locations for any depositions convenient to the deponent, counsel, and the parties.

(e) **Experts**: Plaintiff shall serve its expert disclosures required by Federal Rule of Civil Procedure 26(a)(2), if any, on or by **June 7, 2024.** Defendant shall serve its Rule 26(a)(2)

expert disclosures, if any, on or by **July 8, 2024**. Rebuttal expert disclosures, if any, pursuant to the same Rules, shall be served on or by **July 23, 2024.**

**(f)** **Subpoenas**: The parties expressly reserve their rights to conduct additional discovery through the use of subpoenas pursuant to Federal Rule of Civil Procedure 45. The parties agree that if any documents are received from third parties, pursuant to subpoena or FOIA request(s), that are relevant to this case, the receiving party shall alert the remaining parties to the receipt of such documents within five (5) business days of receipt and shall make the received documents available for inspection and copying.

**(g)** **Completion of Discovery**: Any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on **August 9, 2024**, pursuant to the Court's Order dated April 9, 2024 (Doc. 22).

**5.** **Waiver of Service on other Defendants**

Defendants BrowserStack Ltd. ("BrowserStack Ireland") and BrowserStack Software Pvt. Ltd. ("BrowserStack India") are organized under the laws of and headquartered in Ireland and India, respectively. Plaintiff previously took steps to initiate service on BrowserStack Ireland's registered agent, and both sent a waiver of service to BrowserStack India and initiated the steps of serving the entity pursuant to the Hague Convention. On April 24, 2024, following discussions at the parties' Rule 26(f) conference, BrowserStack Ireland and BrowserStack India agreed to waive service in exchange for a two-month extension of the discovery and pretrial schedule. To that end, the parties will be filing in short order a joint motion to extend by two months the deadlines set forth in the Court's Order dated April 9, 2024 (Doc. 22) as well as the accompanying dates set forth in this proposed joint discovery plan, which will permit the litigation to timely move forward with all necessary parties in this action and conserve judicial resources.

**6.      Dispositive Motions**

The parties shall file any dispositive motions by August 12, 2024, which shall be briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1).

**7.      Final Pretrial Conference**

The Final Pretrial Conference shall be held telephonically on **August 15, 2024 at 10:00 a.m.**, pursuant to the Court's Order dated April 9, 2024 (Doc. 22). Each party shall be represented at the Final Pretrial Conference by at least one attorney who will try the case. Additionally, on or before the Final Pretrial Conference, the parties must electronically file (a) Rule 26(a)(3) disclosures; (b) a list of the exhibits to be used at trial; (c) a list of the witnesses to be called at trial; and (d) a written stipulation of uncontested facts. Objections to exhibits must be filed within ten (10) days after the Final Pretrial Conference; otherwise, the exhibits shall stand admitted in evidence. The original exhibits shall be delivered to the clerk as provided by Local Rule 79(A). Non-expert witnesses and exhibits not so disclosed and listed will not be permitted at trial except for impeachment or rebuttal, and no person may testify whose identity, being subject to disclosure or timely requested in discovery, was not disclosed in time to be deposed or to permit the substance of their knowledge and opinions to be ascertained.

**8.      Electronically Stored Information (ESI)**

The parties will abide by the Proposed Order Establishing ESI Protocol attached to this plan as Exhibit A.

**9.      Protective Order**

In the event that responsive discovery in this case may contain confidential and protected information that requires a protective order, the parties will confer and attempt to resolve the issue, and if necessary, the parties will submit a Proposed or Stipulated Protective Order for the

Court's consideration. The parties will seek Court intervention only if they are unable to reasonably agree on the contents of such Protective Order.

### 10. Privilege Log

The parties have agreed it will not be necessary to log documents prepared by or sent to or from their outside legal counsel or their in-house legal department attorneys with regard to this matter and its underlying claims after the date of filing of the complaint in this matter. The parties further agree that there is no need to provide a log or list of documents produced in redacted form, so long as the redactions are clearly marked on the documents as redactions and the sender/recipient(s), date, subject matter, and basis for redaction are clear from the document.

