UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DEQUE SYSTEMS INC.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**BROWSERSTACK INC., BROWSERSTACK LIMITED, and BROWSERSTACK SOFTWARE PVT. LTD.,**<br><br>        **Defendants.** | **Case No.: 1:24-CV-00217-AJT-WEF** |

**REVISED PROPOSED JOINT DISCOVERY PLAN**

Pursuant to the Court's April 9, 2024 Order (Doc. 22), Plaintiff Deque Systems Inc. ("Plaintiff") and Defendants BrowserStack Inc. ("BrowserStack US"), BrowserStack Ltd. ("BrowserStack Ireland"), and BrowserStack Software Pvt. Ltd. ("BrowserStack India," collectively, "Defendants"), by counsel, respectfully submit this Revised Proposed Joint Discovery Plan. The parties and their counsel also request that the Pretrial Conference scheduled for May 1, 2024 at 11:00 a.m. be cancelled or, alternatively, that the Pretrial Conference be held by telephone.

1. **Meeting of the Parties**

Pursuant to the Court's Order, Federal Rule of Civil Procedure 26(f), and Local Civil Rules 16 and 26, Charles Chotvacs, Steven Zeller, and Ryan Borelo, counsel for Plaintiff, and Belinda Jones, Phil Haack, Ryan Marton, and Songmee Connolly, counsel for Defendants, conferred and have agreed to the contents of the following Joint Discovery Plan.

2. **Settlement Discussions**

The parties have not had any substantive settlement discussions.

**3.     Service Upon and Deadline for BrowserStack Ireland and BrowserStack India to Respond to Complaint**

Defendants BrowserStack Ireland and BrowserStack India have agreed to waive service of Plaintiff's complaint and to answer or otherwise respond to the complaint on or before **May 15, 2024**.

**4.     Initial Disclosures**

The parties agree to serve their initial disclosures and, if appropriate, documents required by Federal Rule of Civil Procedure 26(a)(1) on or before **June 7, 2024**.

**5.     Discovery Plan**

The parties proposed the following discovery plan:

**(a)**  **Subjects**:  The scope of discovery will be limited to those topics permissible under Federal Rule of Civil Procedure 26(b). Discovery will be necessary on all allegations and claims in the Complaint. Discovery shall not be conducted in phases or be limited to or focused on any particular issues.

**(b)**  **Discovery Issues**:  The parties agree that any Scheduling and Pre-Trial Order entered by the Court shall govern all discovery issues, including expert disclosures and dispositive motions, unless otherwise agreed to in this Joint Discovery Plan.

**(c)**  **Interrogatories**:  A party shall not serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of Court.

**(d)**  **Depositions**: A party may not exceed five (5) non-party, non-expert witness depositions without leave of Court. The seven (7) hour limit on the duration of each deposition as set forth in Federal Rule of Civil Procedure 30(b)(1) shall apply unless authorized by the Court or stipulated to by the parties. The parties

agree that they will confer regarding dates and make reasonable efforts to agree on dates and locations for any depositions convenient to the deponent, counsel, and the parties.

**(e)** **Experts**: Plaintiff shall serve its expert disclosures required by Federal Rule of Civil Procedure 26(a)(2), if any, on or by **August 9, 2024.** Defendants shall serve their Rule 26(a)(2) expert disclosures, if any, on or by **September 9, 2024**. Rebuttal expert disclosures, if any, pursuant to the same Rules, shall be served on or by **September 24, 2024.**

**(f)** **Subpoenas**: The parties expressly reserve their rights to conduct additional discovery through the use of subpoenas pursuant to Federal Rule of Civil Procedure 45. The parties agree that if any documents are received from third parties, pursuant to subpoena or FOIA request(s), that are relevant to this case, the receiving party shall alert the remaining parties to the receipt of such documents within five (5) business days of receipt and shall make the received documents available for inspection and copying.

**(g)** **Completion of Discovery**:  Any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on **October 11, 2024**.

6. **Dispositive Motions**

The parties shall file any dispositive motions by **October 14, 2024**, which shall be briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1).

