UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**DEQUE SYSTEMS INC.,**

    **Plaintiff,**

v.                                            Case No. 1:24-cv-00217-AJT-WEF

**BROWSERSTACK, INC., and**
**BROWSERSTACK SOFTWARE PVT.**
**LTD.,**

    **Defendants.**

### PLAINTIFF DEQUE SYSTEMS INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR DISCLOSURE OF PROTECTED MATERIAL TO EXPERT

Plaintiff Deque Systems Inc.'s ("Plaintiff" or "Deque") Motion for Disclosure of Protected Material to Expert seeks an order from the Court permitting Deque to disclose documents and information designated as Protected Material by Defendants BrowserStack, Inc. and BrowserStack Software Pvt. Ltd. ("Defendants" or "BrowserStack") under the Stipulated Protective Order (Doc 54) to Deque's retained damages expert, Michael Kahaian. BrowserStack objects to such disclosure because Deque has not served a Rule 26(a)(2) expert disclosure for Mr. Kahaian. However, the Protective Order permits Protected Material to be shared with a party's consultant. Accordingly, the basis for BrowserStack's objection fails and the Court should grant Deque's Motion.

### PROCEDURAL BACKGROUND

The Scheduling Order in this case currently provides for a deadline of August 9, 2024 for Plaintiff to serve its Rule 26(a)(2) expert disclosures. (Docs 35-1 & 37). In early September, Deque retained the Bodman law firm to serve as new lead trial counsel and, on September 3, 2024, motions for admission pro hac vice were filed on behalf of the undersigned Bodman attorneys.

(Docs 60 & 61). In connection with entering the case, the Bodman attorneys determined it was advisable to retain a damages expert, Michael Kahaian.

On September 6, 2024, Deque supplemented its Rule 26(a)(1) Initial Disclosures to disclose to BrowserStack that Mr. Kahaian may provide "expert opinion testimony regarding Deque's damages in this matter." That same day, pursuant to the Stipulated Protective Order entered in this action (Doc 54), Deque requested that Mr. Kahaian be permitted access to BrowserStack's Protected Material, i.e., documents related to BrowserStack's sales, revenues, costs, profits, financials, customers, advertising, pricing, distribution, and any other information relevant to Deque's damages due to BrowserStack's infringing conduct. (Exh. 1). On September 9, 2024, BrowserStack objected to Deque's proposed disclosure of its Protective Material to Mr. Kahaian on the basis that Deque had not served a Rule 26(a)(2) expert disclosure for Mr. Kahaian by the August 9, 2024 deadline. (Exh. 2).

## LOCAL CIVIL RULE 37(E) CERTIFICATION

Per the Protective Order's terms, on September 11, 2024, counsel for Deque and BrowserStack conducted a meet and confer via videoconference in order to attempt to resolve BrowserStack's objection. As of the time of filing this Motion, the Parties were unable to resolve that pending objection.

## ARGUMENT

BrowserStack's objection to disclosure fails because Deque is permitted to disclose Protected Material to consultant's retained by a Party, even if they will not provide expert testimony.

The Party's stipulated and agreed upon Protective Order in this action outlines the procedure for disclosing Protected Material to "Experts." (Doc 54 at ¶¶ 27–29). A Party that seeks

to disclose to an Expert any Protected Material must first make a written request to the Designating Party (here BrowserStack) identifying the Expert, their qualifications, and general categories of Protected Material sought to be disclosed. (*Id.* ¶ 27). The Designating Party can then raise a written objection to the proposed disclosure. (*Id.* ¶ 28). If the Parties are unable to resolve the objection, then the Party seeking disclosure can seek Court intervention to resolve the objection. (*Id.* ¶ 29). The Designating Party bears the burden of proof before the Court that "the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert." (*Id.*).

Here, BrowserStack's sole objection to disclosure is as follows: "Plaintiff did not serve any Rule 26(a)(2) expert disclosures, timely or otherwise, and there is no good faith basis now to allow Mr. Kahaian access to Defendants' highly confidential information in this case." (Ex. 2). However, Deque is permitted to disclose Protected Material to "Experts," which is defined in the Protective Order to mean:

> a person who has been retained by a Party, or its Counsel, to serve as an expert witness ***or as a consultant in this action*** and who is not a current or former officer, director, or employee of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become an officer, director, or employee of a Party or of a competitor of a Party.

(Doc 54 at ¶ 5 (emphasis added)). BrowserStack's objection fails because even if Mr. Kahaian has not been disclosed pursuant to Rule 26(a)(2) as an expert witness to date,[1] he still is serving as a consultant to Deque on the issue of damages in this action. And the Protective Order expressly permits disclosure of Protected Material to individuals serving in that capacity.

---

[1] Deque intends to file in short order a motion seeking an extension of the expert disclosure and remaining pretrial deadlines in this action.

3

## CONCLUSION

Accordingly, for the foregoing reasons, the Court should grant Deque's Motion and permit Deque to disclose BrowserStack's Protected Material to Deque's retained damages expert, Michael Kahaian.

Dated:  September 13, 2024

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

  /s/ Charles W. Chotvacs
Charles W. Chotvacs (VSB# 70045)
1301 K Street, N.W., Suite 1100 West
Washington, D.C. 20005
Telephone: (202) 906-8600
Facsimile: (202) 906-8669
cchotvacs@dykema.com

Steven McMahon Zeller (*pro hac vice*)
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155
szeller@dykema.com

J. Daniel Harkins (*pro hac vice*)
dharkins@dykema.com
Ryan D. Borelo (*pro hac vice*)
rborelo@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, TX 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395


**BODMAN PLC**

  /s/ Justin P. Bagdady
Justin P. Bagdady (*pro hac vice*)
201 S. Division Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 930-2727
Facsimile: (743) 930-2494
jbagdady@bodmanlaw.com

4

Stephen P. Dunn (*pro hac vice* pending)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
Telephone: (248) 743-6031
Facsimile: (248) 743-6002
sdunn@bodmanlaw.com

*Counsel for Plaintiff Deque Systems Inc.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2024, the foregoing Memorandum in Support of Plaintiff Deque System Inc.'s Motion for Disclosure of Protected Material to Expert was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which shall send notification of electronic filing to all counsel of record.

                                                                /s/ Charles W. Chotvacs
                                                                Charles W. Chotvacs