# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

DEQUE SYSTEMS INC.

        Plaintiff,

  v.

BROWSERSTACK, INC., and
BROWSERSTACK SOFTWARE PVT. LTD.,

        Defendants.

Case No. 1:24-cv-00217-AJT-WEF

**DEFENDANTS' OPPOSITION TO MOTION FOR EXTENSION OF PRETRIAL DEADLINES**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. RELEVANT FACTUAL BACKGROUND .................................................................... 3

    A. Deque Did Not Seek to Extend the Expert Disclosure Deadline and Instead Elected Not to Serve Expert Reports ........................................................................ 3

    B. Deque Did Not Pursue Its Discovery Issues Until After Its Deadline for Rule 26(a)(2) Expert Disclosures Passed .............................................................................. 5

    C. Deque Delayed in Seeking to Modify Its Expert Disclosure Deadline ....................... 5

III. LEGAL STANDARDS ..................................................................................................... 6

IV. ARGUMENT ..................................................................................................................... 7

    A. Deque Has Failed to Justify Amending The Scheduling Order ................................. 7

        1. Deque Offers No Reason for Its Delay ................................................................. 7

        2. Danger of Prejudice to BrowserStack ................................................................. 10

        3. Length of Deque's Delay .................................................................................... 12

        4. Deque's Proposal Is Not Reasonable .................................................................. 12

V. CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Benbow v. Ingram*,
  No. 7:23-cv-292, 2024 WL 4003036 (E.D.N.C. Aug. 30, 2024) ...................................... passim

*Buchanan County, Virginia v. Blankenship*,
  545 F.Supp. 2d 553 (W.D. Va. 2008) ................................................................................ 8

*Chrisley v. Dan Ryan Builders Mid-Atlantic, LLC*,
  No. 5:18cv00056, 2020 WL 1066341 (W.D. Va. Mar. 5, 2020) .................................... 1

*Colony Apartments v. Abacus Project Management, Inc.*,
  197 Fed. Appx. 217 (4th Cir. 2006) ............................................................................. 6, 7

*Forstmann v. Culp*,
  114 F.R.D. 83 (M.D.N.C. 1987) ................................................................................... 11

*Gilmore's Farm, Inc. v. Herc Rentals, Inc.*,
  No. 5:20-cv-578, 2021 WL 5234971 (E.D.N.C. Nov. 5, 2021). .................................... 8

*Hooker v. Sirius XM Radio, Inc.*,
  No. 4:13-cv3, 2015 WL 12750270 (E.D. Va. Jun. 4, 2015) .......................................... 9

*McAfee v. Boczar*,
  No. 3:11-cv-646, 2021 WL 2499420 (E.D. Va. Jun. 27, 2012) ..................................... 9

*Miller v. Transcend Services, Inc.*,
  No. 1:10-cv-362, 2013 WL 1632335 (M.D.N.C. Apr. 16, 2013) ................................... 2

*Reese v. Virginia Int'l Terminal, Inc.*,
  286 F.R.D. 282 (E.D. Va. Aug. 3, 2012) ....................................................................... 6

*Richardson v. United States*,
  No. 5:08-cv-630, 2010 WL 3855193 (E.D.N.C. Sept. 30. 2010) .................................. 6

*Silva v. Connected Invs., Inc.*,
  No. 7:21-cv-74, 2022 WL 3083326 (E.D.N.C. Aug. 2, 2022) ....................................... 3

*Stonecrest Partners, LLC v. Bank of Hampton Roads*,
  770 F. Supp. 2d 779 (E.D.N.C. 2011) ........................................................................... 8

*Synder v. Fleetwood RV, Inc.*,
  No. 2:13-cv-1019, 2016 WL 339972 (S.D. Ohio Jan. 28, 2016) ................................... 8

*Thompson v. E.I. DuPont de Nemours & Co., Inc.*,
  76 F.3d 530 (4th Cir. 1996) ........................................................................................... 7

