UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DEQUE SYSTEMS INC.

        Plaintiff,

v.

BROWSERSTACK, INC., and
BROWSERSTACK SOFTWARE PVT. LTD.,

        Defendants.

Case No. 1:24-cv-00217-AJT-WEF

**DECLARATION OF RYAN J. MARTON IN SUPPORT OF DEFENDANTS'
OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
OPPOSITION TO MOTION FOR EXTENSION OF PRETRIAL DEADLINES**

I, Ryan J. Marton, declare as follows:

1.  I am a partner with the law firm of Marton Ribera Schumann & Chang LLP, counsel for Defendants BrowserStack, Inc. and BrowserStack Software Pvt. Ltd. (collectively, "Defendants" or "BrowserStack") in this matter. I submit this declaration in support of Defendants' Opposition to Motion to Compel Production of Documents and Defendants' Opposition to Motion for Extension of Pretrial Deadlines. I have personal knowledge of the facts set forth herein unless otherwise indicated, and if called upon to testify, I could and would testify competently thereto.

2.  On May 9, 2024, Deque served its First Set of Requests for Production of Documents on BrowserStack. BrowserStack served their Objections to Deque's First Set of Requests for Production of Documents on May 24, 2024, and served their Responses to Deque's First Set of Requests for Production of Documents on June 10, 2024.

3.  Attached as **Exhibit 1** to this Declaration is an email chain regarding the parties' negotiations for a Joint Motion for Extension of Expert Discovery Deadlines that was filed on August 23, 2024 (D.I. 58) and entered by the Court on August 26, 2024 (D.I. 59). As reflected in Exhibit 1, the parties negotiated an extension of BrowserStack's deadline to serve Rule 26(a)(2) expert disclosures and subsequent deadlines as Deque needed additional time to produce documents and information BrowserStack needed to prepare expert reports. On August 23, 2024, Deque tried to include an extension to its already-passed Rule 26(a)(2) disclosure deadline in the parties' joint motion, stating that "[w]hether a disclosure is made, or not, no report will be provided. If you do not agree, we will consider making a sperate motion for such an extension." *See* Exhibit 1. BrowserStack indicated it would not agree to a retroactive extension.

1

4. Attached as **Exhibit 2** to this Declaration is an email chain memorializing the parties' meet and confer discussions from August 20, 2024 through September 10, 2024 regarding Deque's responses to BrowserStack's interrogatories.

5. Attached as **Exhibit 3** to this Declaration is an August 12, 2024 email in which Deque for the first time raises with BrowserStack issues it has with BrowserStack's responses to Deque's First Set of Requests for Production of Documents.

6. Attached as **Exhibit 4** to this Declaration is an email chain memorializing the parties' meet and confer discussions from September 13, 2024 through September 20, 2024 regarding BrowserStack's responses to Deque's First Set of Requests for Production of Documents.

7. Attached as **Exhibit 5** to this Declaration is an email chain memorializing the parties' meet and confer discussions from August 26, 2024 through September 3, 2024, and reflecting a September 4, 2024 telephonic meet and confer regarding BrowserStack's responses to Deque's First Set of Requests for Production of Documents.

8. Attached as **Exhibit 6** to this Declaration is an email chain memorializing the parties' meet and confer discussions from September 6, 2024 through September 13, 2024 regarding Deque's untimely September 6, 2024 disclosure of Michael Kahaian as a damages expert. At no time prior to September 6, 2024 did Deque disclose any damages expert.

9. Attached to **Exhibit 7** to this Declaration is an email chain memorializing discussions between the parties from July 3, 2024 through September 12, 2024 that include discussions regarding the availability of BrowserStack's source code for inspection. As of the date of this Declaration, Deque has not inspected or reviewed BrowserStack's source code.

10. Attached as **Exhibit 8** to this Declaration are July 3, 2024 and July 8, 2024 emails in which BrowserStack informs Deque that the BrowserStack source code is available for inspection.

11. Attached as **Exhibit 9** to this Declaration is a July 8, 2024 letter in which Deque discloses Nick Ferrara pursuant to the Protective Order (D.I. 54) as a technical expert witness for whom Deque requests access to BrowserStack technical information including source code.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on September 25, 2024 in San Francisco, California

/s/ Ryan Marton
Ryan Marton