# EXHIBIT 1

**From:** Songmee Connolly songmee@martonribera.com
**Subject:** Re: Deque v. BrowserStack - M&C re copies of asserted works and source code
**Date:** August 23, 2024 at 3:02 PM
**To:** Zeller, Steven SZeller@dykema.com
**Cc:** Ryan Marton ryan@martonribera.com, Phil Haack phaack@martonribera.com, Belinda Jones bjones@cblaw.com, Roman Lifson Rlifson@cblaw.com, Chotvacs, Charles CChotvacs@dykema.com, Borelo, Ryan RBorelo@dykema.com, Harkins, J.Daniel DHarkins@dykema.com, Freire, Diego DFreire@dykema.com, Carolyn Chang carolyn@martonribera.com

Hi Steve,

We have made redline edits to the attached documents so that they reflect the parties' agreement memorialized in the email thread below. If there are no further edits, you have our permission to accept these redlines and efile.

As reflected in the edits, Defendants will not agree to the retroactive extension to Plaintiff's expert disclosure deadline. Defendants intend to oppose a separate motion if filed by Plaintiff.

Regards,
Songmee

---

**From:** Zeller, Steven <SZeller@dykema.com>
**Date:** Friday, August 23, 2024 at 12:56 PM
**To:** Songmee Connolly <songmee@martonribera.com>
**Cc:** Ryan Marton <ryan@martonribera.com>, Phil Haack <phaack@martonribera.com>, Belinda Jones <bjones@cblaw.com>, Roman Lifson <Rlifson@cblaw.com>, Chotvacs, Charles <CChotvacs@dykema.com>, Borelo, Ryan <RBorelo@dykema.com>, Harkins, J.Daniel <DHarkins@dykema.com>, Freire, Diego <DFreire@dykema.com>, Carolyn Chang <carolyn@martonribera.com>
**Subject:** RE: Deque v. BrowserStack - M&C re copies of asserted works and source code

Songmee,

Please see the attached draft motion and proposed order. Just to be clear, I've included an extension for Plaintiff to make its disclosure until today as well, and want to make sure you will agree with same. Whether a disclosure is made, or not, no report will be provided. If you do not agree, we will consider making a separate motion for such an extension.

Regards,

Steve

**Steven McMahon Zeller**
Member

D 312-627-2272 ▪ M 708-567-6963
SZeller@dykema.com ▪ dykema.com

1

**BIO**   **VCARD**   **LINKEDIN**

10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606

Dykema

---

**From:** Songmee Connolly <songmee@martonribera.com>
**Sent:** Thursday, August 22, 2024 5:27 PM
**To:** Zeller, Steven <SZeller@dykema.com>
**Cc:** Ryan Marton <ryan@martonribera.com>; Phil Haack <phaack@martonribera.com>; Belinda Jones <bjones@cblaw.com>; Roman Lifson <Rlifson@cblaw.com>; Chotvacs, Charles <CChotvacs@dykema.com>; Borelo, Ryan <RBorelo@dykema.com>; Harkins, J.Daniel <DHarkins@dykema.com>; Freire, Diego <DFreire@dykema.com>; Carolyn Chang <carolyn@martonribera.com>
**Subject:** Re: Deque v. BrowserStack - M&C re copies of asserted works and source code

**\*\*\* EXTERNAL\*\*\***

Thank you Steve.

**From:** Zeller, Steven <SZeller@dykema.com>
**Date:** Thursday, August 22, 2024 at 2:44 PM
**To:** Songmee Connolly <songmee@martonribera.com>
**Cc:** Ryan Marton <ryan@martonribera.com>, Phil Haack <phaack@martonribera.com>, Belinda Jones <bjones@cblaw.com>, Roman Lifson <Rlifson@cblaw.com>, Chotvacs, Charles <CChotvacs@dykema.com>, Borelo, Ryan <RBorelo@dykema.com>, Harkins, J.Daniel <DHarkins@dykema.com>, Freire, Diego <DFreire@dykema.com>, Carolyn Chang <carolyn@martonribera.com>
**Subject:** RE: Deque v. BrowserStack - M&C re copies of asserted works and source code

Songmee,

We can agree to those conditions and will have a draft motion for you no later than tomorrow morning.

