UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**DEQUE SYSTEMS INC.,**

    *Plaintiff*,

v.　　　　　　　　　　　　　　　　　　Case No. 1:24-cv-00217-AJT-WEF

**BROWSERSTACK, INC., and
BROWSERSTACK SOFTWARE PVT.
LTD.,**

    *Defendants*.

### PLAINTIFF DEQUE SYSTEMS INC.'S COMBINED REPLY IN SUPPORT OF ITS MOTION TO COMPEL AND MOTION FOR AN EXTENSION

Plaintiff Deque Systems Inc.'s ("Plaintiff" or "Deque") Motion to Compel Production of Documents (Dkt. 71) and Motion for an Extension of Pretrial Deadlines (Dkt. 74) seek (a) documents that should have been produced and (b) a moderately extended schedule to provide Plaintiff with the opportunity to ascertain the full scope of Defendants BrowserStack, Inc. and BrowserStack Software Pvt. Ltd.'s ("Defendants") copying, infringement, breaches of licensing agreements, and unjust enrichment. Across the board, Defendants protest that they have made certain source code available and therefore do not need to produce responsive documents. However, that is not how the Federal Rules of Civil Procedure work: (1) "without awaiting a discovery request . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information," Fed. R. Civ. P. 26(a)(1)(A)(i); and (2) "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1).

1

First, despite Defendants' initial disclosure and discovery obligations, Defendants withheld all information related to robin.n@browswerstack.com, who was the primary user of Plaintiff's software at BrowserStack. This information (which should have been provided at the beginning of this case) was only recently discovered through extensive internal review and analytics. (*See generally* Dkt. 71, Pls' Mot. to Compel.) In response to Plaintiff's Motion to Compel, on September 23, 2024, Defendants produced under a 100 documents (in addition to the mere 75 documents previously produced). Defendants should not continue to be rewarded for withholding material information.

Second, despite Defendants' initial disclosure and discovery obligations, Defendants withheld all information related to bundled software, despite the fact that Defendants are now advertising accessibility testing features in various bundled products. (*See* **Ex. 1**, Screenshot.) In response, Defendants repeatedly protest and reiterate that "source code is available." However, Defendants have never made any code related to its newly released infringing products available. Thus, on the whole, Defendants' productions are facially deficient (i.e., Defendants are not permitted to artificially limit the scope of discovery).

Third, Defendants will not agree to an extension related to damages expert disclosure deadlines, but everything has fundamentally changed after the discovery of information that should have been provided by Defendants at the outset—e.g., information related to robin.n (the primary user) and documents related to bundled software.

Fourth, Defendants refuse to produce technical documents related to the design and development of their software programs containing accessibility software. This is a textbook example of discoverable information, and Defendants' continued reliance on pointing to an incomplete set of code should not be seriously entertained.

Dated:  September 26, 2024

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

 /s/ Charles W. Chotvacs
Charles W. Chotvacs (VSB# 70045)
1301 K Street, N.W., Suite 1100 West
Washington, D.C. 20005
Telephone: (202) 906-8600
Facsimile: (202) 906-8669
cchotvacs@dykema.com

Steven McMahon Zeller (*pro hac vice*)
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155
szeller@dykema.com

J. Daniel Harkins (*pro hac vice*)
Ryan D. Borelo (*pro hac vice*)
112 East Pecan Street, Suite 1800
San Antonio, TX 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395
dharkins@dykema.com
rborelo@dykema.com

**BODMAN PLC**

 /s/ Justin P. Bagdady
Justin P. Bagdady (*pro hac vice*)
201 S. Division Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 930-2727
Facsimile: (743) 930-2494
jbagdaddy@blodmanlaw.com

Stephen P. Dunn (*pro hac vice*)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
Telephone: (248) 743-6031
Facsimile: (248) 743-6002
sdunn@bodmanlaw.com

3

Alan J. Gocha (*pro hac vice*)
99 Monroe Ave, Suite 300
Grand Rapids, MI 49503
Telephone: (616) 205-4330
agocha@bodmanlaw.com

***Counsel for Plaintiff Deque Systems Inc.***

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2024, the foregoing Combined Reply in Support of Plaintiff Deque System Inc.'s Motion to Compel and Motion for an Extension was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which shall send notification of electronic filing to all counsel of record.

    /s/ Charles W. Chotvacs
Charles W. Chotvacs