# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**DEQUE SYSTEMS INC.,**

    **Plaintiff,**

v.   Case No. 1:24-CV-00217-AJT-WEF

**BROWSERSTACK, INC., and BROWSERSTACK SOFTWARE PVT. LTD.,**

    **Defendants.**

## PLAINTIFF DEQUE SYSTEMS INC.'S INITIAL DISCLOSURES

Plaintiff Deque Systems Inc. ("Deque" or "Plaintiff"), by and through its attorneys, hereby provides the following initial disclosures ("Initial Disclosures") pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

## PRELIMINARY STATEMENT

1. These Initial Disclosures are made by Plaintiff based upon documents, knowledge, and information presently and reasonably available to it as of the date hereof, on the basis of documents, knowledge, and information within its possession, custody, or control. Plaintiff reserves and does not waive the right to rely on any information, facts, documents, or other materials that may subsequently come to its attention through further investigation, discovery, disclosure, or otherwise, or the right to supplement, amend, modify, correct or clarify these Initial Disclosures as appropriate pursuant to Federal Rule of Civil Procedure 26(e) based upon any such other and additional information, facts, documents, or other materials.

2. In providing these Initial Disclosures, Plaintiff reserves and does not waive the right to object to the relevance, authenticity, or admissibility of any information contained herein. Plaintiff's Initial Disclosures are made without waiving the right to object on the grounds

of competency, privilege, relevancy, hearsay, or any other proper ground, or the right to object to the use or disclosure of any information set forth herein for any purpose, in whole or in part, in this action or outside of this action.

3. Plaintiff's Initial Disclosures are made without waiving the right to object on any and all proper grounds to any other discovery requests, whether pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of Virginia, or otherwise.

4. Plaintiff's Initial Disclosures are being made subject to, and without waiver of, the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity from disclosure.

5. Each of the preceding statements in this Preliminary Statement is incorporated by reference into each of the specific Initial Disclosures below as though fully set forth therein.

## INITIAL DISCLOSURES

**Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information–along long with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1. <u>Deque Systems Inc.</u>: The following employees of Deque may have discoverable information that Deque may use to support its claims, subject to applicable attorney-client privileges. These individuals shall be contacted in the first instance through undersigned counsel for Plaintiff.

> <u>Preety Kumar</u>: Ms. Kumar is the Chief Executive Officer of Deque. Ms. Kumar possesses knowledge regarding Deque's claims in this action and related matters.
>
> <u>Neel Sinha</u>: Mr. Sinha is the Vice President of Sales for Deque. Mr. Sinha possesses knowledge regarding Deque's claims in this action and related matters, including Deque's sales and damages incurred by Deque from Defendants' actions.

<u>Dylan Barrell</u>: Mr. Barrell is the Chief Technology Officer of Deque. Mr. Barrell possesses knowledge regarding Deque's claims in this action and related matters.

<u>Harris Schneiderman</u>: Mr. Schneiderman is a Senior Product Manager of Deque. Mr. Schneiderman possesses knowledge regarding Deque's claims in this action and related matters.

2.    <u>Defendants</u>: On the basis of documents, knowledge, and information presently and reasonably available to Plaintiff, former and current employees of Defendants BrowserStack Inc. and/or BrowserStack Software PVT. Ltd. (collectively "BrowserStack") may have discoverable information that Plaintiff may use to support its claims in this action, including the following former or current employees:

<u>Ritesh Arora</u>: According to his LinkedIn profile, Mr. Arora is a co-founder of BrowserStack and is the chief executive officer of BrowserStack.

<u>Gary Behan</u>: According to his LinkedIn profile, Mr. Behan is the Field CTO of BrowserStack and specializes in accessibility testing. Mr. Behan has knowledge of BrowserStack's accessibility testing tools and methods.

<u>Sadaat Mohammed</u>: According to his LinkedIn profile, Mr. Mohammed is a software engineer at BrowserStack. Mr. Mohammed has knowledge of BrowserStack's accessibility testing tools and methods, and Mr. Mohammed has previously accessed and registered for use of Deque's competing products and tools.

<u>Kush Shah</u>:  According to his LinkedIn profile, Mr. Shah is an engineering manager at BrowserStack. Mr. Shah has knowledge of BrowserStack's accessibility testing tools and methods, and Mr. Shah has previously accessed and registered for use of Deque's competing products and tools.

<u>Amar Ahuja</u>: According to his LinkedIn profile, Mr. Ahuja is a software engineer at BrowserStack. Mr. Ahuja has knowledge of BrowserStack's accessibility testing tools and methods, and Mr. Ahuja has previously accessed and registered for use of Deque's competing products and tools.

<u>Sameer Dhole</u>: According to his LinkedIn profile, Mr. Dhole is a software engineer at BrowserStack.  Mr. Dhole has knowledge of BrowserStack's accessibility testing tools and methods.

<u>Zeeshan Nevrekar</u>: According to his LinkedIn profile, Mr. Nevrekar is an accessibility specialist at BrowserStack.  Mr. Nevrekar has knowledge of BrowserStack's accessibility testing tools and methods.

Rohit Nair: According to his LinkedIn profile, Mr. Nair is an accessibility sales specialist and account executive at BrowserStack. Mr. Nair has knowledge of BrowserStack's accessibility testing tools and methods.

Apurv Jain: According to his LinkedIn profile, Mr. Jain is a product manager at BrowserStack. Mr. Jain has knowledge of BrowserStack's accessibility testing tools and methods, and Mr. Jain has previously accessed and registered for use of Deque's competing products and tools.

