# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DEQUE SYSTEMS INC.

        Plaintiff,

 v.

BROWSERSTACK, INC., and
BROWSERSTACK SOFTWARE PVT. LTD.,

        Defendants.

Case No. 1:24-cv-00217-AJT-WEF

**DEFENDANT BROWSERSTACK SOFTWARE PVT. LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DEQUE SYSTEMS INC.**

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Virginia, Defendant BrowserStack Software Pvt. Ltd. ("Defendant" or "BrowserStack Software") requests that Plaintiff Deque Systems Inc. answer the following interrogatories within thirty (30) days after service.

## DEFINITIONS

The following definitions shall apply to the interrogatories that follow:

1. "Deque," "Plaintiff," or "You" means Plaintiff Deque Systems Inc., any of its officers, directors, employees, representatives, consultants, agents, servants, employees, attorneys, accountants, or any person who served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, predecessors-in-interest, any joint venture to which Deque or one of its corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, is a party, or any other persons acting on their behalf.

2. "BrowserStack Software" means defendant BrowserStack Software Pvt. Ltd.

3. "BrowserStack U.S." means defendant BrowserStack, Inc.

4. "BrowserStack Ireland" means former defendant BrowserStack Ltd.

5. "BrowserStack" or "Defendants" means individually or collectively BrowserStack Software or BrowserStack U.S.

6. "Action" means this action, *Deque Systems Inc. v. BrowserStack, Inc., et al.*, filed on February 13, 2024, in the United States District Court for the Eastern District of Virginia.

7. "Complaint" means the initial complaint filed in the Action on February 13, 2024. *See* ECF 1.

8. "First Amended Complaint" means the first amended complaint deemed filed in this Action on May 28, 2024. *See* ECF 44-1; ECF 46.

9. "Asserted Works" means any and all works asserted in the Action as purportedly copyrighted and allegedly infringed by any BrowserStack Defendant, and shall include without limitation the following 17 works alleged and described in paragraphs 37-39 and Exhibits D and E of the First Amended Complaint:

|     | Title | Registration No. |
| --- | --- | --- |
| 1.  | Axe Dev Tools v3.7.0. | TX0009335645 |
| 2.  | Axe Dev Tools v3.8.0. | TX0009335914 |
| 3.  | Axe Dev Tools v3.9.0. | TX0009340330 |
| 4.  | Axe Dev Tools v3.10.0. | TX0009340341 |
| 5.  | Axe Dev Tools v4.0.0. | TX0009335692 |
| 6.  | Axe Dev Tools v4.1.0. | TX0009336616 |
| 7.  | Axe Dev Tools v4.2.0. | TX0009336019 |
| 8.  | Axe Dev Tools v4.3.0. | TX0009338465 |
| 9.  | Axe Dev Tools v4.4.0. | TX0009336533 |
| 10. | Axe Dev Tools v4.5.0. | TX0009337562 |
| 11. | Axe Dev Tools v4.6.0. | TX0009336758 |
| 12. | Axe Dev Tools v4.6.2. | TX0009336764 |
| 13. | Axe Dev Tools v4.7.0. | TX0009336762 |
| 14. | Axe Dev Tools v4.8.0. | TX0009336375 |
| 15. | Axe Dev Tools v4.8.5. | TX0009336379 |
| 16. | Axe Dev Tools v4.9.0. | TX0009336480 |
| 17. | Rules Help Pages ("Rules Help Pages") | TX 9-359-731 |

10. "Axe DevTools® Chrome Extension" means the "axe DevTools® browser extension" for Google Chrome referenced in the First Amended Complaint.

11. "Doc-Issue-Help Pages" means the Doc-Issue-Help pages identified in paragraphs 24, 25, 44, 105 and 106 of the First Amended Complaint.

12. "Accused Product" means any product of any BrowerStack Defendant accused of infringing any copyright in any Asserted Work, including without limitation the "BrowserStack Accessibility Toolkit" for Google Chrome referenced in the First Amended

3

Complaint, including without limitation in paragraphs 40-47 thereof.

