IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DEQUE SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-00217 (AJT/WEF) |
| | ) | |
| BROWSERSTACK, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

On October 18, 2024, the Court held a final pretrial conference for this matter. As instructed by the Court during the conference, it is hereby

**ORDERED** that any dispositive motions be filed on or before November 15, 2024, and that oral argument for any dispositive motions shall be heard on Wednesday, December 18, 2024, at 10:00 a.m.; and it is further

**ORDERED** that the jury trial in this matter is set for January 21, 2025. With respect to the jury trial, the Court orders as follows:

I. On **January 21, 2025**, the Court will convene at **9:00 a.m.** to address any preliminary matters, and trial will begin with jury selection at 10:00 a.m. Thereafter, beginning on January 22, 2025, and through the remainder of trial, the Court will begin trial at 9:30 a.m., although counsel should be present by 9:00 a.m., unless otherwise informed by the Court.

Subject to the exigencies of the case the Court will take a lunch recess from 1:00 p.m. to 2:00 p.m. and recess between 5:30 p.m. and 6:00 p.m. daily. Trial proceedings will take place in Courtroom 900.

II. **Pretrial Motions**. All motions *in limine* or other trial-related motions shall be filed no later than ten (10) days before trial is scheduled to begin.

III. **Technology in Court**

A. **Personal Electronic Devices.** The Court only permits electronic devices that will be used to aid in the presentation of evidence at trial, such as laptop computers and other related equipment, and only with the Court's prior authorization. **Cell phones and other personal electronic devices are not permitted**.

B. **Evidence Presentation Systems.** In order to bring approved electronic devices for the presentation of evidence into the courthouse, Counsel must obtain authorization from the Court. If Counsel desires to use the Court's evidence presentation system, it also must request use prior to trial. Counsel must submit the completed forms via CM/ECF at least **seven (7) days before trial**. Once the Court has approved the request, counsel will receive a Notice of Electronic Filing (NEF). Counsel is advised to bring the signed form to the courthouse on the dates requested and to present it to the court security officers (CSOs) at the entry of the courthouse. The electronic authorization form and the evidence presentation form are available here: https://rb.gy/9022g (shortened URL). Counsel **should not request authorization to bring in cell phones or other personal electronic devices**, which are prohibited.

C. **Orientation to Evidence Presentation Systems.** Orientation prior to any use of the equipment is required. Once you have received approval to use the evidence presentation system, please email the Court Technology Administrator at courtroom_tech@vaed.uscourts.gov to schedule an orientation. **Please include the anticipated date(s) of orientation on the electronic authorization form submitted to the court**. Orientations are for learning how to use the courthouse's evidence presentation system and testing the attorneys' laptop computer connections. Practicing presentations and preparing witnesses is not allowed.

D. **Additional Information.** Additional information regarding the Court's evidence presentation system is available here: https://www.vaed.uscourts.gov/evidence-presentation-system.

IV. **Exhibits** shall be addressed in the following manner:

A. The parties shall place all proposed trial exhibits in binders, properly tabbed, numbered, and indexed, and the original and two (2) copies shall be delivered to the Clerk, with copies in the same form to the opposing party, **seven (7) days** before trial.

B. The parties are directed to meet and confer with respect to all outstanding objections to exhibits; and to resolve to the maximum extent possible any such objections.

C. Each party will submit to the Court, **five (5) days before trial**, a list of the other party's exhibits to which an objection remains outstanding and as to each such exhibit, a brief justifying the remaining objection.

D. In those instances where an objection is asserted to only a portion of an exhibit, the objecting party should submit a version of the exhibit that it does not object to. For example, where only a portion of an exhibit is objected to on the grounds of hearsay, relevance or lack of personal knowledge, the objecting party should submit a proposed redacted version of the exhibit.

V. **Voir Dire.** The Court will conduct the *voir dire.* Each party should submit proposed questions as set forth in the local rules. Additionally, the parties should provide electronic versions of the file in Microsoft Word format by e-mail to my law clerk (katelyn_deibler@vaed.uscourts.gov).

VI. **Jury instructions** shall be addressed in the following manner:

A. The parties shall exchange proposed jury instructions at least **seven (7) days before trial**, and thereafter meet and confer on those instructions in order to reach an agreement on as many jury instructions as possible.

B. **Five (5) days before trial**, the parties shall jointly submit to Chambers a set of agreed upon instructions. At the same time (five days before trial), each party shall submit to the Court a set of proposed jury instructions as to which there has not been complete agreement (disputed instructions). The instructions submitted should be the full verbatim instructions to be read to the jury. Mere references to jury instruction numbers in form books are not sufficient. Finally, the parties shall submit jointly an index of all proposed jury instructions designating which instructions are agreed upon and which are not.

C. For all submitted jury instructions, both agreed upon and disputed, one hard copy shall be submitted with citations and one without, as well as electronic versions of each in Microsoft Word format by e-mail to my law clerk (katelyn_deibler@vaed.uscourts.gov). For identification purposes as to disputed instructions, the plaintiff should letter their set of instructions, and the defendant should number its set of instructions.

D. **Four (4) days before trial**, any party objecting to a jury instruction proposed by another party shall file a brief, no longer than a total of 15 pages, stating their objections to any proposed instructions and any argument in support of their own alternative instructions.

E. The parties may submit supplemental proposed instructions during the trial, or withdraw those previously proposed, in order to reflect the evidence or the Court's rulings. The Court will instruct the jury before closing arguments and will provide copies of the final set of jury instructions to all parties and to the jury for its use during deliberations.

F. If there are questions about this process, please contact my law clerk or Chambers.

VII. **Objections During Trial.** As a general rule, the Court will not conduct sidebar conferences on objections during witness examination. If counsel believes that argument or discussion on anticipated objections is necessary, counsel should inform the Court outside the presence of the jury and, to the extent practicable, such objections will be heard before the jury is seated at the beginning of each trial day or after the jury is excused at the end of a trial day.

VIII. **Verdict Form.** After consultation among counsel, please present a proposed verdict form for the Court's consideration at or before the close of the plaintiff's case, as well as an electronic copy of the proposed verdict form in Microsoft Word format to my law clerk (katelyn_deibler@vaed.uscourts.gov). If the parties cannot agree, each party should submit their own proposed verdict form in hard copy and electronic copy.

IX. If any party anticipates significant unresolved issues, other than those that are or will be the subject of motions, please alert the Court as soon as possible. This Order is not intended to modify the parties' obligations under any previous Order.

### Contact Information

| | | |
|---|---|---|
| Judicial Assistant | Kristina Brown | (703) 299-2113 |
| Law Clerk | Katelyn Deibler | (703) 299-2202 |

The Clerk is directed to send a copy of this Order to all counsel of record.

October 18, 2024
Alexandria, Virginia

_____
Anthony J. Trenga
Senior U.S. District Judge

4