# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

**DEQUE SYSTEMS INC.**

      **Plaintiff,**

v.

**BROWSERSTACK, INC., and
BROWSERSTACK SOFTWARE PVT.
LTD.,**

      **Defendants.**

Case No. 1:24-cv-00217

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

NOW COMES Plaintiff Deque Systems Inc. ("Deque" or "Plaintiff"), by and through its undersigned counsel, and hereby provides its response to Defendants' Second Set of Interrogatories.

## OBJECTIONS

**INTERROGATORY NO. 11**: Identify by production number a full and complete copy of each Asserted Work.

**RESPONSE:** *See* DEQUE000070 to DEQUE006855; and DEQUE009921 to DEQUE009966.

**INTERROGATORY NO. 12:** For each alleged contract between You and any BrowserStack Defendant that You assert in this Action was breached, identify: (a) the date of the contract; (b) the parties to the contract; (c) the signatories to the contract; (d) a true and complete copy of the contract (by production number); (e) any monetary consideration promised, given, or exchanged pursuant to the contract; (f) each provision You contend was breached and by whom;

(g) the termination date of the contract, if any; and (h) any damages that You contend was caused by any alleged breach.

**RESPONSE:**

a. The relevant contracts are not dated.

b. Deque Systems Inc. and BrowserStack Inc. and/or BrowserStack Pvt. Ltd.

c. Deque Systems Inc. and BrowserStack Inc. and/or BrowserStack Pvt. Ltd.

d. DEQUE007040 (terms of use, axe Accessibility Browser Extension), DEQUE007040 (terms of use, axe Accessibility Browser Extension), website terms of use (https://www.deque.com/terms-of-use/), Terms of Use axe Products (https://www.deque.com/terms-of-use/axe-devtools-online/), Terms of use axe DevTools free extension (https://www.deque.com/terms-of-use/axe-ext/).

e. BrowserStack paid the requisite license fee for access to axe DevTools Pro as detailed in documents produced by BrowserStack.

f. All provisions related to Deque's intellectual property rights; all provisions related to the prohibition of reverse engineering efforts; all provisions related to the prohibition of testing Deque software; all provisions relating to account sharing; and, all provisions related to the publication of testing results.

g. The relevant contracts do not specify a termination date.

h. All direct and indirect damages attributable to BrowserStack's breach which includes BrowserStack's profits (the full scope of which have not been produced or provided by BrowserStack), lost licensing fees, and the value of the intellectual property and other information misappropriated, stolen, and/or reverse engineered by BrowserStack as measured by Deque's development costs.

**INTERROGATORY NO. 13:** For each alleged statement or advertisement You claim in this Action to be false or misleading, identify: (a) the alleged false or misleading false statement or advertisement (by production number, if available); (b) the specific content or text You allege to be false or misleading; (c) its date of publication; (d) all facts or evidence supporting Your claim that the alleged statement or advertisement is false or misleading; (e) all facts or evidence regarding how the statement or advertisement is likely to influence any purchasing decision; (f) any person You contend relied on the false or misleading statement or advertisement; and (g) quantification of any damages You contend was caused by the alleged false or misleading statement or advertisement.

**RESPONSE:**

a. The false and misleading claims are as follows: Defendants' claim that their software is "5x faster." Defendants' claim that Deque's software "does not have a central dashboard." Defendant's claim that Deque's software does not support multipage scanning, report consolidation, or de-duplication of issues.

b. The entirety of the above identified statements are false and/or misleading.

c. Defendants have access to information that will reveal the exact moment they made these statements on their website.

d. The fact that Defendants did not disclose that its "5x faster" claim was based on specific assumptions that make the claim misleading. The fact that Deque's software has the features that Defendants advertisements stated it lacked.

e. A claim that a product is "5x faster" and contains more features than a competing product necessarily motivates consumers to choose that product that is faster and contains more features.

    f. Any and all customers who saw the above described false statements before purchasing BrowserStack's software.

    g. Any and all damages that Plaintiff can prove at trial.

