# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

DEQUE SYSTEMS INC.

          Plaintiff,

    v.

                                        Case No. 1:24-cv-00217-AJT-WEF

BROWSERSTACK, INC., and
BROWSERSTACK SOFTWARE PVT. LTD.,

          Defendants.

**<u>NOTICE OF DEPOSITION ON ORAL EXAMINATION</u>**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that pursuant to Rules 30(b)(1) and 30(b)(6) of the Federal

Rules of Civil Procedure, Defendants BrowserStack, Inc. and BrowserStack Software Pvt. Ltd.

(collectively, "Defendants" or "BrowserStack") by and through their counsel of record, on

**Wednesday, October 2, 2024, at 10:00 a.m. EST**, or at another date and time mutually agreed

to by the parties, will take the deposition of the designated representative(s) of Plaintiff Deque

Systems, Inc. ("Deque" or "Plaintiff").

    The deposition shall take place at the offices of Christian & Barton, L.L.P., 901 East Cary

Street, Suite 1800, Richmond, Virginia 23219-3095, or, if mutually agreed to by the parties, at

another location or via remote deposition.  The deposition will be taken before a Certified

Shorthand Reporter or other officer authorized to administer oaths.  The testimony will be

recorded by video and stenographic means.  The deposition will continue from day-to-day,

Saturdays, Sundays and holidays excepted, until completed.

    Pursuant to Rule 30(b)(6), Plaintiff has a duty to designate one or more managers,

1

officers, directors, agents, employees or other persons with sufficient knowledge to testify on its behalf as to matters known or reasonably available to it considering the topics set forth in the attached **Schedule A**.  Defendant reserves the right to seek additional testimony on topics set forth in the attached Schedule A in the event that additional facts or documents become available after the conclusion of the deposition on this notice.  Defendant also reserves the right to serve additional Rule 30(b)(6) notices of deposition on additional topics.

Dated:  September 3, 2024          /s/     *Ryan Marton*

Ryan J. Marton (*pro hac vice* admitted)
ryan@martonribera.com
Songmee L. Connolly (*pro hac vice* admitted)
songmee@martonribera.com
Phillip J. Haack (*pro hac vice* admitted)
phaack@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:        (415) 360-2515

Belinda D. Jones (VSB No. 72169)
bjones@cblaw.com
Roman Lifson (VSB No. 43714)
rlifson@cblaw.com
Christian & Barton, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219-3095
Tel.:        (804) 697-4100
Fax:        (804) 697-4112

*Attorneys for Defendants BrowserStack, Inc. and BrowserStack Software India Pvt. Ltd.*

## **SCHEDULE A**

The following definitions shall apply to the topics that follow:

1.      "Deque," "Plaintiff," or "You" means Plaintiff Deque Systems Inc., any of its officers, directors, employees, representatives, consultants, agents, servants, employees, attorneys, accountants, or any person who served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, predecessors-in-interest, any joint venture to which Deque or one of its corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, is a party, or any other persons acting on their behalf.

2.      "BrowserStack Software India" means defendant BrowserStack Software Pvt. Ltd.

3.      "BrowserStack U.S." means defendant BrowserStack, Inc.

4.      "BrowserStack," "BrowserStack Defendant," or "BrowserStack Defendants" means individually or collectively BrowserStack, U.S. and BrowserStack Software India.

5.      "Action" means this action, *Deque Systems Inc. v. BrowserStack, Inc., et al.*, filed on February 13, 2024, in the United States District Court for the Eastern District of Virginia.

6.      "Complaint" means the operative complaint in the Action.

7.      "Asserted Works" means any and all works asserted in the Action as purportedly copyrighted and allegedly infringed by any BrowserStack Defendant, and shall include without limitation the following 17 works alleged and described in paragraphs 31-32 and Exhibits D and E of the original Complaint filed by Deque in the Action on February 13, 2024 ("Original Complaint"):

|     | Title | Registration No. |
| --- | --- | --- |
| 1.  | Axe Dev Tools v3.7.0. | TX0009335645 |
| 2.  | Axe Dev Tools v3.8.0. | TX0009335914 |
| 3.  | Axe Dev Tools v3.9.0. | TX0009340330 |
| 4.  | Axe Dev Tools v3.10.0. | TX0009340341 |
| 5.  | Axe Dev Tools v4.0.0. | TX0009335692 |
| 6.  | Axe Dev Tools v4.1.0. | TX0009336616 |
| 7.  | Axe Dev Tools v4.2.0. | TX0009336019 |
| 8.  | Axe Dev Tools v4.3.0. | TX0009338465 |
| 9.  | Axe Dev Tools v4.4.0. | TX0009336533 |
| 10. | Axe Dev Tools v4.5.0. | TX0009337562 |
| 11. | Axe Dev Tools v4.6.0. | TX0009336758 |
| 12. | Axe Dev Tools v4.6.2. | TX0009336764 |
| 13. | Axe Dev Tools v4.7.0. | TX0009336762 |
| 14. | Axe Dev Tools v4.8.0. | TX0009336375 |
| 15. | Axe Dev Tools v4.8.5. | TX0009336379 |
| 16. | Axe Dev Tools v4.9.0. | TX0009336480 |
| 17. | Rules Help Pages ("Rules Help Pages") | TX 9-359-731 |

8.      "Axe DevTools® Chrome Extension" means the "axe DevTools® browser extension" for Google Chrome referenced in the Complaint, including without limitation in paragraphs 19-24, 26-28, and 30-31 of the Original Complaint.

