**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

DEQUE SYSTEMS INC.

Plaintiff,

v.

Case No. 1:24-cv-00217-AJT-WEF

BROWSERSTACK, INC., and
BROWSERSTACK SOFTWARE PVT. LTD.,

Defendants.

**DECLARATION OF RYAN J. MARTON IN SUPPORT OF DEFENDANTS' MOTIONS *IN LIMINE***

I, Ryan J. Marton, declare as follows:

1. I am a partner with the law firm of Marton Ribera Schumann & Chang LLP, counsel for Defendants BrowserStack, Inc. and BrowserStack Software Pvt. Ltd. (collectively, "Defendants" or "BrowserStack") in this matter. I submit this declaration in support of Defendants' Motions *in Limine*. I have personal knowledge of the facts set forth herein unless otherwise indicated, and if called upon to testify, I could and would testify competently thereto.

2. Plaintiff Deque Systems, Inc. ("Deque") served its Rule 26(a)(1) initial disclosures on June 7, 2024. A true and correct copy of Deque's Rule 26(a)(1) initial disclosures served on June 7, 2024 is attached to this Declaration as **Exhibit 1**.

3. On July 29, 2024, Deque served its Responses to BrowserStack's First Set of Interrogatories. Deque did not verify any of the responses in its Responses to BrowserStack's First Set of Interrogatories. A true and correct copy of Deque's Responses to Defendants' First Set of Interrogatories served on July 29, 2024 is attached to this Declaration as **Exhibit 2**.

4. The Court's Rule 16(b) Scheduling Order (D.I. 37; D.I. 35-1) in this case set the deadline for Deque to serve Rule 26(a)(2) expert disclosures as August 9, 2024. Deque did not serve any expert reports or make any Rule 26(a)(2) disclosures by the August 9, 2024 deadline. It did not serve a technical expert report. Nor did it serve a damages expert report. And it did not otherwise disclose its calculation of the damages it is seeking in this case. As of the date of this Declaration, Deque has not served any technical expert report or any affirmative damages expert report under Rule 26(a)(2). On October 8, 2024, Deque served a "rebuttal" expert report on damages, *see* D.I. 106-6, 157-8 (Kahaian Report), which Deque contends is being offered solely for rebuttal. *See, e.g.*, Motion to Strike (D.I. 105) and Opposition to Motion to Strike (D.I. 112). This "rebuttal" report was served two months after Deque's deadline for affirmative expert

disclosures, after Defendants served their September 23, 2024 damages report, and three days before the close of discovery.

5. On August 30, 2024, Deque served its First Supplemental Responses to Defendants' First Set of Interrogatories. Deque did not verify any of the responses in its First Supplemental Responses to BrowserStack's First Set of Interrogatories. A true and correct copy of Deque's First Supplemental Responses to Defendants' First Set of Interrogatories served on August 30, 2024 is attached to this Declaration as **Exhibit 3.**

6. On September 6, 2024, Deque served its Supplement to Its Initial Disclosures. A true and correct copy of Deque's Supplement to Its Initial Disclosures served by Deque on September 6, 2024 is attached to this Declaration as **Exhibit 4**.

7. On October 4, 2024, Deque served its responses to Defendants' Second Set of Interrogatories. A true and correct copy of Plaintiff's Response to Defendants' First [*sic*] Set of Interrogatories served by Deque on October 4, 2024 is attached to this Declaration as **Exhibit 5**.

8. Deque did not provide any verifications for any of its interrogatory responses served in this case.

9. Deque did not otherwise amend or supplement its Rule 26(a)(1) initial disclosures until December 6, 2024, nearly two months after the October 11, 2024 close of discovery. On December 6, 2024, on the same day it filed its opposition to Defendants' Motion for Summary Judgment, Deque served a Second Supplement to Its Initial Disclosures. A true and correct copy of Deque's Second Supplement to Its Initial Disclosures is attached to this Declaration as **Exhibit 6.**

10. Defendants served their Rule 26(a)(1) initial disclosures on June 7, 2024. A true and correct copy of Defendants' June 7, 2024 Rule 26(a)(1) initial disclosures is attached hereto as **Exhibit 7**.

