# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DEQUE SYSTEMS INC.

    Plaintiff,

 v.

BROWSERSTACK, INC., and
BROWSERSTACK SOFTWARE PVT. LTD.,

    Defendants.

Case No. 1:24-cv-00217-AJT-WEF

**DEFENDANT BROWSERSTACK SOFTWARE PVT. LTD.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF DEQUE SYSTEMS, INC.**

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Virginia, Defendant BrowserStack Software Pvt. Ltd. ("Defendant" or "BrowserStack Software") requests that Plaintiff Deque Systems Inc. answer the following interrogatories within thirty (30) days after service.

## DEFINITIONS

The following definitions shall apply to the interrogatories that follow:

1.  "Deque," "Plaintiff," or "You" means Plaintiff Deque Systems Inc., any of its officers, directors, employees, representatives, consultants, agents, servants, employees, attorneys, accountants, or any person who served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, predecessors-in-interest, any joint venture to which Deque or one of its corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, is a party, or any other persons acting on their behalf.

2.  "BrowserStack Software" means defendant BrowserStack Software Pvt. Ltd.

3.  "BrowserStack U.S." means defendant BrowserStack, Inc.

4.  "BrowserStack Defendant" or "BrowserStack Defendants" means individually or collectively BrowserStack, U.S. and/or BrowserStack Software.

5.  "Action" means this action, *Deque Systems Inc. v. BrowserStack, Inc., et al.*, filed on February 13, 2024, in the United States District Court for the Eastern District of Virginia.

6.  "Complaint" means the operative complaint in the Action.

7.  "Asserted Works" means any and all works asserted in the Action as purportedly copyrighted and allegedly infringed by any BrowserStack Defendant, and shall include without

limitation the following 17 works alleged and described in paragraphs 31-32 and Exhibits D and E of the original Complaint filed by Deque in the Action on February 13, 2024 ("Original Complaint"):

|  | Title | Registration No. |
|---|---|---|
| 1. | Axe Dev Tools v3.7.0. | TX0009335645 |
| 2. | Axe Dev Tools v3.8.0. | TX0009335914 |
| 3. | Axe Dev Tools v3.9.0. | TX0009340330 |
| 4. | Axe Dev Tools v3.10.0. | TX0009340341 |
| 5. | Axe Dev Tools v4.0.0. | TX0009335692 |
| 6. | Axe Dev Tools v4.1.0. | TX0009336616 |
| 7. | Axe Dev Tools v4.2.0. | TX0009336019 |
| 8. | Axe Dev Tools v4.3.0. | TX0009338465 |
| 9. | Axe Dev Tools v4.4.0. | TX0009336533 |
| 10. | Axe Dev Tools v4.5.0. | TX0009337562 |
| 11. | Axe Dev Tools v4.6.0. | TX0009336758 |
| 12. | Axe Dev Tools v4.6.2. | TX0009336764 |
| 13. | Axe Dev Tools v4.7.0. | TX0009336762 |
| 14. | Axe Dev Tools v4.8.0. | TX0009336375 |
| 15. | Axe Dev Tools v4.8.5. | TX0009336379 |
| 16. | Axe Dev Tools v4.9.0. | TX0009336480 |
| 17. | Rules Help Pages ("Rules Help Pages") | TX 9-359-731 |

8.  "Axe DevTools® Chrome Extension" means the "axe DevTools® browser extension" for Google Chrome referenced in the Complaint, including without limitation in paragraphs 19-24, 26-28, and 30-31 of the Original Complaint.

9.  "Doc-Issue-Help Pages" means the Doc-Issue-Help pages identified in paragraphs 17, 18 and 38 of the Original Complaint.

10.  "Accused Product" means any product of any BrowerStack Defendant accused of infringing any copyright in any Asserted Work, including without limitation the "BrowserStack Accessibility Toolkit" for Google Chrome referenced in the Original Complaint, including without limitation in paragraphs 34-40 thereof.

11.  "Allegedly Copied Content" means any Asserted Work, or any part of any

3

Asserted Work, which you contend to be subject matter protected by copyright and which you contend was copied into, or is substantially similar to, any part of any Accused Product.

12. The terms "document" or "thing" shall have the same meaning and scope as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written, printed, recorded, or graphic matter that is or has been in Plaintiff's actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, anything that can be classified as a "writing," "original," or "duplicate." Any document bearing marks, including, without limitation, initials, stamped indicia, comments, or notations not part of the original text or photographic reproduction thereof, is a separate document.

13. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14. The terms "any" and "all" shall be construed as "any and all."

15. The terms "each" and "every" shall be construed as "each and every."

16. The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

17. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

18. The term "person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

19. The term "communication" shall include, without limitation, any written or oral

communication, including any conversation in person, by telephone, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

20. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, or principal thereof.

21. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

22. The terms "relating to," "related to," "relate(s) to," "pertaining to," or "pertain(s) to" a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating such subject.

23. The use of the term "the" shall not be construed as limiting the scope of any request.

24. The use of the singular shall also include the plural, and vice-versa.

25. The terms "identify," "identifies," and "identification," when used with respect to a document mean to provide information sufficient to locate that document, including but not limited to the following: the production range number; the date appearing on the document or, if no date appears thereon, the approximate date on which the document was prepared; the identifying code number, file number, title, and/or label of the document; a general description of the document (*e.g.*, letter, memorandum, drawing); the title or heading.  For a person, it means to

provide the full name, last known address, last known telephone number, and the employer and job title of the person, or as much of that information that is available to you after a reasonable and diligent search.

  26. The term "describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, means: (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual what he/she said or did; and (4) to identify each document used or prepared in connection therewith.

## **INSTRUCTIONS**

  The following instructions apply to answering the interrogatories below:

  1. Plaintiff is required to answer the following interrogatories separately, in order, and fully and in writing and under oath, within thirty (30) days from the date of service.  In responding to these interrogatories, please furnish all information that is available to Plaintiff or subject to its control, including information in the possession, custody, or control of its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any person who has served in any such role at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, any joint venture to which either is a party, and other persons acting on their behalf.

  2. In accordance with Federal Rule of Civil Procedure 26(b)(5), where you assert a claim of privilege in objecting to any interrogatory or part thereof, and you do not provide information on the basis of that assertion:

    A. In asserting the privilege, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed, and a brief explanation of why the information is privileged; and

B.  Provide the following information in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

1) For oral communications: (a) the name of the person making the communication and the names of the persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; (b) the date and place of the communication; and (c) the general subject matter of the communication.

2) For documents: (a) the type of document (*e.g.*, letter, memorandum, email, email chain, etc.); (b) the date the document was prepared; (c) the name of each author, coauthor, or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document; (d) if the document reflects or refers to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; and (e) the general subject matter of the document.

3. If you object to an interrogatory on the grounds that it is overly broad, provide a response to any portion of the interrogatory that you concede is discoverable pursuant to Rule 26.

4. If, in answering these interrogatories, you encounter any ambiguities when construing a question, instruction, or definition, in your answer set forth the matter deemed ambiguous and the construction used in answering.

5. If you cannot fully answer any interrogatory, answer to the extent possible and explain: (a) what information you refuse to produce and (b) why full compliance is not possible. If you object to any subpart of any interrogatory, or if you fail to produce all information and documents responsive to any interrogatory, state with specificity all grounds for each such

objection or failure to produce all responsive information.

6. Whenever you answer any interrogatory by reference to documents, you shall identify such documents in detail, including, without limitation, a reference to the production or Bates number of the document or documents.

7. These interrogatories are deemed to be continuing so as to require you to file and serve supplemental answers should you learn of additional information, documents, or tangible things called for by interrogatories between the time your answers are served and the time of trial. In accordance with Federal Rule of Civil Procedure 26(e), supplemental answers shall be served within a reasonable time after the discovery of such additional information or documents.

## INTERROGATORIES

**INTERROGATORY NO. 11:** Identify by production number a full and complete copy of each Asserted Work.

**RESPONSE:**


**INTERROGATORY NO. 12:** For each alleged contract between You and any BrowserStack Defendant that You assert in this Action was breached, identify: (a) the date of the contract; (b) the parties to the contract; (c) the signatories to the contract; (d) a true and complete copy of the contract (by production number); (e) any monetary consideration promised, given, or exchanged pursuant to the contract; (f) each provision You contend was breached and by whom; (g) the termination date of the contract, if any; and (h) any damages that You contend was caused by any alleged breach.