Except as provided above, the parties agree a party that fully withholds any other ESI or documents on privilege ground shall provide a listing of each document or document family in a native Excel (.xls/.xlsx) spreadsheet format providing the information extracted from the following objective metadata fields: document date, author(s), recipient(s) (including all addressees, ccs, and bccs), and file type. Parties shall also indicate for each entry on the list the nature of the privilege and/or protection being asserted, the lawyers involved, and brief description of the document or ESI being withheld. Such logs will be produced as soon as reasonably practicable in connection with their production of documents, but in no event later than thirty (30) days following production of documents and prior to the August 9, 2024 close of discovery.

### 11. Trial Before Magistrate Judge

The parties do not consent to trial before a Magistrate Judge.

### 12. Inadvertent Disclosure of Privileged Information

The parties agree that the inadvertent production of privileged or protected information will not waive the privilege or protection, and that a party receiving such inadvertently produced

privileged or protected information must immediately return the information without reviewing, copying or otherwise using the information. Furthermore, the inadvertent production of documents or information which the producing party contends is privileged or protected shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

13. **Service**

The parties agree that they may serve all pleadings (other than initial service) and discovery in this case by e-mail, and the parties hereby agree that service will be accepted by e-mail. If pleadings or discovery are served by e-mail, the originals need not follow by mail. For all motions and other Court filings, the parties will serve each other in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules, including rules for calculating due dates for responses. The Parties will not file disclosures under Federal Rule of Civil Procedure 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and responses thereto, except on order of the Court, or for use in a motion or at trial.

14. **Waiver of Rule 16(b) Pretrial Conference**

Because the parties are in agreement on the Joint Proposed Discovery Plan, the parties, through counsel, jointly request that the Rule 16(b) Initial Pretrial Conference scheduled for May 1, 2024 at 11:00 a.m. be cancelled or, alternatively, that the Pretrial Conference be held by telephone.[2]

---

[2] Lead trial counsel for Plaintiff and Defendant, who will be attending the Pretrial Conference along with local counsel, are located in Chicago and San Francisco, respectively.

Dated: April 24, 2024                                  Respectfully submitted,

| /s/ Charles W. Chotvacs | /s/ Belinda D. Jones |
|---|---|
| Charles W. Chotvacs (VSB No. 70045) | Belinda D. Jones (VSB No. 72169) |
| DYKEMA GOSSETT PLLC | CHRISTIAN & BARTON, L.L.P. |
| 1301 K Street N.W., Suite 1100W | 901 East Cary Street, Suite 1800 |
| Washington, D.C. 20005 | Richmond, Virginia 23219-3095 |
| Telephone: (202) 906-8619 | Telephone: (804) 697-4100 |
| Facsimile: (888) 813-2443 | Facsimile: (804) 697-4112 |
| cchotvacs@dykema.com | bjones@cblaw.com |
| | |
| Steven McMahon Zeller (*pro hac vice*) | Ryan J. Marton (*pro hac vice*) |
| 10 South Wacker Drive, Suite 2300 | Songmee L. Connolly (*pro hac vice*) |
| Chicago, Illinois 60606 | Phillip J. Haack (*pro hac vice*) |
| Telephone: (312) 876-1700 | MARTON RIBERA SCHUMANN & CHANG LLP |
| Facsimile: (312) 876-1155 | 548 Market Street, Suite 36117 |
| szeller@dykema.com | San Francisco, CA 94104 |
| | Telephone: (415) 360-2515 |
| J. Daniel Harkins (*pro hac vice*) | ryan@martonribera.com |
| Ryan D. Borelo (*pro hac vice*) | songmee@martonribera.com |
| 112 East Pecan Street, Suite 1800 | phaack@martonribera.com |
| San Antonio, Texas 78205 | |
| Telephone: (210) 554-5500 | *Attorneys for Defendant* |
| Facsimile: (210) 226-8395 | *BrowserStack, Inc.* |
| dharkins@dykema.com | |
| rborelo@dykema.com | |
| | |
| *Attorneys for Plaintiff* | |
| *Deque Systems Inc.* | |