7. **Final Pretrial Conference**

The Final Pretrial Conference shall be held telephonically on **October 17, 2024 at 10:00 a.m.** Each party shall be represented at the Final Pretrial Conference by at least one

3

attorney who will try the case. Additionally, on or before the Final Pretrial Conference, the parties must electronically file (a) Rule 26(a)(3) disclosures; (b) a list of the exhibits to be used at trial; (c) a list of the witnesses to be called at trial; and (d) a written stipulation of uncontested facts. Objections to exhibits must be filed within ten (10) days after the Final Pretrial Conference; otherwise, the exhibits shall stand admitted in evidence. The original exhibits shall be delivered to the clerk as provided by Local Rule 79(A). Non-expert witnesses and exhibits not so disclosed and listed will not be permitted at trial except for impeachment or rebuttal, and no person may testify whose identity, being subject to disclosure or timely requested in discovery, was not disclosed in time to be deposed or to permit the substance of their knowledge and opinions to be ascertained.

8. **Electronically Stored Information (ESI)**

The parties will abide by the Proposed Order Establishing ESI Protocol attached to this plan as Exhibit A.

9. **Protective Order**

In the event that responsive discovery in this case may contain confidential and protected information that requires a protective order, the parties will confer and attempt to resolve the issue, and if necessary, the parties will submit a Proposed or Stipulated Protective Order for the Court's consideration. The parties will seek Court intervention only if they are unable to reasonably agree on the contents of such Protective Order.

10. **Privilege Log**

The parties have agreed it will not be necessary to log documents prepared by or sent to or from their outside legal counsel or their in-house legal department attorneys with regard to this matter and its underlying claims after the date of filing of the complaint in this matter. The parties further agree that there is no need to provide a log or list of documents produced in

redacted form, so long as the redactions are clearly marked on the documents as redactions and the sender/recipient(s), date, subject matter, and basis for redaction are clear from the document.

Except as provided above, the parties agree a party that fully withholds any other ESI or documents on privilege ground shall provide a listing of each document or document family in a native Excel (.xls/.xlsx) spreadsheet format providing the information extracted from the following objective metadata fields: document date, author(s), recipient(s) (including all addressees, ccs, and bccs), and file type. Parties shall also indicate for each entry on the list the nature of the privilege and/or protection being asserted, the lawyers involved, and brief description of the document or ESI being withheld. Such logs will be produced as soon as reasonably practicable in connection with their production of documents, but in no event later than thirty (30) days following production of documents and prior to the October 11, 2024 close of discovery.

11. **Trial Before Magistrate Judge**

The parties do not consent to trial before a Magistrate Judge.

12. **Inadvertent Disclosure of Privileged Information**

The parties agree that the inadvertent production of privileged or protected information will not waive the privilege or protection, and that a party receiving such inadvertently produced privileged or protected information must immediately return the information without reviewing, copying or otherwise using the information. Furthermore, the inadvertent production of documents or information which the producing party contends is privileged or protected shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

13. **Service**

The parties agree that they may serve all pleadings (other than initial service) and discovery in this case by e-mail, and the parties hereby agree that service will be accepted by e-

mail. If pleadings or discovery are served by e-mail, the originals need not follow by mail. For all motions and other Court filings, the parties will serve each other in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules, including rules for calculating due dates for responses. The Parties will not file disclosures under Federal Rule of Civil Procedure 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and responses thereto, except on order of the Court, or for use in a motion or at trial.

14.    **Waiver of Rule 16(b) Pretrial Conference**

Because the parties are in agreement on the Joint Discovery Plan, the parties, through counsel, jointly request that the Rule 16(b) Initial Pretrial Conference scheduled for May 1, 2024 at 11:00 a.m. be cancelled or, alternatively, that the Pretrial Conference be held by telephone.[1]

---

[1] Lead trial counsel for Plaintiff and Defendants, who will be attending the Pretrial Conference along with local counsel, are located in Chicago and San Francisco, respectively.