*Tydall v. Maynor*,
  288 F.R.D. 103 (M.D.N.C. 2013) ............................................................................... 11

**Rules**

Fed. R. Civ. P. 16(b)(4) ............................................................................................... 6

Fed. R. Civ. P. 6(b)(1)(B) ............................................................................................ 7

Local Civ. R. 16 ...................................................................................................... 3, 6

Local Civ. R. 26(D)(2) ................................................................................................ 3

Defendants BrowserStack, Inc. and BrowserStack Software Pvt. Ltd. (collectively, "Defendants" or "BrowserStack") hereby respectfully submit their opposition ("Opposition") to Plaintiff Deque Systems Inc.'s ("Deque's") Motion for Extension of Pretrial Deadlines (ECF 75) ("Motion to Extend").

## I.    INTRODUCTION

With less than a month until the Final Pretrial Conference, Deque comes to this Court and asks for an extension of its Rule 26(a)(2) expert report deadline, a deadline that lapsed ***six weeks ago***. Deque has no explanation for why it did not seek an extension before the deadline passed. It has no explanation for why it waited so long after the deadline passed to ask the Court for an extension. And it has no explanation for why it delayed until after the deadline to pursue the discovery it now purportedly needs for expert reports.

The truth is Deque knowingly chose not to prepare or serve any expert reports. It chose not to retain a damages expert in the period leading up to the expert report deadline. Marton Decl.[1] ¶ 9. And while it identified a technical expert for whom it requested access to BrowserStack source code under the Protective Order (*see id.*, Ex. 9), it chose not to have that expert review the source code or prepare an expert report. *Id*. ¶ 10, Exs. 7-8. While Deque may now regret these decisions, regret is not sufficient grounds to allow it to serve late expert reports and extend the discovery deadline. *See Chrisley v. Dan Ryan Builders Mid-Atlantic, LLC*, No. 5:18cv00056, 2020 WL 1066341, at *3 (W.D. Va. Mar. 5, 2020) (finding a party's "mere change in strategy" insufficient grounds to modify case deadlines).

---

[1] Citations to "Marton Decl." refer to the Declaration of Ryan J. Marton in Support of Defendants' Opposition to Motion to Compel and Defendants' Opposition to Motion for Extension of Pretrial Deadlines filed concurrently herewith.

1

None of the *post hoc* reasons Deque has concocted to support its Motion to Extend justifies modifying the case schedule. The fact that Deque added new counsel who has changed strategies and now wants to rely on a damages expert is not grounds for modifying the schedule (and certainly not grounds for allowing a technical expert report). *See, e.g.*, *Benbow v. Ingram*, No. 7:23-cv-292, 2024 WL 4003036, at * 3 (E.D.N.C. Aug. 30, 2024) (new counsel's change in strategy to disclose experts did not support modification of scheduling order). Nor can Deque rely on its claimed need for documents from BrowserStack, having delayed more than two months – until after the expert report deadline – to follow up with BrowserStack on their responses to document requests. *See* Local Civ. R. 16 ("Mere failure on the part of counsel to proceed promptly with the normal process of discovery shall not constitute good cause for an extension or continuance."). And finally, Deque's "newly" discovered usage data is information that belongs to Deque and has been in its possession since before the case was even filed. Deque had sufficient time prior to filing suit, and certainly by the discovery deadline, to search for, analyze, and review the data. *See Miller v. Transcend Services, Inc.*, No. 1:10-cv-362, 2013 WL 1632335, at *2 (M.D.N.C. Apr. 16, 2013) (denying request for discovery extension where counsel could have reasonably completed review of litigation materials prior to discovery deadline).

Modification of the scheduling order in this case is particularly inappropriate given the prejudice it would cause BrowserStack. In accordance with the Court's Scheduling Order, BrowserStack served its Rule 26(a)(2) expert reports on liability and damages on September 23, 2024. *Id.* ¶ 13. Allowing Deque to serve expert reports now would turn the expert disclosure process on its head and improperly shift the burden, giving Deque the unfair advantage of having access to BrowserStack's expert disclosures when preparing its expert reports, while

compressing the time BrowserStack has to review and respond to the evidence and analyses relied on by Deque's experts. *See* Local Civ. R. 26(D)(2); *compare* D.I. 37 and D.I 35-1 to D.I. 74.