Steve

**Steven McMahon Zeller**
Member

D 312-627-2272 ▪ M 708-567-6963
SZeller@dykema.com ▪ dykema.com

**BIO**   **VCARD**   **LINKEDIN**

10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606

2

# Dykema

**From:** Songmee Connolly <songmee@martonribera.com>
**Sent:** Thursday, August 22, 2024 2:03 PM
**To:** Zeller, Steven <SZeller@dykema.com>
**Cc:** Ryan Marton <ryan@martonribera.com>; Phil Haack <phaack@martonribera.com>; Belinda Jones <bjones@cblaw.com>; Roman Lifson <Rlifson@cblaw.com>; Chotvacs, Charles <CChotvacs@dykema.com>; Borelo, Ryan <RBorelo@dykema.com>; Harkins, J.Daniel <DHarkins@dykema.com>; Freire, Diego <DFreire@dykema.com>; Carolyn Chang <carolyn@martonribera.com>; Songmee Connolly <songmee@martonribera.com>
**Subject:** Re: Deque v. BrowserStack - M&C re copies of asserted works and source code

**\*\*\* EXTERNAL\*\*\***

Counsel,

We are willing to agree to hold off on filing the motion tomorrow if plaintiff will agree to: commit to providing all outstanding discovery by Friday 8/30; prepare a consent motion this week extending remaining expert report deadlines by two weeks; and provide leniency on any supplementation to defendants' expert reports that may be needed. Please let us know today. Thank you.

Regards,
Songmee

---

**From:** Zeller, Steven <SZeller@dykema.com>
**Date:** Thursday, August 22, 2024 at 10:40 AM
**To:** Songmee Connolly <songmee@martonribera.com>
**Cc:** Ryan Marton <ryan@martonribera.com>, Phil Haack <phaack@martonribera.com>, Belinda Jones <bjones@cblaw.com>, Roman Lifson <Rlifson@cblaw.com>, Chotvacs, Charles <CChotvacs@dykema.com>, Borelo, Ryan <RBorelo@dykema.com>, Harkins, J.Daniel <DHarkins@dykema.com>, Freire, Diego <DFreire@dykema.com>, Carolyn Chang <carolyn@martonribera.com>
**Subject:** RE: Deque v. BrowserStack - M&C re copies of asserted works and source code

Counsel,

First, regarding the documents produced this week. Plaintiff has made a good faith effort to produce relevant responsive documents, including in the categories set forth in your email below, with the exception of specific sales, revenue, subscriptions, etc. That information, specific to the axe pro browser extension product, is being assembled and should be available for production by Monday.

Second, regarding the source code, as I mentioned, given logistics this week there may be a delay in getting the source code to our DC office for review. I still do not yet have it ready. HOWEVER, the production this week included the packages containing code for each

3

copyrighted version of the as axe pro browser extension listed in the FAC. I suggest you first review that production to determine whether you also want to review the underlying source code.

Lastly, I am still working with my client to provide the requested supplemental answers to Interrogatories. I have a meeting scheduled tomorrow with a few principals that I could not consult with earlier. I understand your position, but do not believe that filing a motion will result in having answers any faster. As Deque is not refusing to provide a supplement, and is committed to providing as complete a response as possible, we believe a motion to compel is premature, and respectfully request that you not do so. I will provide a full status update after my call tomorrow.

Regards,

Steve


**Steven McMahon Zeller**
Member

D 312-627-2272 ▪ M 708-567-6963
SZeller@dykema.com ▪ dykema.com

**BIO**   **VCARD**   **LINKEDIN**

10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606

Dykema

**From:** Songmee Connolly <songmee@martonribera.com>
**Sent:** Thursday, August 22, 2024 12:06 PM
**To:** Zeller, Steven <SZeller@dykema.com>
**Cc:** Ryan Marton <ryan@martonribera.com>; Phil Haack <phaack@martonribera.com>; Belinda Jones <bjones@cblaw.com>; Roman Lifson <Rlifson@cblaw.com>; Chotvacs, Charles <CChotvacs@dykema.com>; Borelo, Ryan <RBorelo@dykema.com>; Harkins, J.Daniel <DHarkins@dykema.com>; Freire, Diego <DFreire@dykema.com>; Carolyn Chang <carolyn@martonribera.com>
**Subject:** Re: Deque v. BrowserStack - M&C re copies of asserted works and source code


**\*\*\* EXTERNAL\*\*\***

Dear Counsel,

Since we did not receive Plaintiff's supplemental interrogatory responses and verification yesterday we intend to file a motion tomorrow for an order compelling those. We ask that you also please confirm by 6pm EST today the availability of source code as we otherwise will seek to compel its inspection as well.

Finally, with regard to plaintiff's recent document production, please confirm by 6pm EST today whether plaintiff's production is complete with respect to <u>each</u> of the four categories

below. For example, although we still are reviewing the production, we have not yet seen revenue, expense, or profit information related to the asserted works. Absent such confirmation, we intend to include these document categories in our motion.