Kaustubh Saxena: According to his LinkedIn profile, Mr. Saxena is an Engineering Team Lead for BrowserStack who "played a pivotal role in developing the A11Y scanner core, which serves as the backbone for BrowserStack Accessibility Automation." Mr. Saxena has knowledge of the development of BrowserStack's accessibility testing software.

Varun Sood: According to his LinkedIn profile, Mr. Sood is an engineering manager at BrowserStack. Mr. Jain has knowledge of BrowserStack's accessibility testing tools and methods.

Arpan Shukla: According to his LinkedIn profile, Mr. Shukla is a Lead Software Engineer at BrowserStack, and part of the "web accessibility testing product engineering team." Mr. Jain has knowledge of BrowserStack's accessibility testing tools and methods.

Sonu Rana: According to his LinkedIn profile, Mr. Rana was an engineering manager for BrowserStack. Mr. Rana has knowledge of BrowserStack's accessibility testing tools and methods, and Mr. Rana has previously accessed and registered for use of Deque's competing products and tools.

Ribin Roy: According to his LinkedIn profile, Mr. Roy was a software engineer for BrowserStack. Mr. Roy has knowledge of BrowserStack's accessibility testing tools and methods, and Mr. Roy has previously accessed and registered for use of Deque's competing products and tools.

Aman Pandey: According to his LinkedIn profile, Mr. Pandey was a software engineer for BrowserStack. Mr. Pandey has knowledge of BrowserStack's accessibility testing tools and methods, and Mr. Pandey has previously accessed and registered for use of Deque's competing products and tools.

Abhijeet "Abhi" Singh: According to his LinkedIn profile, Mr. Singh was a software engineer for BrowserStack. Mr. Singh has knowledge of BrowserStack's accessibility testing tools and methods, and Mr. Singh has previously accessed and registered for use of Deque's competing products and tools.

Manoj Gupta: According to his LinkedIn profile, Mr. Gupta was a software developer for BrowserStack. Mr. Gupta has knowledge of BrowserStack's accessibility testing tools and methods, and Mr. Gupta has previously accessed and registered for use of Deque's competing products and tools.

<u>Arpit Jain</u>: According to his LinkedIn profile, Mr. Jain was a marketing manager for BrowserStack. Mr. Jain has knowledge of BrowserStack's accessibility testing tools and methods.

3. Al persons identified in Defendants' Rule 26(a)(1) initial disclosures.

There may be other individuals associated with the parties in this action or with third parties who have information relevant to Plaintiff's claims in this action, but Plaintiff has not specifically determined those individuals' identities at this time. Plaintiff reserves the right to supplement or amend this list with the name(s) of additional persons, when and if they are identified, or those who inadvertently may have been omitted. Further, the above individuals identified may have information about subjects other than those identified, which Plaintiff reserves the right to supplement as discovery progresses.

**Rule 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiff has in its possession, custody, or control documents, electronically stored information, and tangible things concerning the matters set forth in the Complaint, which generally include, but are not necessarily limited to: documents, electronically stored information, and tangible things concerning: copyright records and deposit copies; copyright ownership agreements; Plaintiff's use of the copyrighted works at issue; Defendants' unauthorized use of Plaintiff's copyrighted works; Plaintiff's sales of products related to Plaintiff's copyrighted works; and Plaintiff's software. Plaintiff will produce these materials in connection with Plaintiff's responses to discovery requests propounded by Defendants and subject to (a) the entry of a protective order; (b) a reasonable search protocol (including custodians, search terms, date ranges, and other parameters) to be applied to Plaintiff's search for documents; and (c) all appropriate reservations, objections, privileges, protections, or immunities

5

from disclosure. Plaintiff reserves the right to supplement or amend this list, and may identify additional categories of documents as discovery and its own investigation continues.

Plaintiff further reserves the right to rely upon all documents produced by Defendants in connection with their initial disclosures and in the course of discovery, as well as any documents obtained independently by Plaintiff during the course of discovery in this action.

**Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiff seeks its lost profits and/or Defendants' revenue attributable to Defendants' copyright infringement, false advertising and breach of contract. Alternatively, Plaintiff seeks damages in the amount that Defendants' have been unjustly enriched through their unlawful actions. Plaintiff further seeks enhanced damages, attorneys' fees, and pre- and post-judgment interest to the extent permitted by law.

Plaintiff will make available to Defendants the documents upon which it bases its computation of losses under Fed. R. Civ. P. 34 as discovery proceeds, subject to all appropriate reservations, objections, privileges, protections, or immunities from disclosure.

**Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

This category of disclosures is not applicable.

Dated:  June 7, 2024

**DYKEMA GOSSETT PLLC**

 /s/ *Charles W. Chotvacs*
Charles W. Chotvacs (VA Bar #70045)
1301 K Street N.W., Suite 1100 West
Washington, D.C. 20005
Telephone: (202) 906-8600
Facsimile: (202) 906-8669
cchotvacs@dykema.com

J. Daniel Harkins (*pro hac vice*)
dharkins@dykema.com
Ryan D. Borelo (*pro hac vice*)
rborelo@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

Steven McMahon Zeller (*pro hac vice*)
szeller@dykema.com
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155

***Attorneys for Plaintiff Deque Systems Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFF DEQUE SYSTEMS INC.'S INITIAL DISCLOSURES**, were served on counsel for BrowserStack, Inc. and BrowserStack Software Pvt. Ltd., on the date indicated below by email addressed to bjones@cblaw.com; phaack@martonribera.com; rlifson@cblaw.com; ryan@martonribera.com; and songmee@martonribera.com.

Dated:  June 7, 2024                                    /s/ *Steven McMahon Zeller*
                                                        Steven McMahon Zeller

4867-8615-4694.2