13. "Allegedly Copied Content" means any Asserted Work, or any part of any Asserted Work, which you contend to be subject matter protected by copyright and which you contend was copied into, or is substantially similar to, any part of any Accused Product.

14. The terms "document" or "thing" shall have the same meaning and scope as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written, printed, recorded, or graphic matter that is or has been in Plaintiff's actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, anything that can be classified as a "writing," "original," or "duplicate." Any document bearing marks, including, without limitation, initials, stamped indicia, comments, or notations not part of the original text or photographic reproduction thereof, is a separate document.

15. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

16. The terms "any" and "all" shall be construed as "any and all."

17. The terms "each" and "every" shall be construed as "each and every."

18. The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

19. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

20. The term "person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative,

attorney, or principal thereof.

21. The term "communication" shall include, without limitation, any written or oral communication, including any conversation in person, by telephone, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

22. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, or principal thereof.

23. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

24. The terms "relating to," "related to," "relate(s) to," "pertaining to," or "pertain(s) to" a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating such subject.

25. The use of the term "the" shall not be construed as limiting the scope of any request.

26. The use of the singular shall also include the plural, and vice-versa.

27. The terms "identify," "identifies," and "identification," when used with respect to a document mean to provide information sufficient to locate that document, including but not limited to the following: the production range number; the date appearing on the document or, if no date appears thereon, the approximate date on which the document was prepared; the

5

identifying code number, file number, title, and/or label of the document; a general description of the document (*e.g.*, letter, memorandum, drawing); the title or heading.  For a person, it means to provide the full name, last known address, last known telephone number, and the employer and job title of the person, or as much of that information that is available to you after a reasonable and diligent search.

28.	The term "describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, means: (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual what he/she said or did; and (4) to identify each document used or prepared in connection therewith.

## INSTRUCTIONS

The following instructions apply to answering the interrogatories below:

1.	Plaintiff is required to answer the following interrogatories separately, in order, and fully and in writing and under oath, within thirty (30) days from the date of service.  In responding to these interrogatories, please furnish all information that is available to Plaintiff or subject to its control, including information in the possession, custody, or control of its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any person who has served in any such role at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, any joint venture to which either is a party, and other persons acting on their behalf.

2.	In accordance with Federal Rule of Civil Procedure 26(b)(5), where you assert a claim of privilege in objecting to any interrogatory or part thereof, and you do not provide information on the basis of that assertion:

A.	In asserting the privilege, in the objection to the interrogatory, or part

thereof, identify with specificity the nature of the privilege (including work product) that is being claimed, and a brief explanation of why the information is privileged; and

   B. Provide the following information in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

   1) For oral communications: (a) the name of the person making the communication and the names of the persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; (b) the date and place of the communication; and (c) the general subject matter of the communication.

   2) For documents: (a) the type of document (*e.g.*, letter, memorandum, email, email chain, etc.); (b) the date the document was prepared; (c) the name of each author, coauthor, or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document; (d) if the document reflects or refers to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; and (e) the general subject matter of the document.

  3. If you object to an interrogatory on the grounds that it is overly broad, provide a response to any portion of the interrogatory that you concede is discoverable pursuant to Rule 26.

  4. If, in answering these interrogatories, you encounter any ambiguities when construing a question, instruction, or definition, in your answer set forth the matter deemed ambiguous and the construction used in answering.

  5. If you cannot fully answer any interrogatory, answer to the extent possible and explain: (a) what information you refuse to produce and (b) why full compliance is not possible.

If you object to any subpart of any interrogatory, or if you fail to produce all information and documents responsive to any interrogatory, state with specificity all grounds for each such objection or failure to produce all responsive information.

6. Whenever you answer any interrogatory by reference to documents, you shall identify such documents in detail, including, without limitation, a reference to the production or Bates number of the document or documents.

7. These interrogatories are deemed to be continuing so as to require you to file and serve supplemental answers should you learn of additional information, documents, or tangible things called for by interrogatories between the time your answers are served and the time of trial. In accordance with Federal Rule of Civil Procedure 26(e), supplemental answers shall be served within a reasonable time after the discovery of such additional information or documents.