**INTERROGATORY NO. 14:** Identify the specific time period within which You claim that You are entitled to recover any damages in this Action, and the factual and legal basis for Your claim.

**RESPONSE:** Plaintiff reiterates its objections because Defendants' deficient discovery responses and document production limits Plaintiff's ability to answer this interrogatory. For example, Plaintiff requested from Defendants documents that would show the timeline of the Accessibility Toolkit's development, and thus far Defendants have not produced such documents. Subject to and without waiving its objections, Plaintiff identifies approximately the spring of 2023 through the present as the time period during which Defendants have profited from their infringement, breach of contract, and unjust enrichment and for its false advertisement claims identifies the duration of the publication of the False Advertisement.

**INTERROGATORY NO. 15:** For the years 2020 through the present, state Your projected annual sales, revenues, and profits related to each of the Asserted Works.

**RESPONSE:** Plaintiff relies on its document production, including DEQUE010434.

**INTERROGATORY NO. 16:** For the years 2020 through the present, identify Your actual annual sales, revenues, and profits related to each of the Asserted Works.

**RESPONSE:** Plaintiff relies on its document production, including DEQUE010434.

**INTERROGATORY NO. 17:** Identify all facts and evidence to support Your claim that You suffered any actual damages as a result of any alleged copyright infringement by BrowserStack of any Asserted Work.

**RESPONSE:** Plaintiff reiterates its objections because Defendants' deficient discovery responses and document production limits Plaintiff's ability to answer this interrogatory. Subject to and without waiving its objections, Plaintiff identifies and relies upon the documents it has produced, or will produce, which identify the development costs incurred by Plaintiff to create and develop its software products, including the Asserted Works, which were stolen and/or reverse engineered by Defendants. Furthermore, Plaintiff identifies any and all documents produced by Defendants identifying Defendants' profits, both direct and indirect, resulting from their copyright infringement. To date, Defendants have produced only minimal information regarding those profits. Plaintiff further identifies any and all publicly available information regarding Defendants' users or subscribers and pricing, and comparable publicly available data relating to the users or subscribers and pricing of Defendants' competitors.

**INTERROGATORY NO. 18:** Identify all facts and evidence to support Your claim that any BrowserStack revenue or profit is attributable to any alleged copyright infringement by BrowserStack of any Asserted Work.

**RESPONSE:** Plaintiff reiterates its objections because Defendants' deficient discovery responses and document production limits Plaintiff's ability to answer this interrogatory. Subject to and without waiving its objections, Plaintiff responds that copyright infringement entitles Plaintiff to all recover as damages all revenue attributable to Defendants' infringement. Defendants' own publicly available advertising and product offerings show that Defendants utilize and offer for sale the infringing BrowserStack accessibility software as a means to promote sales of Defendants' existing products for new and existing customers. Documents produced by Defendants, including BROWSERSTACK00000030 (which illustrates that this was Defendants' intention in entering the accessibility testing market) and BROWSERSTACK00000653 and

BROWSERSTACK00000017 (which illustrate Defendants' strategy has been successful). Defendants' unlawful use of infringing material to promote or drive sales of other products entitles Plaintiffs to revenue data, and to recover damages, on all of Defendants' products so-promoted.

**INTERROGATORY NO. 19:** Identify the value of any Allegedly Copied Content within any of the Asserted Works.

**RESPONSE:** The Allegedly Copied Content is essential to the Asserted Works and took many years and many millions of dollars to develop which is likely why Defendants blatantly copied and stole the Allegedly Copied Content.

**INTERROGATORY NO. 20:** Identify the value of any Allegedly Copied Content within the Accused Product.

**RESPONSE:** Plaintiff reiterates its objections because Defendants' deficient discovery responses and document production limits Plaintiff's ability to answer this interrogatory. Subject to and without waiving its objections, Defendants' products would not work and would not have value within the marketplace but for the code and other material which Defendants blatantly copied and/or reverse engineered from Plaintiff's products. Defendants would not have developed nor offered a viable, competing product but for their theft of Plaintiff's intellectual property and Defendants' breaches of contract.