9.      "Doc-Issue-Help Pages" means the Doc-Issue-Help pages identified in paragraphs 17, 18 and 38 of the Original Complaint.

10.      "Accused Product" means any product of any BrowerStack Defendant accused of infringing any copyright in any Asserted Work, including without limitation the "BrowserStack Accessibility Toolkit" for Google Chrome referenced in the Original Complaint, including without limitation in paragraphs 34-40 thereof.

11.      "Allegedly Copied Content" means any Asserted Work, or any part of any Asserted Work, which you contend to be subject matter protected by copyright and which you contend was copied into, or is substantially similar to, any part of any Accused Product.

12.      The terms "and" and "or" shall be construed conjunctively or disjunctively as

necessary to make the request inclusive rather than exclusive.

13.     The terms "any" and "all" shall be construed as "any and all."

14.     The terms "each" and "every" shall be construed as "each and every."

15.     The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

16.     The term "person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

17.     The term "communication" shall include, without limitation, any written or oral communication, including any conversation in person, by telephone, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

18.     References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, or principal thereof.

19.     References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

20.     The terms "relating to," "related to," "relate(s) to," "pertaining to," or "pertain(s) to" a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning,

discussing, recording, supporting, or negating such subject.

21.     The use of the term "the" shall not be construed as limiting the scope of any request.

22.     The use of the singular shall also include the plural, and vice-versa.

**<u>TOPICS</u>**

1.     The conception, creation, and development of each Asserted Work.

2.     Any and all works, documents, writings, or other materials that were accessed, viewed, studied, referred to, or relied upon in connection with the conception, creation, and development of each Asserted Work.

3.     The relationship between any Asserted Work and any accessibility standard or guideline, including but not limited to any version of the World Wide Web Consortium Web Content Accessibility Guidelines (WCAG), WCAG success criteria, the World Wide Web Consortium Web Accessibility Initiative Accessible Rich Internet Applications (WAI-ARIA), or the World Wide Web Consortium Web Accessibility Initiative User Agent Accessibility Guidelines (UAAG).

4.     Any and all Allegedly Copied Content, including their conception, creation, and development.

5.     The existence of any Allegedly Copied Content in any version of Axe DevTools® Chrome Extension, including any version of Axe DevTools® Chrome Extension that is an Asserted Work.

6.     The existence of any Allegedly Copied Content in any version of The Rules Help Pages, including any version of The Rules Help Pages that is an Asserted Work.

7.     The ownership, transfer, or assignment of any rights in any Asserted Work.

8.      Your registrations or attempted registrations of any claimed copyrights in the Asserted Works.

9.      The existence of any Allegedly Copied Content in any Accused Product, including Your first discovery thereof.

10.     Any similarities between any Asserted Work and any Accused Product.

11.     Any differences between any Asserted Work and any Accused Product.

12.     All facts related to Your claim that the Accused Product constitutes a derivative work as alleged in the Complaint.

13.     All facts related to each of the five claims of relief alleged in the Complaint.

14.     All facts that support Your claim for any injunctive relief in this Action.

15.     All damages You claim or otherwise seek to recover in this Action, including without limitation any You have identified in any of Your responses to Interrogatory No. 9.

16.     Any lost customers, sales, revenue, or profit You claim was caused by BrowserStack.

17.     Any loss in good will or reputation You claim in this Action was caused by BrowserStack.

18.     Any and all licensing efforts related to any Asserted Work.

19.     Any and all financials related to any Asserted Work, including any related costs, revenues, and profits.

20.     All sources of revenue received by You in connection with the sale, licensing, or other exploitation of each Asserted Work.

21.     Pricing related to each Asserted Work.

22.    Your marketing of each Asserted Work, including how You differentiate each Asserted Work from Your competitors' products.

23.    Any markets or market competitors related to website accessibility testing, or any Asserted Work or Accused Product.

24.    Any sales projections for each Asserted Work.

25.    Any analyses of the market relating to website accessibility testing, including analyses of any of Your competitors.

26.    Any factors or causes that affect pricing, valuation, market demand, or purchasing decisions related to website accessibility testing, or any Asserted Work or Accused Product.

27.    Any efforts You have made to mitigate any damages claimed in this Action.

28.    All matters set forth in or related to any of Your interrogatory responses.

29.    Any of Your non-privileged communications with any third parties related to this Action including related to any allegations set forth in Your Complaint.

30.    Your document retention policies and document preservation efforts made related to this Action.

31.    Your document search and collection efforts related to this Action.

## CERTIFICATE OF SERVICE

I, the undersigned declare:

I am over eighteen years of age, a resident of the State of California and a citizen of the United States, and not a party to the within action. My business address is 548 Market Street, Suite 36117, San Francisco, California 94104. On the date set below, in the ordinary course of business, I served the following document(s):

**NOTICE OF DEPOSITION ON ORAL EXAMINATION  (PURSUANT TO RULE 30(b)(6))**

by transmitting by electronic mail the document(s) listed above to the email address(es) below:

Jack Daniel Harkins, dharkins@dykema.com
Ryan Daniel Borelo, rborelo@dykema.com
Steven McMahon Zeller, szeller@dykema.com
Charles Wheeler Chotvacs, CChotvacs@dykema.com
Diego Freire, dfreire@dykema.com

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information is true and correct, and this Certificate of Service was executed on September 3, 2024, at San Jose, California.

            /s/ *Songmee Connolly*
                Songmee Connolly