11. Defendants served their First Amended Initial Disclosures on September 18, 2024. A true and correct copy of Defendants' September 18, 2024 First Amended Initial Disclosures is attached hereto as **Exhibit 8**.

12. Defendants served their Second Amended Initial Disclosures on October 11, 2024. A true and correct copy of Defendants' October 11, 2024 Second Amended Initial Disclosures is attached hereto as **Exhibit 9**.

13. On September 3, 2024, BrowserStack served a Notice of Deposition of Deque pursuant to Federal Rule of Civil Procedure 30(b)(6), requesting Deque designate a witness to testify on Deque's behalf regarding several topics listed in the notice. A true and correct copy of the Notice of Rule 30(b)(6) Deposition of Deque served on September 3, 2024 is attached to this Declaration as **Exhibit 10.**

14. On September 30, 2024, counsel for Deque designated the following individuals to testify on behalf of Deque on the topics noticed in the September 3, 2024 Notice of Deposition of Deque (Exhibit 10):

- Preety Kumar – designated to testify on Deposition Notice Topics Nos. 3, 13-18, 27, and 29;
- Harris Schneiderman – designated to testify on Deposition Notice Topics Nos. 1-2, 4-12, 23, and 28;
- Neel Sinha – designated to testify on Deposition Notice Topics Nos. 19-22, 24-26.

A true and correct copy of the relevant portion of an email string with the September 30, 2024 email from Deque is attached to this Declaration as **Exhibit 11**.

15. On October 8, 2024, three days before the close of discovery in this action (*see* D.I. 37), I deposed Preety Kumar, Deque's founder and Chief Executive Officer (*see* Exhibit 12 at 5:25-6:6), both in her personal capacity and as Deque's representative (*id.* at 7:25-8:8) on the following topics:

- Topic No. 3: The relationship between any Asserted Work and any accessibility standard or guideline, including but not limited to any version of the World Wide Web Consortium Web Content Accessibility Guidelines (WCAG), WCAG success criteria, the World Wide Web Consortium Accessibility Initiative Accessible Rich Internet User Agent Accessibility Guidelines (UAAIG);
- Topic No. 13: All facts related to each of the five claims of relief alleged in the Complaint;
- Topic No. 14: All facts that support your claim for injunctive relief in this Action;
- Topic No. 15: All damages You claim or otherwise seek to recover in this Action, including without limitation any You have identified in any of Your responses to Interrogatory No. 9;
- Topic No. 16: Any lost customers, sales, revenues, or profit You claim was caused by BrowserStack;
- Topic No. 17: Any loss in good will or reputation You claim in this Action was caused by BrowserStack;
- Topic No. 18: Any and all licensing efforts related to any Asserted Work;
- Topic No. 27: Any efforts You have made to mitigate any damages claimed in this Action;
- Topic No. 29: Any of your non-privileged communications with any third parties to this Action including related to any allegations set forth in Your Complaint.

*See* Exhibits 10-11.

16. The deposition of Ms. Kumar was transcribed by a certified court reporter. I was at the deposition and the transcript accurately represents the proceedings. A true and correct copy of relevant excerpts of the October 8, 2024 Deposition of Preety Kumar is attached as **Exhibit 12** to this Declaration.

17. During her deposition, Ms. Kumar repeatedly [REDACTED]

Examples of excerpts from Ms. Kumar's deposition transcript where such terms were used include the following:




18. On October 9, 2024, two days before the close of discovery in this action (*see* D.I. 37), I deposed Harris Schneiderman, Senior Product Manager at Deque (Exhibit 13 at 20:3-8),

both in his personal capacity and as Deque's representative (*id.* at 20:3-8) on the following topics:

- Topic No. 1: The conception, creation, and development of each Asserted Work;
- Topic No. 2: Any and all works, documents, writings, or other materials that were accessed, viewed, studied, referred to, or relied upon in connection with the conception, creation, and development of each Asserted Work;
- Topic No. 4: Any and all Allegedly Copied Content, including their conception, creation, and development;
- Topic No. 5: The existence of any Allegedly Copied Content in any version of Axe DevTools® Chrome Extension that is an Asserted Work;
- Topic No. 6: The existence of any Allegedly Copied Content in any version of The Rules Help Pages, including any version of The Rules Help Pages that is an Asserted Work;
- Topic No. 7: The ownership, transfer, or assignment of any rights in any Asserted Work;
- Topic No. 8: Your registrations or attempted registrations of any claimed copyrights in the Asserted Works;
- Topic No. 9: The existence of any Allegedly Copied Content in any Accused Product, including Your first discovery thereof;
- Topic No. 10: Any similarities between any Asserted Work and any Accused Product;
- Topic No. 11: Any differences between any Asserted Work and any Accused Product;
- Topic No. 12: All facts related to Your claim that the Accused Product constitutes a derivative work as alleged in the Complaint;
- Topic No. 23: Any markets or market competitors related to website accessibility testing, or any Asserted Work or Accused Product;
- Topic No. 28: All matters set forth in or related to any of Your interrogatory responses.

*See* Exhibits 10-11.

19. The deposition of Mr. Schneiderman was transcribed by a certified court reporter. I was present at the deposition and the transcript accurately represents the proceedings. A true and correct copy of relevant excerpts of the October 9, 2024 Deposition of Harris Schneiderman is attached as **Exhibit 13** to this Declaration.

20. On October 10, 2024, one day before the close of discovery in this action (*see* D.I. 37), I deposed Neel Sinha, Vice President of Sales at Deque (*see* Exhibit 14 at 7:13-20), both in his personal capacity and as Deque's representative (*id*. at 10:3-22) on the following topics:

- Topic No. 19:  Any and all financials related to any Asserted Work, including any related costs, revenues, and profits;
- Topic No. 20:  All sources of revenue received by You in connection with the sale, licensing, or other exploitation of each Asserted Work;
- Topic No. 21:  Pricing related to each Asserted Work;
- Topic No. 22:  Your marketing of each Asserted Work, including how You differentiate each Asserted Work from Your competitors' products;
- Topic No. 24:  Any sales projections for each Asserted Work;
- Topic No. 25:  Any analyses of the market relating to website accessibility testing, including analyses of any of Your competitors;
- Topic No. 26:  Any factors or causes that affect pricing, valuation, market demand, or purchasing decisions related to website accessibility testing, or any Asserted Work or Accused Product.

*See* Exhibits 10-11.

21. The deposition of Mr. Sinha was transcribed by a certified court reporter. I was present at the deposition and the transcript accurately represents the proceedings. A true and correct copy of relevant excerpts of the October 10, 2024 Deposition of Neel Sinha is attached as **Exhibit 14** to this Declaration.

22. Deque filed its trial witness list on October 17, 2024, six days after the close of discovery on October 11, 2024. *See* D.I. 122. In it, Deque identities as "Deque witnesses" Adrian McGrogan (an "Account Executive at Accenture") and Lee Walsh (a "Senior Customer Engineer for Accenture"). Deque did not disclose the identities of McGrogan or Walsh at any point in these proceedings prior to this filing, and no party or third-party discovery was conducted related to Accenture, McGrogan, or Walsh.

23. Attached as **Exhibit 15** to this Declaration is a true and correct copy of excerpts from the transcript of proceedings held on October 17, 2024 before Judge William E. Fitzpatrick (D.I. 154).

24. On December 5, 2024, BrowserStack's counsel emailed Deque's counsel informing them that BrowserStack intended to file motions *in limine* and asking if Deque would stipulate to any of BrowserStack's requests. A true and correct copy of this email correspondence is attached as **Exhibit 16**. To date, Plaintiff's counsel has not responded to BrowserStack's request.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on December 12, 2024 in San Francisco, California.

*/s/   Ryan Marton*
Ryan Marton