**RESPONSE:**

**INTERROGATORY NO. 13:** For each alleged statement or advertisement You claim in this Action to be false or misleading, identify: (a) the alleged false or misleading false statement or advertisement (by production number, if available); (b) the specific content or text You allege to be false or misleading; (c) its date of publication; (d) all facts or evidence supporting Your claim that the alleged statement or advertisement is false or misleading; (e) all facts or evidence regarding how the statement or advertisement is likely to influence any purchasing decision; (f) any person You contend relied on the false or misleading statement or advertisement; and (g) quantification of any damages You contend was caused by the alleged false or misleading statement or advertisement.

    **RESPONSE:**

**INTERROGATORY NO. 14:** Identify the specific time period within which You claim that You are entitled to recover any damages in this Action, and the factual and legal basis for Your claim.

    **RESPONSE:**

**INTERROGATORY NO. 15:** For the years 2020 through the present, state Your projected annual sales, revenues, and profits related to each of the Asserted Works.

    **RESPONSE:**

**INTERROGATORY NO. 16:** For the years 2020 through the present, identify Your actual annual sales, revenues, and profits related to each of the Asserted Works.

    **RESPONSE:**

**INTERROGATORY NO. 17:** Identify all facts and evidence to support Your claim that You suffered any actual damages as a result of any alleged copyright infringement by BrowserStack of any Asserted Work.

**RESPONSE:**

**INTERROGATORY NO. 18:** Identify all facts and evidence to support Your claim that any BrowserStack revenue or profit is attributable to any alleged copyright infringement by BrowserStack of any Asserted Work.

**RESPONSE:**

**INTERROGATORY NO. 19:** Identify the value of any Allegedly Copied Content within any of the Asserted Works.

**RESPONSE:**

**INTERROGATORY NO. 20:** Identify the value of any Allegedly Copied Content within the Accused Product.

**RESPONSE:**

**INTERROGATORY NO. 21:** Identify any and all factors that affect, influence, or otherwise impact customer demand or purchasing decisions as they relate to any of the Asserted Works or the Accused Product.

**RESPONSE:**

**INTERROGATORY NO. 22:**  Identify all facts and evidence to support Your claim for any injunctive relief in this Action.

    **RESPONSE:**

**INTERROGATORY NO. 23:**  Identify all facts and evidence to support Your allegation that any BrowserStack Defendant acted intentionally or willfully.

    **RESPONSE:**

**INTERROGATORY NO. 24:**  Identify all facts and evidence to support Your claim for recovery of any attorneys' fees in connection with this Action.

    **RESPONSE:**

Dated:  September 4, 2024

/s/ Ryan J. Marton

Ryan J. Marton (*pro hac vice* admitted)
ryan@martonribera.com
Songmee L. Connolly (*pro hac vice* admitted)
songmee@martonribera.com
Phillip J. Haack (*pro hac vice* admitted)
phaack@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:     (415) 360-2515

Belinda D. Jones (VSB No. 72169)
bjones@cblaw.com
Roman Lifson (VSB No. 43714)
rlifson@cblaw.com
Christian & Barton, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219-3095
Tel.:          (804) 697-4100
Fax:          (804) 697-4112

*Attorneys for Defendants BrowserStack Software Pvt. Ltd. and BrowserStack, Inc.*

11

## **CERTIFICATE OF SERVICE**

I, the undersigned declare:

I am over eighteen years of age, a resident of the State of California and a citizen of the United States, and not a party to the within action. My business address is 548 Market Street, Suite 36117, San Francisco, California 94104. On the date set below, in the ordinary course of business, I served the following document(s):

**DEFENDANT BROWSERSTACK SOFTWARE PVT. LTD.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF DEQUE SYSTEMS, INC.**

by transmitting by electronic mail the document(s) listed above to the email address(es) below:

Jack Daniel Harkins, dharkins@dykema.com
Ryan Daniel Borelo, rborelo@dykema.com
Steven McMahon Zeller, szeller@dykema.com
Charles Wheeler Chotvacs, CChotvacs@dykema.com
Diego Freire, dfreire@dykema.com
Justin Bagdady, jbagdady@bodmanlaw.com
Stephen Paul Dunn, sdunn@bodmanlaw.com

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information is true and correct, and this Certificate of Service was executed on September 4, 2024, at San Jose, California.

                                                 /s/ *Songmee Connolly*
                                                 Songmee Connolly