Dated: April 29, 2024                                   Respectfully submitted,

/s/ Charles W. Chotvacs                                 /s/ Belinda D. Jones

Charles W. Chotvacs (VSB No. 70045)                     Belinda D. Jones (VSB No. 72169)
DYKEMA GOSSETT PLLC                                     CHRISTIAN & BARTON, L.L.P.
1301 K Street N.W., Suite 1100W                         901 East Cary Street, Suite 1800
Washington, D.C.  20005                                 Richmond, Virginia  23219-3095
Telephone: (202) 906-8619                               Telephone: (804) 697-4100
Facsimile: (888) 813-2443                               Facsimile: (804) 697-4112
   cchotvacs@dykema.com                                 bjones@cblaw.com

Steven McMahon Zeller (*pro hac vice*)                  Ryan J. Marton (*pro hac vice*)
10 South Wacker Drive, Suite 2300                       Songmee L. Connolly (*pro hac vice*)
Chicago, Illinois  60606                                Phillip J. Haack (*pro hac vice*)
Telephone: (312) 876-1700                               MARTON RIBERA SCHUMANN &
Facsimile: (312) 876-1155                               CHANG LLP
   szeller@dykema.com                                548 Market Street, Suite 36117
                                                        San Francisco, CA  94104
J. Daniel Harkins (*pro hac vice*)                      Telephone: (415) 360-2515
Ryan D. Borelo (*pro hac vice*)                            ryan@martonribera.com
112 East Pecan Street, Suite 1800                          songmee@martonribera.com
San Antonio, Texas  78205                                  phaack@martonribera.com
Telephone: (210) 554-5500
Facsimile: (210) 226-8395                               *Attorneys for Defendants*
   dharkins@dykema.com                               *BrowserStack, Inc.; BrowerStack Ltd.;*
   rborelo@dykema.com                                *and BrowserStack Software Pvt. Ltd.*

*Attorneys for Plaintiff*
*Deque Systems Inc.*

# **Exhibit A**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **DEQUE SYSTEMS INC.,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**BROWSERSTACK INC., BROWSERSTACK LIMITED, and BROWSERSTACK SOFTWARE PVT. LTD.,**<br><br>       **Defendants.** | **Case No.: 1:24-CV-00217-AJT-WEF** |

**[PROPOSED] ORDER ESTABLISHING ESI PROTOCOL**

**IT IS HEREBY ORDERED** that all parties shall, in good faith, attempt to strictly adhere to the following ESI Protocol consistent with a party's office technology when producing Electronically Stored Information ("ESI") as follows:

A)   **Electronically Stored Information (ESI)**

   i.   The parties will take reasonable steps to produce responsive ESI stored on reasonably accessible sources.  Only active data shall be subject to production.  The parties will assume no obligation to produce deleted, shadowed, fragmented, residual data, or cached, temporary files, random access memory ("RAM") or ESI that would only be obtained by taking a forensic image of a hard drive.

   ii.   To the extent it is reasonably accessible, the parties shall search for relevant email and documents.  Each party will determine the key custodians and will search for potentially relevant records.  Each party will review and produce all responsive, non-privileged records, subject to the entry of a suitable protective order.

  iii. ESI will be globally de-duplicated across custodians following industry standard de-duplication algorithms, where appropriate. The parties may use industry-standard analytics tools such as structured analytics for email threading in matters involving the review and production of email.

  iv. ESI shall be processed, to the extent possible, in UTC (Universal Time Coordinated) format, so as to preserve the date/time shown in the document as it was last saved, not the date of the collection or processing.