Deque chose to do nothing in the time period leading up to expert disclosures and cannot now modify the schedule to have a do-over. *See Benbow*, 2024 WL 4003036, at * 3, citing *Silva v. Connected Invs., Inc.*, No. 7:21-cv-74, 2022 WL 3083326, at *3 (E.D.N.C. Aug. 2, 2022) ("desire to modify the scheduling order to comport with its litigation strategy, essentially allowing [moving party] a 'do-over' does not constitute good cause to support modification of the scheduling order"). Accordingly, BrowserStack respectfully requests the Court deny Deque's Motion to Extend.

## II. RELEVANT FACTUAL BACKGROUND

### A. Deque Did Not Seek to Extend the Expert Disclosure Deadline and Instead Elected Not to Serve Expert Reports

Deque filed this case on February 13, 2024. D.I. 1. On April 29, 2024, the parties submitted a Revised Joint Discovery Plan, which the Court adopted as part of its May 1, 2024 Rule 16(b) Scheduling Order. D.I. 35-1; D.I. 37. The Rule 16(b) Scheduling Order set the following deadlines relevant to the current Motion to Extend:

- **August 9, 2024**: Plaintiff to serve its expert disclosures required by Federal Rule of Civil Procedure 26(a)(2);
- **September 9, 2024**: Defendants shall serve their Rule 26(a)(2) expert disclosures;
- **September 24, 2024**: Rebuttal expert disclosures pursuant to Rule 26(a)(2);
- **October 11, 2024**: Completion of discovery;
- **October 14, 2024**: Deadline to file dispositive motions; and
- **October 17, 2024**: Final Pretrial Conference

*See* D.I. 37; D.I. 35-1.

3

On May 9, Deque served its First Set of Requests for Production of Documents. Marton Decl. ¶ 2. BrowserStack served their objections on May 24, 2024 and their responses on June 10, 2024. *Id*. On July 3, 2024, BrowserStack informed Deque that in response to Deque's document requests, BrowserStack's source code was being made available for inspection at local counsel's office once Deque identifies what additional software tools it wants loaded on the source code computer. *Id*. ¶ 10, Ex. 7.

Pursuant to the Protective Order (D.I. 54), on July 8, 2024 Deque requested that its retained expert witness, Nick Ferrara, be granted access to BrowserStack's technical information, including source code. *Id*., Ex. 9. That same day, BrowserStack followed up with Deque, again informing Deque that BrowserStack's source code was available and inquiring as to what software tools Deque needed for its review. *Id*., Exs. 7-8. Deque did not respond until 11 days later, on July 19, 2022, identifying a list of the software tools requested by its expert. *Id.*, Ex. 7. On July 22, 2022, BrowserStack responded, asking whether Deque would be providing licenses for any of the tools requested on July 19 that were not freely available. *Id*. Two weeks later, on August 2, 2022 – a week before Deque's deadline to serve Rule 26(a)(2) expert disclosures – Deque still had not responded, so BrowserStack again asked Deque how it wanted to proceed with review of BrowserStack's source code. *Id*. BrowserStack never received a response and to this day Deque still has not reviewed BrowserStack's source code. *Id*. ¶ 10.

Deque did not serve any Rule 26(a)(2) expert disclosures on August 9, 2024. At no time prior to August 9 did Deque request more time to serve its Rule 26(a)(2) expert disclosures. *Id*. ¶ 3. And at no time prior to August 9 did Deque indicate to BrowserStack that it needed additional discovery from BrowserStack to prepare Rule 26(a)(2) expert disclosures. *Id.* ¶ 3.