Regards,
Songmee

---

**From:** Songmee Connolly <songmee@martonribera.com>
**Date:** Friday, August 16, 2024 at 12:22 PM
**To:** Zeller, Steven <SZeller@dykema.com>
**Cc:** Ryan Marton <ryan@martonribera.com>, Phil Haack <phaack@martonribera.com>, Belinda Jones <bjones@cblaw.com>, Roman Lifson <Rlifson@cblaw.com>, Chotvacs, Charles <CChotvacs@dykema.com>, Borelo, Ryan <RBorelo@dykema.com>, Harkins, J.Daniel <DHarkins@dykema.com>, Freire, Diego <DFreire@dykema.com>, Carolyn Chang <carolyn@martonribera.com>
**Subject:** Re: Deque v. BrowserStack - M&C re copies of asserted works and source code

Hi Steve and Diego,

We wanted to send a confirmatory email following today's meet and confer call regarding our understanding of Plaintiff's discovery commitments. Please advise by Monday (August 19) if any of the following is inaccurate.

- **Source Code**: Plaintiff will make the source code available for inspection in Dykema's DC office by Friday (August 23).
- **Interrogatory Responses**: Plaintiff will provide complete and final responses to Interrogatory Nos. 2, 4, 5, 7 and 9 by EOD Wednesday (August 21) with accompanying verification(s).
- **Document Production**: Plaintiff will start production of documents as soon as possible but no later than by EOD Wednesday (August 21), which at minimum will include complete productions of the categories of documents (a)-(d) below. As mentioned, if any metadata production issues are causing the production delay, we ask that documents nevertheless be produced as we can deal with these metadata issues on a document-by-document basis.
    - Financials/market/damages information related to the Asserted Works (e.g., related revenue, expenses, profit, pricing, downloads/users/customers, and market/market player information).
    - Any and all evidence/documents Plaintiff intends to rely on in this case.
    - Complete copies of all of the Asserted Works.
    - Any documents reflecting any allegedly copied content.

We remind you that to date Plaintiff has produced no documents or any such substantive interrogatory responses, even though such discovery has been long outstanding and called for by Defendants' May 15 RFPs and June 21 Interrogatories. As a result, absent Plaintiff meeting the foregoing commitments, Defendants intend to move the Court next Friday (August 23) for an order compelling such production. Defendants also will request recovery of their reasonable attorneys' fees in bringing the motion.

Please note that Defendants have sought prioritization of the foregoing categories of information given their fast-approaching expert report deadline. However, Defendants

5

expressly do not waive and fully reserve all rights to seek production of additional categories of discoverable information which have been the subject of their outstanding discovery requests and/or the parties' meet and confer correspondence to date.

Regards,
Songmee

---

**From:** Zeller, Steven <SZeller@dykema.com>
**Date:** Thursday, August 15, 2024 at 9:06 AM
**To:** Songmee Connolly <songmee@martonribera.com>
**Cc:** Ryan Marton <ryan@martonribera.com>, Phil Haack <phaack@martonribera.com>, Belinda Jones <bjones@cblaw.com>, Roman Lifson <Rlifson@cblaw.com>, Chotvacs, Charles <CChotvacs@dykema.com>, Borelo, Ryan <RBorelo@dykema.com>, Harkins, J.Daniel <DHarkins@dykema.com>, Freire, Diego <DFreire@dykema.com>
**Subject:** RE: Deque v. BrowserStack - M&C re copies of asserted works and source code

Songmee, please see below response to all of the issues in your email below except for the responses to the alleged deficiencies in Deque's Interrogatory answers. We are following up on a few more issues there and should have a reply shortly.

1. We've run into an issue with Deque's non-source code production retrieved from its Google Drive files. The retrieval of those files did not accurately preserve the metadata related to filed creation and modification dates. As you know, the Order Establishing ESI Protocol (Doc. 38) requires such metadata to be included. We are in the process of identifying the issue and hopefully correcting it. We've noticed that certain documents in BrowserStack's production may suffer from the same issue. At least the following documents all have file creation dates of last week, with no data for date modified: BROWSERSTACK-00000001, BROWSERSTACK-00000030, BROWSERSTACK-00000062, BROWSERSTACK-00000202, BROWSERSTACK-00000292, BROWSERSTACK-00000324, BROWSERSTACK-00000262.  Please confirm the accuracy of this data, and/or let us know when you will be updating your production to correct this issue.

2. We are available Friday, 8/16 for a M&C.

3. Deque Interrogatory Responses [Forthcoming]

4. Defendants' production was surprisingly light, even considering the Defendants' Objections and Responses.  For example, without being exclusory to any of Plaintiff's concerns, the production included no internal communications concerning Deque, nor any communications at all.

5. We encountered some delay in securing the correct source code files, but now are in possession of everything relevant. We will make the computer containing the source code available for inspection in either our Washington DC or Chicago office, at your expert's preference. Although, based on Ryan's letter from yesterday, and our

anticipated response, it might be prudent to delay that from next week.