## INTERROGATORIES

**Interrogatory No. 1:** For each Asserted Work, describe in detail the facts and circumstances related to its conception, creation, development, and copyright registration, including all dates related thereto.

**RESPONSE:**


**Interrogatory No. 2:** Identify all Allegedly Copied Content, including where such Allegedly Copied Content exists in each Asserted Work and in each Accused Product.

**RESPONSE:**

**Interrogatory No. 3:** For any Allegedly Copied Content identified in response to Interrogatory No. 2, describe in detail the facts and circumstances related to its conception, creation, and development, including the first date such Allegedly Copied Content was fixed in any tangible medium of expression and any author(s) of such Allegedly Copied Content.

    **RESPONSE:**

**Interrogatory No. 4:** State all facts supporting your claim that any Accused Product constitutes a derivative work of one or more Asserted Works.

    **RESPONSE:**

**Interrogatory No. 5:** For each Asserted Work, identify each exclusive right under 17 U.S.C. § 106 that you claim was infringed, and the factual and legal basis for such infringement claim as asserted against each BrowserStack Defendant.

    **RESPONSE:**

**Interrogatory No. 6:** Identify all studies, surveys, investigations, research, development, analyses, or opinions concerning the Accused Product, including, but not limited to, any comparing or contrasting the Accused Product with any Asserted Work or any concerning any similarities or differences between the Accused Product and any Asserted Work.

    **RESPONSE:**

**Interrogatory No. 7:**  Identify and describe your discovery (including when and how) of any activities by a BrowserStack Defendant which you claim infringed any Asserted Work, whether you contend any such infringing activities are continuing, and if so, how they are continuing.

    **RESPONSE:**

**Interrogatory No. 8:**  For each cause of action asserted in this Action, identify and describe any attempts you made before filing this Action to mitigate any alleged damages or to otherwise make any alleged wrongful conduct by any BrowserStack Defendant cease or stop (*e.g.*, any communications, notices, or cease and desist letters).

    **RESPONSE:**

**Interrogatory No. 9:**  For each claim for relief asserted in this Action, identify each item of damages to which you claim you are entitled, including the type of damages, the amount, how such amounts are calculated, and the legal and factual basis for your recovery of such damages item from each BrowserStack Defendant.

    **RESPONSE:**

**Interrogatory No. 10:**  Identify all persons who provided knowledge, documents, or information used, reviewed or referenced in answering any interrogatories served in this Action, designating the number of each interrogatory for which such persons provided the knowledge, documents, or information.

    **RESPONSE:**

Dated:  June 21, 2024  /s/ Ryan J. Marton

Ryan J. Marton (*pro hac vice* admitted)
ryan@martonribera.com
Songmee L. Connolly (*pro hac vice* admitted)
songmee@martonribera.com
Phillip J. Haack (*pro hac vice* admitted)
phaack@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515

Belinda D. Jones (VSB No. 72169)
bjones@cblaw.com
Roman Lifson (VSB No. 43714)
rlifson@cblaw.com
Christian & Barton, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219-3095
Tel.: (804) 697-4100
Fax: (804) 697-4112

*Attorneys for Defendant BrowserStack Software Pvt. Ltd.*

11

## CERTIFICATE OF SERVICE

I, the undersigned declare:

I am over eighteen years of age, a resident of the State of California and a citizen of the United States, and not a party to the within action. My business address is 548 Market Street, Suite 36117, San Francisco, California 94104. On the date set below, in the ordinary course of business, I served the following document(s):

**DEFENDANT BROWSERSTACK SOFTWARE PVT. LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DEQUE SYSTEMS INC.**

by transmitting by electronic mail the document(s) listed above to the email address(es) below:

Jack Daniel Harkins, dharkins@dykema.com
Ryan Daniel Borelo, rborelo@dykema.com
Steven McMahon Zeller, szeller@dykema.com
Charles Wheeler Chotvacs, CChotvacs@dykema.com
Diego F. Freire, dfreire@dykema.com

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information is true and correct, and this Certificate of Service was executed on June 21, 2024, at San Jose, California.

/s/ *Songmee Connolly*
Songmee Connolly