**INTERROGATORY NO. 21:** Identify any and all factors that affect, influence, or otherwise impact customer demand or purchasing decisions as they relate to any of the Asserted Works or the Accused Product.

**RESPONSE:** Plaintiff cannot be expected to, and will not endeavor to, identify "any and all factors" that may influence a customer's demand or purchasing decision.

**INTERROGATORY NO. 22:** Identify all facts and evidence to support Your claim for any injunctive relief in this Action.

**RESPONSE:** Defendants have made false and misleading claims in their advertising. Defendants continue to advertise using false and misleading claims such as the "5x faster" claim which is still part of Defendants Chrome Webstore listing. Furthermore, Defendants continue to offer products in the marketplace that are the product of Defendants' blatant copyright infringement and breaches of contract and which would not exist but for Defendants' willful infringement. Defendants' actions are causing irreparable harm, their continued infringement is not in the public interest, and the interests of Plaintiff in preventing further and future infringement vastly outweigh any interest of Defendants' in continuing to offer products built upon intellectual property theft.

**INTERROGATORY NO. 23:** Identify all facts and evidence to support Your allegation that any BrowserStack Defendant acted intentionally or willfully.

**RESPONSE:** Plaintiff reiterates its objections because Defendants' deficient discovery responses and document production limits Plaintiff's ability to answer this interrogatory. Subject to and without waiving its objections, Plaintiff responds that portions of Plaintiff's source code appears verbatim in Defendants' product. Defendant named one of the files in their source code in reference to Plaintiff's Intelligent Guided Testing. Defendants have produced documents wherein BrowserStack specifically contemplates copying Plaintiff's software. Defendants produced documents that contain Plaintiff's copyrighted material wherein BrowserStack employees left notes acknowledging that BrowserStack could not use this copyrighted material and, despite this note, the copyrighted material identified in the document appears verbatim in BrowserStack's product. Usage data shows that BrowserStack employees utilized Deque's

software and systems in a manner and fashion that can only possibly be explained by intentional and willful reverse engineering.

**INTERROGATORY NO. 24:** Identify all facts and evidence to support Your claim for recovery of any attorneys' fees in connection with this Action.

**RESPONSE:** Plaintiff reiterates its objections because Defendants' deficient discovery responses and document production limits Plaintiff's ability to answer this interrogatory. Subject to and without waiving its objections, Plaintiff responds that the copyright infringement, breaches of contract, and false advertising which Defendants engaged in was willful and intentional and the factors for an exceptional case are present in this matter. Furthermore, Defendants have continued to obfuscate and refuse to provide relevant information and documentation in discovery in this matter. In addition, it appears to be Defendants' *modus operandi* to copy, steal, and/or reverse engineer software, websites, and other products offered by its competitors, making clear that Defendants are "repeat offenders," that their conduct is willful, and that an award of attorney fees and costs is supported under federal law and the authority of the Court.

Dated: October 4, 2024

Respectfully submitted,

**BODMAN PLC**

 /s/ Justin P. Bagdady
Justin P. Bagdady (*pro hac vice*)
201 S. Division Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 930-2727
Facsimile: (743) 930-2494
jbagdady@bodmanlaw.com

Stephen P. Dunn (*pro hac vice* pending)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
Telephone: (248) 743-6031
Facsimile: (248) 743-6002

sdunn@bodmanlaw.com

***Counsel for Plaintiff Deque Systems Inc.***

## CERTIFICATE OF SERVICE

    I hereby certify that I served the foregoing Deque Systems Inc's Second Set of Requests for Production to BrowserStack, Inc., BrowserStack Limited, and BrowserStack Software Pvt. Ltd., on counsel for BrowserStack, Inc., BrowserStack Limited, and BrowserStack Software Pvt. Ltd., on the date indicated below by email addressed to bjones@cblaw.com; phaack@martonribera.com; rlifson@cblaw.com; ryan@martonribera.com; and songmee@martonribera.com.

**Dated:** October 4, 2024                                /s/ *Justin P. Bagdady*