B) **Form of Production**

  i. <u>Hard Copy Information.</u> The parties will produce hard copy or paper documents as Bates numbered, single page TIFF files, with document level extracted text provided as a separate document. Document boundaries will be logically determined and efforts should be taken to capture the author and other metadata at time of collection.

  ii. <u>Electronically Stored Information (ESI).</u> The parties will produce ESI, whenever possible, in single page TIFF files with document level extracted text provided as a separate document and accompanying metadata provided via a load file in .DAT format. To the extent produced, the following file types shall be produced in their native file format with an accompanying placeholder image:

    - Spreadsheets;

    - Audio files; and

    - Video files.

    a) Documents containing redactions (e.g., pursuant to attorney-client privilege) will be produced in TIFF image format.  OCR reflecting redactions will be provided in the extracted text.  Documents with

        embedded objects that are redacted or withheld from production will be produced in TIFF image format only.

    b)     Documents not containing redactions (e.g., pursuant to attorney-client privilege) will have their extracted text provided in a document level text file.

    c)     If a party, with good cause, requests that certain individual documents be reproduced in color or native format, the producing party will produce the document in color or native version where available and appropriate.

iii.  Page level Bates numbers will be branded on TIFF images and additional legends applied where applicable.  To the extent produced, native files will be named as the Bates number.

iv.  Load files should use "Concordance standard" delimiters. See Appendix A for specific symbols requested.

v.  A page level Opticon load file (.OPT) will be provided establishing the document breaks for the images and containing the image paths.

vi.  A document level metadata load file will be provided in .DAT format.  See Appendix B for specific metadata fields requested.

vii.  If a party is unable to provide documents in TIFF format with extracted text, searchable PDFs may be provided in place. Metadata should still be produced in the manner above, with the exception of TEXTLINK. An OPT load file will not be required if producing in searchable PDF image format.

viii.  If a party retains documents in repositories and structured databases, it may produce documents from the repositories and structured databases in report or other feasible format.

      ix.  Productions of ESI and Hard Copy documents shall be provided to the opposing party via Secure File Transfer Protocol ("SFTP") or online file share (e.g. via Box, Dropbox, ShareFile, or similar service).  If a particular production is too large to be sent via network, the producing party will provide individual productions to the opposing party on an encrypted CD, DVD, hard drive, or other electronic media.

**IT IS SO ORDERED.**

# Appendix A

| Delimiter Description | ASCII Symbol | ASCII Number |
|---|---|---|
| Field Separator | ¶ | 20 |
| Quote Character | þ | 254 |
| Multi-entry | ; | 59 |
| <Return> Value/New Line | ® | 174 |

5

# Appendix B

| Field | Description |
|---|---|
| PROD - Beginning Page ID | Unique document identifier. First bates value for each document |
| PROD - End Page ID | Last bates value for each document |
| PROD - Beginning Attach | The first bates value for a document's family |
| PROD - End Attach | The last bates value for a document's family |
| Custodian | Owner/Source of the record |
| TAG - Confidentiality | Confidential Designation of the record |
| Email - Subject | E-mail subject |
| Email - To | The names in the original "To" field |
| Email - From | The names in the original "From" field |
| Email - CC | The names in the original "CC" field |
| Email - BCC | The names in the original "BCC" field |
| Email - Date Sent | Date and time the e-mail was sent |
| Email - Date Received | Date and time the e-mail was received |
| Email – Conv Index | Unique 44-digit alphanumeric identifier with common beginning for related emails |
| File - Title | Title field value extracted from the metadata of the native file |
| File - File Name | Original file name |
| File - Author | Author of document |
| File - Date Created | Date and time the file was created |
| File - Date Modified | Date and time the file was last modified |
| File – Last Saved by | Name of individual who last saved the document |
| File - File Extension | Document file extension |
| Image Count | Page Count of imaged documents |
| File - Filesize | Size (bytes) of the Native File |
| MD5Hash | Unique "fingerprint" that exists for every document. This identifier is used for identification of exact duplicate documents |
| Extracted Text Path | File path to the extracted text/OCR file, or the extracted/OCR file link (e.g. ABC001\Text\001\ABC000001.txt) |
| Native File Path | File path to the native file, or the native file link (e.g. ABC001\Native\001\ABC000001.msg) |
| Message ID | Unique ID assigned to each message |