### B. Deque Did Not Pursue Its Discovery Issues Until After Its Deadline for Rule 26(a)(2) Expert Disclosures Passed

In fact, after BrowserStack served their responses to Deque's First Set of Requests for Production of Documents on June 10, 2024, Deque did not raise any of its issues with BrowserStack's objections or responses to its document requests until August 12, 2024, after its Rule 26(a)(2) expert disclosure deadline had passed. And even during the parties' subsequent meet and confer discussions between August 12 and September 4, not once did Deque claim that it needed documents from BrowserStack to prepare expert reports. *Id.*, Ex. 3, 5.

### C. Deque Delayed in Seeking to Modify Its Expert Disclosure Deadline

At no point in the two weeks following the lapse of its August 9 expert disclosure deadline did Deque suggest that it needed more time or even wanted to make any expert disclosures. It did not disclose the identity of any new experts, nor did it make any effort to have Mr. Ferrara, its technical expert, review any of BrowserStack's source code. *Id.* ¶¶ 3, 10. The first time Deque indicated that it was interested in modifying the case schedule was on August 23, 2024, when it sought BrowserStack's agreement to extend its Rule 26(a)(2) expert disclosure deadline to August 23, although it indicated "no report will be provided." *Id.* ¶ 4, Ex. 1. Because BrowserStack did not agree to a retroactive extension of Deque's expert disclosure deadline, Deque indicated it would consider "making a separate motion for such an extension." *Id.*

For another two weeks thereafter, Deque again did nothing, making no indication that it intended to serve any expert reports or move for any extension. Then, on September 6, 2024, Deque disclosed a damages expert, Michael Kahaian, for the first time. *Id.* ¶ 9, Ex. 6. Five days later, on September 11, 2024, Deque proposed a modification to the case schedule that would set a simultaneous exchange of opening expert disclosures for October 7, 2024 and rebuttal

5

disclosures for two weeks after. Deque claimed that good cause existed for the modification, arguing that BrowserStack has failed to produce documents that Mr. Kahaian needs for his damages analysis. *Id*. On September 13, 2024, BrowserStack informed Deque that they disagreed that there was good cause to amend the schedule. *Id*. Deque then waited another week before filing the instant motion on September 20, 2024, ensuring this Motion to Extend would not be heard until after BrowserStack's September 23, 2024 deadline to serve their expert reports. D.I. 20; *see also* D.I. 59 (setting BrowserStack's Rule 26(a)(2) disclosure date).

### III. LEGAL STANDARDS

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, an amendment to a scheduling order requires a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); *see also* Local Civ. R. 16 ("no extensions or continuances . . . shall be granted in the absence of a showing of good cause"). As Deque noted in its motion, the "good cause" standard of Rule 16(b)(4) focuses not on "the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence." Motion to Extend (D.I. 75) at 4; *Reese v. Virginia Int'l Terminal, Inc.*, 286 F.R.D. 282, 285 (E.D. Va. Aug. 3, 2012) (internal citations omitted).

When the deadline sought to be extended has passed, however, the more rigorous "excusable neglect" requirement of Fed. R. Civ. P. 6(b)(1)(B) applies. *Benbow*, 2024 WL 4003036, at *2, citing *Colony Apartments v. Abacus Project Management, Inc.*, 197 Fed. Appx. 217 (4th Cir. 2006); *see also Richardson v. United States*, No. 5:08-cv-630, 2010 WL 3855193, at *3 (E.D.N.C. Sept. 30, 2010) (noting that the Rule 6(b)(1)(B) standard is "more rigorous" than but includes the same types of considerations addressed by the Rule 16(b)(4) good cause standard).

Rule 6(b)(1)(B) provides:

> [w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made

> after the time has expired if the party failed to act because of ***excusable neglect***.

Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). "Excusable neglect" is not easily demonstrated, nor is it intended to be. *Benbow*, 2024 WL 4003036, at *2, citing *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996). In evaluating "excusable neglect," courts will consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Colony Apartments*, 197 Fed. Appx. at 223, citing *Thompson*, 76 F.3d at 533. The most important factor is the reason for delay. *Id*. Even if the moving party establishes these factors in its favor, the decision to extend time still remains in the sound discretion of the court. *Id*.