6. We will be following up with you regarding review of Defendants' source code.

Regards,

Steve


**Steven McMahon Zeller**
Member

D 312-627-2272 ▪ M 708-567-6963
SZeller@dykema.com ▪ dykema.com

**BIO**  **VCARD**  **LINKEDIN**

10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606

---

**From:** Songmee Connolly <songmee@martonribera.com>
**Sent:** Thursday, August 8, 2024 12:01 PM
**To:** Freire, Diego <DFreire@dykema.com>
**Cc:** Ryan Marton <ryan@martonribera.com>; Phil Haack <phaack@martonribera.com>; Belinda Jones <bjones@cblaw.com>; Roman Lifson <Rlifson@cblaw.com>; Chotvacs, Charles <CChotvacs@dykema.com>; Borelo, Ryan <RBorelo@dykema.com>; Harkins, J.Daniel <DHarkins@dykema.com>; Zeller, Steven <SZeller@dykema.com>
**Subject:** Re: Deque v. BrowserStack - M&C re copies of asserted works and source code

**\*\*\* EXTERNAL\*\*\***

Dear Diego and Steve,

We wanted to follow-up on several outstanding discovery matters, including Diego's July 29 email below, Steve's July 22 and July 19 emails, Plaintiff's production and interrogatory responses, and inspection of the parties' respective source code:

1. **Plaintiff's Outstanding Production**. In Steve's July 22 email we were advised production of non-source code materials would be made early last week. To date, there has been no production. When will we be receiving Plaintiff's documents?
2. **M&C Regarding Plaintiff's Outstanding RFP Objections**. Please let us know what dates/times work early next week to M&C regarding Nos. 1, 5, and 8 as noted in Diego's July 29 email below.
3. **Deficiencies of Plaintiff's Interrogatory Responses.** There are numerous deficiencies with Plaintiff's July 29 interrogatory responses. In particular:
    a. **Interrogatory No. 2.** Plaintiff's reliance on its FAC allegations as "examples" is insufficient. Defendants are entitled to know the full scope of Plaintiff's claims of copying. For example, Plaintiff has identified where the allegedly copied content exists **only** in Axe Dev Tools 4.9.0 and the Rules Help Pages; it makes no reference to any of the other 15 Asserted Works. There is no reason why Plaintiff cannot identify any other Allegedly Copied Content. If the scope of Plaintiff's copyright infringement claim is limited to that which is alleged in the

7

FAC, Plaintiff should so state.  Moreover, since as early as July 3, Defendants have offered to make their source code available for inspection.  Plaintiff's own delay and failure to inspect Defendants' source code does not excuse it from providing a full and complete answer to Interrogatory No. 2.

    b. **Interrogatory No. 3**.  Plaintiff's response to Interrogatory No. 3 is vague and incomplete.  Plaintiff states that for axe DevTools "some of the copied content" were first created in v.3.9.0 while "other portions of the copied content" were first created in v.4.1.0, without specifying which specific content exists in which.  Please identify specifically which allegedly copied content was created in which Asserted Work and when; for example, if none of the allegedly copied content in v.3.7.0 or v.3.8.0, Defendants are entitled to know this.  Plaintiff has asserted 16 versions of axe DevTools against Defendants, and Defendants are entitled to understand Plaintiff's infringement claim against them with regard to **each** Asserted Work.

    c. **Interrogatory No. 4**.  Plaintiff's response is mere conclusory and does not explain what production is needed nor why it would be needed for Plaintiff to provide a substantive response.  Please advise if Plaintiff will supplement its response.

    d. **Interrogatory No**. **5**. Again, Plaintiff's response is mere conclusory and reiterates the allegations of its FAC, and does not adequately explain what production is needed nor why it would be needed for Plaintiff to provide a substantive response.  Defendants are entitled to understand which exclusive right which Defendant has purportedly violated, and the factual basis for Plaintiff's claims.  E.g., Does Plaintiff assert only direct infringement against both entities, or does Plaintiff intend to assert any secondary theories of liability?  Does Plaintiff now contend that the Accused Product represents a reproduction of one or more Asserted Works (instead of a derivative work)?  Defendants are entitled to understand the full scope of how Plaintiff contends each defendant purportedly violated each of these three exclusive rights.  Please advise if Plaintiff will supplement its response.

    e. **Interrogatory No. 7.**  This response merely refers to Plaintiff's response to Interrogatory No. 6, but Plaintiff's response to Interrogatory No. 6 is non-responsive to Interrogatory No. 7.  Please advise if Plaintiff will supplement its response.

    f. **Interrogatory No. 9.**  This response is conclusory and provides no specifics or factual support as to any claim for damages, nor does it explain why any discovery is needed from Defendants to establish any damages Plaintiff has incurred.  There is also no stated basis by which Plaintiff is entitled to any attorneys' fees recovery on any of its claims. Please supplement this response.

    g. **Verification**.  We still have not received one to date. Please advise when one will be provided.