Considering both Rule 6(b)'s "excusable neglect" standard and Rule 16(b)'s lesser "good cause" standard, modification of the case schedule is not warranted because Deque has not and cannot provide any justification for its delay.

## IV. ARGUMENT

### A. Deque Has Failed to Justify Amending The Scheduling Order

#### 1. Deque Offers No Reason for Its Delay

Discovery in this case opened on April 18, 2024, giving Deque almost four months (out of the six month discovery period in this case) to do whatever it needed to do to make its Rule 26(a)(2) expert disclosures. Deque offers no evidence to suggest – and it does not even attempt to argue – that it was somehow prevented during those four months from retaining experts, seeking discovery, or making its expert disclosures. Deque simply chose not to do so. Deque chose not to retain a damages expert. Marton Decl. ¶ 9. It chose not to have its technical expert review BrowserStack's source code. *Id*. ¶¶ 10-11, Ex. 7-8. And it chose not to follow up with

BrowserStack on the production of documents at any point in those four months. *Id.* ¶¶ 2-3, 6. These facts alone defeat Deque's request for an extension.

Nevertheless, Deque attempts to escape the consequences of its choices by first arguing that good cause exists to amend the schedule because it only just retained new counsel after the expert disclosure deadline and that counsel has now determined that Deque should retain a damages expert. Motion to Extend at 4. Strategic decisions, however, "must typically be made within the deadlines set forth in the scheduling order[.]" *Gilmore's Farm, Inc. v. Herc Rentals, Inc.*, No. 5:20-cv-578, 2021 WL 5234971, at *3 (E.D.N.C. Nov. 5, 2021). Deque's new counsel's change in strategy is insufficient to demonstrate excusable neglect or good cause to extend the expert disclosure deadline. *See id*. Indeed, courts have repeatedly rejected the exact argument Deque advances here regarding new counsel in denying requests to extend case deadlines. *See Synder v. Fleetwood RV, Inc.*, No. 2:13-cv-1019, 2016 WL 339972, at *9 (S.D. Ohio Jan. 28, 2016) (denying leave to disclose expert witnesses after disclosure deadline where request was due to new counsel's strategic decision to pursue expert testimony despite former counsel opting not to do so); *Benbow*, 2024 WL 4003036, at *2-*3 (finding no excusable neglect or good cause to amend expert disclosure deadline simply because new counsel retained after expert disclosure deadline wanted to reopen expert discovery); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 779, 785 (E.D.N.C. 2011) ("a change in counsel does not reset a lawsuit"); *Silva v. Connected Invs., Inc.*, No. 7:21-cv-74, 2022 WL 3083326, at *3 (E.D.N.C. Aug. 2, 2022) ("The court does not find that altering the scheduling order to comport with new counsel's defense strategy . . . suffices as good cause under Rule 16."); *Buchanan County, Virginia v. Blankenship*, 545 F.Supp. 2d 553, 555 n. 2 (W.D. Va. 2008) (finding

8

defendants failed good cause to amend scheduling order to file dispositive motions four months after the deadline based on retention of new counsel).