4. **Defendants' Production.** Please see Defendants' production from earlier today, BROWSERSTACK-VOL001 (BROWSERSTACK-00000001—BROWSERSTACK-0000652), which have been produced subject to Defendants' May 24, 2024 Objections and June 10, 2024 Responses.

5. **Plaintiff's Source Code**.  On July 19, 2024, Steve advised an update would be provided early the week of July 22 on the availability of Plaintiff's source code for inspection.  It has been over two weeks and no update has been provided. Please advise.

6. **Defendants' Source Code**.  Defendants have made their source code available as early as July 3, and have since followed-up several times (as recently as in Phil's August 2 email) regarding facilitating source code review for Plaintiff.  Please advise.

Best regards,

8

Songmee L. Connolly, Esq.
Marton Ribera Schumann & Chang LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
(415) 360-2513 (office)
(650) 862-8305 (mobile)
songmee@martonribera.com

---

**From:** Freire, Diego <DFreire@dykema.com>
**Date:** Monday, July 29, 2024 at 12:56 PM
**To:** Songmee Connolly <songmee@martonribera.com>
**Cc:** Ryan Marton <ryan@martonribera.com>, Phil Haack <phaack@martonribera.com>, Belinda Jones <bjones@cblaw.com>, Roman Lifson <Rlifson@cblaw.com>, Chotvacs, Charles <CChotvacs@dykema.com>, Borelo, Ryan <RBorelo@dykema.com>, Harkins, J.Daniel <DHarkins@dykema.com>, Zeller, Steven <SZeller@dykema.com>
**Subject:** RE: Deque v. BrowserStack - M&C re copies of asserted works and source code

Dear Songmee,

Please see below our response to your additional issues concerning Plaintiff's RFP objections and responses.

We will follow up with our issues concerning Defendant's RFP objections and responses before we schedule a time to meet and confer.

1. **Derivative Works (RFP 2).** Deque has accused BrowserStack's product of being a derivative work of one or more Asserted Works even though the products clearly are not substantially similar. BrowserStack is entitled to know what other works Deque contends to be also derivative of its Asserted Works, to the extent any such works exist.

   **Response** - We agree to disclose relevant derivative works under RFP 2. However, we would propose to meet to discuss what would be relevant under this request.

2. **Documents reflecting Allegedly Copied Content (RFP 24).** BrowserStack is entitled to see when and other contexts in which the Allegedly Copied Content has been fixed in tangible form, including to understand the content's original authorship and whether the content is protectible expression. Applying search terms using literal elements that were purportedly copied to identify documents responsive to this request should not be any added burden on Plaintiff.

   **Response** – We agree to disclose the documents described in the description of RFP 24 above.

3. **Documents related to the web accessibility testing market and competitors and their products, including factors affecting pricing, valuation, market demand, and purchasing decisions for the Asserted Works (RFP 26, 38, 39).** BrowserStack is entitled to such documents. Among other things, such documents are directly relevant to causation and damages. For example, BrowserStack is

9

entitled to discover information as who Deque considers its competitors and other product options in the web accessibility testing market, related pricing, how purchasing decisions are made by users, other information relevant to the materiality of the alleged false advertisement, and to what extent Deque could have incurred any actual damages due to BrowserStack's alleged conduct.

> **Response** - We agree to disclose directly relevant (related to causation and damages) documents described in the description of RFPs 26, 38, and 39 above.

4. **Documents and communications with third parties related to any alleged copyright infringement by BrowserStack (RFP 45).** BrowserStack is entitled to discover relevant non-privileged communications with third parties concerning BrowserStack, and in particular those which discuss or otherwise relate to the Accused Product and the claims asserted by Deque in this lawsuit.

   > **Response** - We agree to disclose relevant (related to the Accused Product and the claims asserted by Deque in this lawsuit) documents and communications described in the description of RFP 45.

5. **Documents and communications with third parties related to infringement of the copyrights in its Asserted Works (RFP 46)**. BrowserStack is entitled to discover any non-privileged documents reflecting Plaintiff's positions of infringement (or non-infringement, such as fair use) of any copyrights in the Asserted Works against any other third parties, especially to the extent that it may impact Plaintiff's position vis-à-vis BrowserStack. Please advise if any such documents or communications exist, and if so, whether they will be produced.

   > **Response** - To the extent such documents exist, we agree to disclose relevant (related to infringement of asserted works) documents and communications described in the description of RFP 46. However, we would propose to meet and confer to discuss what would be relevant under this request.

6. **Documents related to Plaintiff's investigation into BrowserStack (RFP 47)**. Please advise if any non-privileged communications and documents exist related to Plaintiff's investigation into BrowserStack and Deque's allegations and claims in this lawsuit. To the extent any exist, these are relevant and should be produced.