Deque next argues that an extension is warranted because it is still seeking from BrowserStack documents that Deque's damages expert requires for his damages analysis. Motion to Extend at 5. What Deque fails to show, however, is that it was diligent in seeking such documents from BrowserStack prior to its Rule 26(a)(2) deadline. Deque did not make such a showing because it cannot. In the four months between the start of discovery and its expert disclosure deadline, Deque served just one set of document requests. Marton Decl. ¶¶ 2-3. It otherwise failed to engage in any other discovery. It made no effort to follow up on BrowserStack's objections, responses or production of documents, serve additional discovery, or relay any of its experts' requests for information. *Id*. Deque did not reach out to BrowserStack prior to August 9 to discuss production of the damages-related documents it now contends its damages expert needs. *Id*. Indeed, Deque had not even retained a damages expert at the time. *Id.* ¶ 9. And while it had a technical expert, Deque did not have him review BrowserStack's source code, nor did it reach out to BrowserStack regarding the production of any non-source code technical documents. *Id*. ¶¶ 3, 10. In fact, Deque did not raise any of its issues with BrowserStack on the production of documents until August 12, after Deque's expert disclosure deadline had already passed. Thus, Deque's purported need for documents does not constitute good cause for an extension. *See McAfee v. Boczar*, No. 3:11-cv-646, 2021 WL 2499420, at * 2 (E.D. Va. Jun. 27, 2012) (finding no good cause of allowing subpoena after close of discovery where plaintiff failed to take action to seek information during discovery period); *Hooker v. Sirius XM Radio, Inc.*, No. 4:13-cv3, 2015 WL 12750270, at * 2 (E.D. Va. Jun. 4, 2015) (finding parties have not demonstrated diligence required by Rule 16(b) where there is no argument,

evidence, or information suggesting that the parties could not have reasonably met the earlier deadlines).

As its final argument, Deque asks the Court to extend the discovery cut-off to allow it sufficient time to analyze and review newly-discovered evidence regarding BrowserStack's use of Deque's product. Motion to Extend at 5-7. But this "newly discovered" usage data is in Deque's possession, custody, and control, and has been since even before Deque filed this case. That Deque only now decided to search for and review that data is not sufficient grounds to extend the discovery schedule and certainly has no bearing on whether Deque should be allowed to serve expert disclosures six weeks after the deadline has passed. Deque offers no explanation for why it did not or could not review this evidence earlier in the case. Without such evidence, there is no good cause to amend the discovery schedule.

2. **Danger of Prejudice to BrowserStack**

Furthermore, BrowserStack will be prejudiced if Deque is allowed to amend the schedule and serve its Rule 26(a)(2) expert at this late stage in the case. In the *six weeks* since passage of Deque's expert disclosure deadline, BrowserStack has proceeded with its defense of this case with the understanding that Deque cannot rely on any expert testimony. The deadline to file dispositive motions is in less than 3 weeks and the Final Pretrial Conference is in less than a month. Thus, BrowserStack is already working on strategies and planning filings based on what it understands Deque can possibly prove and present at trial given its lack of expert disclosures. To allow Deque to now go back on its decision to forgo expert disclosures would waste much of BrowserStack's last six weeks of litigation efforts.

More importantly, BrowserStack already served its expert disclosures on September 23, 2024. Marton Decl. ¶ 13. Unlike Deque, BrowserStack undertook great effort and expense to respect and comply with the Court's Scheduling Order. And it did so without the benefit of

having first been able to review and respond to Deque's expert disclosures, as was contemplated by the Court's local rules and Scheduling Order in this case. Local Civ. R. 26(D)(2) (requiring plaintiff to make expert disclosures first, followed by defendant 30 days after, with rebuttal reports 15 days later); *see also* D.I. 35-1, D.I. 37 (same).

Allowing Deque to serve expert reports now would be inconsistent with this Court's contemplated expert discovery plan and improperly shift the burden from Plaintiff to BrowserStack. Deque would now have the opportunity to review BrowserStack's expert disclosures prior to preparation of its expert reports, rather than the other way around. Deque's proposed schedule also extends Deque expert disclosure deadline by two months, while compressing BrowserStack's time to address Deque's expert disclosures from 30 days to the 15 days provided for rebuttal reports. It would thus be extremely prejudicial to BrowserStack to confer a benefit on Deque at BrowserStack's expense, particularly when BrowserStack is the only party that complied with the Court's expert disclosure deadlines.