   > **Response** - We agree to disclose relevant documents described in the description of RFP 47.

7. **Documents related to Plaintiff's use, analysis, or copying of any BrowserStack product (RFP 4727)**. BrowserStack is entitled to know how Plaintiff has accessed, used, or copied certain portions or features of BrowserStack's products, including the Accused Product, especially to the extent that such discovery may show whether Plaintiff's mere access, use, or copying similarly does or does not give rise to liability under copyright law.

   > **Response** (we assume you meant **RFP 27**) - We agree to disclose documents described in the description of RFP 27 above.

8. **Documents related to Plaintiff's press statements concerning its allegations against BrowserStack (RFPs 48-50)**. Rather than provide BrowserStack any prior notice of its concerns or compete fairly in the market, Plaintiff appears to have planned and engaged in a PR campaign to accompany and capitalize on its filing of

10

this lawsuit against BrowserStack. Deque's PR campaign included unsubstantiated public statements accusing BrowserStack of "shameless," "intentional" "theft" which had the intended effect of damaging BrowserStack's reputation. BrowserStack is entitled to discover Deque's non-privileged documents and communications with third parties (such as any with Michiel Willems) regarding the factual basis for its public statements and asserted claims against BrowserStack.

   **Response** – We propose to meet and confer to discuss the relevancy of RFPs 48-50.

9. **Document retention policies and custodial information (RFPs 66, 67).** We would like to understand Plaintiff's data retention policy, as well as the custodial/repository information with respect to Plaintiff's search for responsive documents.

   **Response** – To the extent such documents exist, we agree to disclose the documents described in the description of RFPs 66 and 67 above.

Best regards,


**Diego F. Freire** (he/him)
Attorney

D 312-627-2130
DFreire@dykema.com ▪ dykema.com

**BIO** **VCARD** **LINKEDIN**

10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606

Dykema

---

**From:** Songmee Connolly <songmee@martonribera.com>
**Sent:** Tuesday, July 16, 2024 4:57 PM
**To:** Zeller, Steven <SZeller@dykema.com>
**Cc:** Ryan Marton <ryan@martonribera.com>; Phil Haack <phaack@martonribera.com>; Belinda Jones <bjones@cblaw.com>; Roman Lifson <Rlifson@cblaw.com>; Chotvacs, Charles <CChotvacs@dykema.com>; Freire, Diego <DFreire@dykema.com>; Borelo, Ryan <RBorelo@dykema.com>; Harkins, J.Daniel <DHarkins@dykema.com>
**Subject:** Re: Deque v. BrowserStack - M&C re copies of asserted works and source code


**\*\*\* EXTERNAL\*\*\***

Thanks Steve. We appreciate what we understand to be Plaintiff's confirmation below that it will make complete copies (including all source code) of the Asserted Works available for inspection within a week's notice.

We also need a firm date by which we can expect Plaintiff's production of non-source code materials.

We also raise the following additional issues concerning Plaintiff's RFP objections and

11

responses. Please let us know when someone from your team can be available to meet and confer regarding the below.

1. **Derivative Works (RFP 2)**. Deque has accused BrowserStack's product of being a derivative work of one or more Asserted Works even though the products clearly are not substantially similar. BrowserStack is entitled to know what other works Deque contends to be also derivative of its Asserted Works, to the extent any such works exist.

2. **Documents reflecting Allegedly Copied Content (RFP 24).** BrowserStack is entitled to see when and other contexts in which the Allegedly Copied Content has been fixed in tangible form, including to understand the content's original authorship and whether the content is protectible expression. Applying search terms using literal elements that were purportedly copied to identify documents responsive to this request should not be any added burden on Plaintiff.

3. **Documents related to the web accessibility testing market and competitors and their products, including factors affecting pricing, valuation, market demand, and purchasing decisions for the Asserted Works (RFP 26, 38, 39)**. BrowserStack is entitled to such documents. Among other things, such documents are directly relevant to causation and damages. For example, BrowserStack is entitled to discover information as who Deque considers its competitors and other product options in the web accessibility testing market, related pricing, how purchasing decisions are made by users, other information relevant to the materiality of the alleged false advertisement, and to what extent Deque could have incurred any actual damages due to BrowserStack's alleged conduct.

4. **Documents and communications with third parties related to any alleged copyright infringement by BrowserStack (RFP 45).** BrowserStack is entitled to discover relevant non-privileged communications with third parties concerning BrowserStack, and in particular those which discuss or otherwise relate to the Accused Product and the claims asserted by Deque in this lawsuit.