Finally, while Deque asserts that allowing it to serve late expert disclosures would require only a modest two-week extension of the discovery and dispositive motion deadlines, it does require the Court to re-schedule the Pretrial Conference date. Allowing Deque to serve expert reports could also quite possibly require a more significant extension of associated deadlines to allow BrowserStack adequate time to respond to Deque's expert disclosures and re-evaluate its case strategies with respect to dispositive motions and rebuttal reports. "These consequences portend possible serious prejudice to the parties' interests in maintaining an agreed-upon and judicially sanctioned end point for this case, as well as an adverse impact on the court's proceedings." *Benbow*, 2024 WL 4003036, at *3 citing *Tydall v. Maynor*, 288 F.R.D. 103, 108-109 (M.D.N.C. 2013); *see also Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) ("'[T]he

scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'") (internal citation omitted).

### 3. Length of Deque's Delay

The length of Deque's delay also weighs against an extension in this case. Deque waited six weeks after the expert disclosure deadline passed to move this Court for an extension. Six weeks is one-fourth of the entire discovery period in this case. Despite this Court's commitment to move cases to trial expeditiously, at every turn, Deque elected to delay. It was not until August 23 – two weeks after its deadline passed – that Deque even considered making an untimely expert disclosure. Marton Decl. ¶ 4, Ex. 1. But even then it failed to raise its motion with the Court. *Id*. Deque then let another two weeks pass before it affirmatively sought to disclose a damages expert on September 6. *Id*. ¶ 9, Ex. 6. But still, it inexplicably waited another two weeks after that to move the Court for an extension. *Id*.; Motion to Extend (D.I. 75). Deque's continuous delay has now created the situation where it, as the plaintiff with the burden of proof, seeks to serve expert disclosures after BrowserStack has already served their expert reports. It is too late now. Deque should not be allowed to benefit from its unjustified delay at BrowserStack's expense.

### 4. Deque's Proposal Is Not Reasonable

BrowserStack remains concerned that Deque's motion is intentionally vague regarding the scope of relief it seeks. Deque bases its extension request on claims that it hired new counsel that has now decided to retain a damages expert and that it needs additional time to compel BrowserStack to produce the documents its damages expert needs. But it appears Deque is seeking an extension of the deadline to serve technical expert disclosures as well as damages related disclosures. Deque retained a technical expert well in advance of the original expert disclosure deadline. *See* Marton Decl. ¶ 12, Ex. 9. Its expert had plenty of time to review

BrowserStack's source code. *Id.* ¶¶ 10-11, Ex. 7-8. Nevertheless, Deque did not have its expert review code or prepare an expert report. Thus, it cannot now come to the Court and seek extension of the technical expert disclosure deadline.

Moreover, Deque's specific schedule proposal is simply unreasonable. Deque's proposal for simultaneous exchange of opening reports—in addition to simply being impossible now that BrowserStack has already served its reports—extends Deque's expert disclosure deadline by two months without penalty, while shifting the prejudice to BrowserStack (the non-moving party) by compressing the time BrowserStack has to review and consider Deque's experts' evidence and analyses. Deque does not even attempt to justify why BrowserStack should bear the brunt of the time crunch caused by Deque's delay.

Considering these factors together, with particular emphasis on Deque's diligence and reasons for delay, there is no good cause for amending the case schedule.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's Motion for an Extension of Pretrial Deadlines.

Dated: September 25, 2024

Respectfully submitted,

/s/     Belinda D. Jones
Belinda D. Jones (VSB No. 72169)
bjones@cblaw.com
Roman Lifson (VSB No. 43714)
rlifson@cblaw.com
Christian & Barton, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219-3095
Tel.:         (804) 697-4100
Fax:         (804) 697-4112


Ryan J. Marton (*pro hac vice* admitted)
ryan@martonribera.com
Songmee L. Connolly (*pro hac vice* admitted)
songmee@martonribera.com
Phillip J. Haack (*pro hac vice* admitted)
phaack@martonribera.com
Carolyn Chang (*pro hac vice* admitted)
carolyn@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:       (415) 360-2515

*Attorneys for Defendants BrowserStack, Inc. and BrowserStack Software India Pvt. Ltd.*