5. **Documents and communications with third parties related to infringement of the copyrights in its Asserted Works (RFP 46)**. BrowserStack is entitled to discover any non-privileged documents reflecting Plaintiff's positions of infringement (or non-infringement, such as fair use) of any copyrights in the Asserted Works against any other third parties, especially to the extent that it may impact Plaintiff's position vis-à-vis BrowserStack. Please advise if any such documents or communications exist, and if so, whether they will be produced.

6. **Documents related to Plaintiff's investigation into BrowserStack (RFP 47)**. Please advise if any non-privileged communications and documents exist related to Plaintiff's investigation into BrowserStack and Deque's allegations and claims in this lawsuit. To the extent any exist, these are relevant and should be produced.

7. **Documents related to Plaintiff's use, analysis, or copying of any BrowserStack product (RFP 47)**. BrowserStack is entitled to know how Plaintiff has accessed, used, or copied certain portions or features of BrowserStack's products, including the Accused Product, especially to the extent that such discovery may show whether Plaintiff's mere access, use, or copying similarly does or does not give rise to liability under copyright law.

8. **Documents related to Plaintiff's press statements concerning its allegations against BrowserStack (RFPs 48-50)**. Rather than provide BrowserStack any prior

12

notice of its concerns or compete fairly in the market, Plaintiff appears to have planned and engaged in a PR campaign to accompany and capitalize on its filing of this lawsuit against BrowserStack.  Deque's PR campaign included unsubstantiated public statements accusing BrowserStack of "shameless," "intentional" "theft" which had the intended effect of damaging BrowserStack's reputation.  BrowserStack is entitled to discover Deque's non-privileged documents and communications with third parties (such as any with Michiel Willems) regarding the factual basis for its public statements and asserted claims against BrowserStack.

9. **Document retention policies and custodial information (RFPs 66, 67).**  We would like to understand Plaintiff's data retention policy, as well as the custodial/repository information with respect to Plaintiff's search for responsive documents.

Best regards,
Songmee

Songmee L. Connolly, Esq.
Marton Ribera Schumann & Chang LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
(415) 360-2513 (office)
(650) 862-8305 (mobile)
songmee@martonribera.com

---

**From:** Zeller, Steven <SZeller@dykema.com>
**Date:** Monday, July 8, 2024 at 8:35 PM
**To:** Songmee Connolly <songmee@martonribera.com>
**Cc:** Ryan Marton <ryan@martonribera.com>, Phil Haack <phaack@martonribera.com>, Belinda Jones <bjones@cblaw.com>, Roman Lifson <Rlifson@cblaw.com>, Chotvacs, Charles <CChotvacs@dykema.com>, Freire, Diego <DFreire@dykema.com>, Borelo, Ryan <RBorelo@dykema.com>, Harkins, J.Daniel <DHarkins@dykema.com>
**Subject:** RE: Deque v. BrowserStack - M&C re copies of asserted works and source code

Songmee,

Sorry for the delay.  In response to RFP 1, Deque will make available for inspection a complete copy of each of the 16 Copyrighted Software Works, and produce a complete copy of the Copyrighted Library.

The software source code can be ready for review within a week's notice. We can be flexible on which Dykema office will work best for such review, as well.

I will let you know shortly on the search tools our expert would like to see on the review laptop, and his schedule for review.

Regards,

Steve

**Steven McMahon Zeller**
Member

D 312-627-2272 ▪ M 708-567-6963
SZeller@dykema.com ▪ dykema.com

**BIO**   **VCARD**   **LINKEDIN**

10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606



*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Songmee Connolly <songmee@martonribera.com>
**Sent:** Monday, July 8, 2024 8:05 PM
**To:** Zeller, Steven <SZeller@dykema.com>; Chotvacs, Charles <CChotvacs@dykema.com>; Freire, Diego <DFreire@dykema.com>; Borelo, Ryan <RBorelo@dykema.com>
**Cc:** Ryan Marton <ryan@martonribera.com>; Phil Haack <phaack@martonribera.com>; Belinda Jones <bjones@cblaw.com>; Roman Lifson <Rlifson@cblaw.com>
**Subject:** Re: Deque v. BrowserStack - M&C re copies of asserted works and source code

**\*\*\* EXTERNAL\*\*\***

Dear Counsel:

Following up on this again.  Please advise regarding your position on RFP 1 and your availability to meet and confer on the same.

Regards,
Songmee

**From:** Songmee Connolly <songmee@martonribera.com>
**Date:** Friday, July 5, 2024 at 9:47 AM
**To:** Zeller, Steven <SZeller@dykema.com>, Chotvacs, Charles <CChotvacs@dykema.com>, DFreire@dykema.com <DFreire@dykema.com>, Borelo, Ryan <RBorelo@dykema.com>
**Cc:** Ryan Marton <ryan@martonribera.com>, Phil Haack <phaack@martonribera.com>, Belinda Jones <bjones@cblaw.com>, Roman Lifson <Rlifson@cblaw.com>
**Subject:** Re: Deque v. BrowserStack - M&C re copies of asserted works and source code

14

Dear Counsel,

We just wanted to follow-up on the below request. If it would be helpful to schedule a time early next week for a M&C call regarding these matters please let us know.

Best regards,
Songmee

---

**From:** Songmee Connolly <songmee@martonribera.com>
**Date:** Wednesday, July 3, 2024 at 9:49 AM
**To:** Zeller, Steven <SZeller@dykema.com>, Chotvacs, Charles <CChotvacs@dykema.com>, DFreire@dykema.com <DFreire@dykema.com>, Borelo, Ryan <RBorelo@dykema.com>
**Cc:** Ryan Marton <ryan@martonribera.com>, Phil Haack <phaack@martonribera.com>, Belinda Jones <bjones@cblaw.com>, Roman Lifson <Rlifson@cblaw.com>
**Subject:** Deque v. BrowserStack - M&C re copies of asserted works and source code

Dear Counsel,

We write to meet and confer regarding a priority issue concerning Plaintiff's objections and responses to Defendants' first set of document requests. In response to RFP 1, which seeks a copy of each of the asserted copyrighted works, Plaintiff indicates that it will make available for inspection "the portions of the source code submitted to the Copyright Office for Copyright registration of the Asserted Work." It is unclear which Asserted Work this references, and nevertheless, providing only such "portions" for inspection are insufficient for Defendants to fully evaluate both Plaintiff's infringement and damages claims.

Defendants request a **complete** copy of **each** of the 17 works which Plaintiff has asserted and accuses Defendants of infringing—i.e., the complete source code for the 16 Copyrighted Software Works (see FAC par. 37), and a complete copy of the Copyrighted Library (see FAC par. 38). Can you advise regarding Plaintiff's position and whether it intends to stand on its objections/response? Please let us know if it would be helpful to schedule a meet and confer call on this issue. We also note that we are in the process of evaluating the sufficiency of Plaintiff's objections and responses to Defendants' other document requests, which we will address separately, but wanted to address this issue immediately.

Additionally, can you please advise as to the timing of Plaintiff's forthcoming document production?

Finally, with entry of the protective order we are in the process of preparing BrowserStack's source code for inspection at our local counsel's office. Please let us know your thoughts regarding timing, and if there is any particular software you would like installed on the laptop for the review.

Best regards,
Songmee

Songmee L. Connolly, Esq.

<a>
</a>

Songmee L. Connolly, Esq.
Marton Ribera Schumann & Chang LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
(415) 360-2513 (office)
(650) 862-8305 (mobile)
songmee@martonribera.com

NOTICE: This communication may contain confidential, privileged or attorney work product information for the sole use of the intended recipient. Because mistakes can happen, if you believe you are not the intended recipient please notify the sender and delete all copies of this communication, including any attachments. Marton Ribera Schumann & Chang LLP reserves and asserts all confidentiality rights and privileges regarding this communication.
NOTICE: This communication may contain confidential, privileged or attorney work product information for the sole use of the intended recipient. Because mistakes can happen, if you believe you are not the intended recipient please notify the sender and delete all copies of this communication, including any attachments. Marton Ribera Schumann & Chang LLP reserves and asserts all confidentiality rights and privileges regarding this communication.
NOTICE: This communication may contain confidential, privileged or attorney work product information for the sole use of the intended recipient. Because mistakes can happen, if you believe you are not the intended recipient please notify the sender and delete all copies of this communication, including any attachments. Marton Ribera Schumann & Chang LLP reserves and asserts all confidentiality rights and privileges regarding this communication.
NOTICE: This communication may contain confidential, privileged or attorney work product information for the sole use of the intended recipient. Because mistakes can happen, if you believe you are not the intended recipient please notify the sender and delete all copies of this communication, including any attachments. Marton Ribera Schumann & Chang LLP reserves and asserts all confidentiality rights and privileges regarding this communication.
NOTICE: This communication may contain confidential, privileged or attorney work product information for the sole use of the intended recipient. Because mistakes can happen, if you believe you are not the intended recipient please notify the sender and delete all copies of this communication, including any attachments. Marton Ribera Schumann & Chang LLP reserves and asserts all confidentiality rights and privileges regarding this communication.
NOTICE: This communication may contain confidential, privileged or attorney work product information for the sole use of the intended recipient. Because mistakes can happen, if you believe you are not the intended recipient please notify the sender and delete all copies of this communication, including any attachments. Marton Ribera Schumann & Chang LLP reserves and asserts all confidentiality rights and privileges regarding this communication.

[MRSC edits] to 4875-4810-7227.1 - Joint Motion to extend… 

[MRSC edits] on proposed order .docx