# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DEQUE SYSTEMS INC., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) )   Case No. 1:24-cv-217 (AJT/WEF) |
| BROWSERSTACK, INC., ET AL., | ) ) |
| *Defendants*. | ) ) |

**ORDER**

By Order dated January 13, 2025, [Doc. No. 237], the Court entered summary judgment against Plaintiff Deque Systems Inc. ("Deque"). More specifically, the Court granted Defendants' *In Limine* Motions 1, 2, 3, and 4, thereby excluding Deque's damages evidence concerning its claim for lost profits, disgorgement of revenue, and avoided development costs, and based on that ruling, granted Defendants' Motion for Summary Judgment with respect to all remaining claims. *Id*. On February 10, 2025, Deque filed a Motion for Reconsideration of the Court's January 13, 2025 Order, [Doc. No. 261] (the "Motion"), in which it asks that the Court reconsider both rulings and reset the trial so that Deque may seek to recover damages, injunctive, and declaratory relief with respect to its copyright infringement claim. For the reasons that follow, the Motion is **DENIED**.

**I.   LEGAL STANDARD**

Requests to "alter or amend" a judgment and motions for reconsideration filed after the entry of judgment, as in this case, must be brought under Rule 59(e),[1] which authorizes relief on

---

[1] Rule 59(e) also requires that any motion be within 28 days of entry of the judgment. Here, Deque timely filed its motion on February 10, 2025. *See* [Doc. Nos. 238, 261].

1

only three limited grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A party's argument must go beyond "mere disagreement" with the court's ruling and may not be used to simply rehash the same arguments and facts previously presented. *Id.* at 1082. "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## II. DISCUSSION

Deque moves for reconsideration solely on the grounds that the January 13, 2025 Order contains "clear errors of law" and constitutes a "manifest injustice." First, Deque argues that the Court's Rule 37 sanction (the exclusion of damages evidence) was too harsh because there was no prerequisite finding that Deque acted in bad faith or with callous disregard for the discovery orders in this case. [Doc. No. 266] at 19 (citing *Tritchler v. Consolidation Coal Co.*, 91 F.3d 134 (Table) (4th Cir. 1996)). Second, Deque contends that even if that damages evidence was properly excluded, Deque could still have obtained actual damages and disgorgement of BrowserStack's revenue based on the remaining record evidence and expected witness testimony. *Id.* at 29. Third, Deque maintains that it could have still obtained nominal damages, injunctive, and declaratory relief. *Id.* at 16.

With respect to the Rule 37 sanction, the January 13, 2025 Order detailed Deque's nearly complete default with respect to its disclosure obligations as to damages under the Court's discovery orders and the Federal Rules of Civil Procedure. In that regard, Deque failed to disclose the amount of damages it sought on what claims and how those damages would be calculated until three days before discovery closed, and then only through a rebuttal expert report that described a claim for damages totaling in excess of $30 million, followed by more comprehensive damages

2

calculations contained in Deque's supplemental disclosures served two months after discovery closed, on December 6, 2024, with trial scheduled for January 21, 2025. [Doc. No. 237] at 7–14.

Claiming that the Court entered summary judgment as a "sanction" pursuant to Rule 37(b), Deque cites to the four-factor test from *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494 (4th Cir. 1977) and argues that an explicit finding of bad faith was required before the Court could dismiss the case and enter summary judgment, [Doc. No. 266] at 19–20. However, the Court's January 13, 2025 Order was based on a two-step analysis, not a one-step dismissal: first, whether to exclude evidence pursuant to the Federal Rules of Evidence and Federal Rules of Civil Procedure, and second, based on the Court's exclusion of evidence, whether Plaintiff had presented sufficient evidence to avoid summary judgment. At the first step, the Court excluded certain evidence under Rule 37(c)(1), and as Deque recognizes, a finding of bad faith is not required to exclude evidence under Rule 37(c)(1), which is governed by the five factors set forth in *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003), which the Court used. In short, the Court did not enter summary judgment against Deque as a "sanction" for a discovery violation pursuant to Rule 37(b), but rather as a result of the rules applicable to a motion for summary judgment. In any event, a Rule 56(e) motion may not be used to simply "rehash" previously presented contentions, and Deque's positions in this regard are simply reargument of positions considered and rejected by the Court, or never previously made, and provide no new grounds sufficient to justify altering the Court's determination that Deque's damages evidence, as presented in its rebuttal expert report and second supplement to its Rule 26 disclosures, was properly excluded under Rule 37(c)(1). As the Court noted, that decision was not lightly made; but no lesser sanction was appropriate under these circumstances.

3

As for Deque's position that, notwithstanding the Court's exclusion of damages evidence, Deque could nevertheless obtain disgorgement of BrowserStack's revenue and recover actual damages based on the testimony of Deque Chief Executive Officer Preety Kumar and the cross-examination of BrowserStack's witnesses, *see* [Doc. No. 266] at 29, Deque misunderstands the scope of the Court's exclusion ruling. In that regard, based on its late disclosure of the amount of damages in the areas of lost profits, disgorgement of revenue, and avoided development costs, those damages were excluded. *See* [Doc. No. 237] at 10 (". . . the five-factor analysis would apply to the three categories of damages that Deque seeks: disgorgement of revenue, lost profits, and avoided development costs."). That ruling did not leave the door open for Deque to present at trial some other amount of never disclosed damages in any of those three categories, particularly since, as the Court observed in its January 13, 2025 Order, Deque's designated corporate representatives on damages, its Chief Executive Officer, Pretty Kumar, and its Vice-President for Sales, Neel Sinha, were unable at their deposition to "explain[] with any specificity Deque's claim damages, or how they were calculated; nor do they appear to have the necessary qualifications to testify about BrowserStack's financials under Rule 701 of the Federal Rules of Evidence." *Id.* at 15. The Court is not swayed by Deque's current position that Ms. Kumar has since her deposition reviewed BrowserStack's unspecified "information" and "documents," thereby curing her inability to testify as to damages, or by what appears to be a revised lost profits claim.[2] And Deque's current position that it could have obtained evidence at trial to support some undisclosed damages claim through the cross-examination of BrowserStack's witnesses suffers from the same misunderstanding of the

---

[2] Further reflecting the lack of disclosure, Deque's damages claim appears to have further evolved since the Court's dismissal. For example, Deque's rebuttal expert calculated that Deque suffered $1,280,459 in lost profits as a result of renegotiating or losing contracts with HSBC and Adobe. [Doc. No. 157-8] at 39. However, in advancing its position in the Motion, there is no mention of lost profits from HSBC, only from Adobe, calculated by Deque's rebuttal expert as being $704,0446. *Id.*

4

Court's exclusion Order and fails to recognize that Deque has the affirmative burden of presenting sufficient evidence of damages during its case in chief.[3] For these reasons, the Court will not vacate its finding that, after the Rule 37(c)(1) exclusions, Deque failed to present or proffer sufficient admissible evidence on damages, whether it be lost profits, disgorgement of BrowserStack's revenue, or avoided development costs.

Deque also contends that, notwithstanding the Court's rulings, it could have still pursued injunctive and declaratory relief on its copyright infringement claim. The Court did not specifically address in its Order the availability of either injunctive or declaratory relief, principally because the Court understood, based on Deque's responses to the Court's questions at the December 20, 2024 hearing, that such relief was not previously or was no longer sought. *See* [Doc. No. 237] at 6, n.2; [Doc. No. 239] (Dec. 20, 2024 Hearing Transcript) at 36:17–20 ("The Court: So are you seeking any equitable relief with respect to the copyright claim beyond damages? Deque's Counsel: I mean, I think there could be a permanent injunction on that as well, but at this point it is primarily a damages issue. I mean, I think that is fair enough, yes."). Deque challenges that view and asks the Court to reinstate this case so that it can pursue both remedies.

Even were the Court to set aside Deque's in-court statements, based on the summary judgment record, Deque clearly failed to present evidence sufficient to warrant injunctive relief. In that regard, Deque has produced no evidence of ongoing infringement, making its concerns about future infringement speculative, at best. Conversely, BrowserStack submitted a declaration from its employee, Apurv Jain, representing that BrowserStack removed all allegedly copied content from the latest version of its Accessibility Toolkit, with no plans to reuse it. BrowserStack also declared, without challenge, that it made its source code for the updated version of the

---

[3] Deque's position in this respect is also totally speculative, particularly since BrowserStack has repeatedly represented that it did not expect to call witnesses to testify as to damages. *See* [Doc. No. 239] 22:4–7.

Accessibility Toolkit available for Deque's inspection, but "Deque chose not to review it and certainly never provided any evidence that it contains any Deque copyrighted material." [Doc. No. 277] at 9; *see also* [Doc. No. 239] (Dec. 20, 2024 Hearing Transcript) at 11:3–6 (Deque's Counsel: "And I know they're saying they've taken it out now, BrowserStack updated its code and it's not in there, and that's fine. But when this product launched, it was in there."). Therefore, the only relevant evidence in the record is that any prior version of the Accessibility Toolkit that may have contained offending source code is no longer being sold and BrowserStack's currently sold, updated Accessibility Toolkit does not infringe in any fashion on Deque's copyrights. In sum, Deque has failed to produce sufficient evidence of any actual or threatened infringement to enjoin.

Nor is there a sufficient basis upon which to allow a request for a declaratory judgment to proceed. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that ". . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* A request for declaratory relief is typically brought to adjudicate rights before liability-creating conduct occurs so that the parties can conform their conduct to legal requirements. *See e.g.*, *Energy Recovery, Inc. v. Hauge*, 133 F. Supp. 2d 814, 817 (E.D. Va. 2000) ("An appropriate case [for declaratory relief] is one where a plaintiff has an objective and reasonable apprehension of future litigation, which is of sufficient immediacy and reality, that a declaration of legal rights "will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding.") (citing *Centennial Life Insurance Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996)). It is not intended to simply declare the legal consequences of past, completed conduct. *Id.*

6

The First Amended Complaint states that "Deque brings this action to recover damages and obtain injunctive relief resulting from Defendants' willful acts of copyright infringement, breach of contract, and false advertising." [Doc. No. 44-1] at 1. None of its five counts mention the Declaratory Judgment Act or a request for declaratory relief. Rather, the Complaint asserts claims based on past completed conduct,[4] and reasonably read, the Prayer for Relief simply asks for the entry of judgment based on the liability alleged with respect to that past conduct. In sum, Deque never requested a declaratory judgment in its First Amended Complaint, or during pre-trial proceedings. Nor would such a request have been appropriate, given that it would have simply duplicated the adjudications of liability alleged with respect to its five claims based on past conduct for copyright infringement, breach of contract, false advertising, and unjust enrichment. *See Wenzel v. Knight*, 2015 WL 3466863, at *4 (E.D. Va. June 1, 2015) (dismissing a declaratory judgment claim where "Count I does not bring anything to the complaint that is not achieved by Count II"). For the above reasons, Deque failed to present a sufficient claim for either injunctive or declaratory relief; and reinstatement of the case to pursue those remedies is not warranted.

Deque also points to its residual ability to obtain nominal damages for its copyright infringement claim, and attorney's fees under Virginia Code §18.2-216 for its false advertising claim. But Deque never previously advanced its position with respect to nominal damages and is deemed to have waived it, *United States v. Foreman*, 369 F.3d 776, 797 n. 12 (4th Cir. 2004) (referring to "the well-established principle that arguments raised for the first time in a motion for reconsideration are generally deemed waived"); attorney's fees are not readily available under the

---

[4] Deque represents that its "First Amended Complaint includes a direct request for the Court to 'ease uncertainty and clarify the relationship' between Deque and BrowserStack through an: '***Entry of judgment*** in favor of Deque against Defendants, that . . .'" BrowserStack has engaged in the conduct set forth in each of its five counts. [Doc. No. 284] at 12–13 (emphasis in original). But the First Amended Complaint nowhere states that Deque is requesting the entry of judgment "to ease uncertainty and clarify the relationship" between the parties.

7

Copyright Act, as Deques appears to recognize, *see* [Doc. No. 266] at 32; and without the ability to establish damages, attorney's fees are unavailable to Deque under Virginia Code §18.2-216, *see Henry v. R.K. Chevrolet, Inc.*, 219 Va. 1011, 1013–14 (1979) (recognizing a "loss" is required to obtain relief under Virginia Code §18.2-216.).

Finally, Deque contends that the Court's exclusion of evidence under Rule 37 and the ensuing grant of summary judgment resulted in a manifest injustice, given the purported strength of its infringement claim, apart from any damages evidence.[5] But this position ignores the history of Deque's discovery conduct and the role played by Rule 37(c)(1)'s exclusionary rule, which is intended to ensure a fair process, *see Norfolk S. Ry. Co. v. Railworks Maint. of Way, Inc.*, 2023 WL 5984282, at *6 (E.D. Va. Sept. 14, 2023) ("the intention of Rule 37(c)(1)'s preclusionary measure is to prevent the practice of 'sandbagging' an opposing party with new evidence") (cleaned up); particularly where, as here, Deque defaulted on its disclosure obligations with respect to a damages claims in excess of $30 million and the Magistrate Judge repeatedly put Deque on notice of its deficient discovery responses, *see* [Doc. Nos. 117, 154].

Accordingly, for the above reasons, it is hereby

**ORDERED** that the Motion, [Doc. No. 261], be, and the same hereby is, **DENIED**.

The Clerk is directed to forward copies of this Order to all counsel of record.

Alexandria, Virginia
April 16, 2025

/s/
Anthony J. Trenga
Senior United States District Judge

---

[5] With respect to the merits of Deque's claims, the Court has not recognized or even implied, as Deque suggests, that Deque would ultimately prevail on its claims. *See* [Doc. No. 262] at 7 ("The Court held that Deque's claims were factually and legally supported."). Likewise, the Court has not adjudicated whether there is admissible evidence that BrowserStack "admitted" to copying Deque's code or that BrowserStack used copyright-protected content, given that BrowserStack's alleged admissions appear to have occurred during a settlement discussion, and Deque failed to include the Accessibility Toolkit source code in its trial exhibit list. BrowserStack raised those admissibility issues in its Motion *in Limine* 5 based on Federal Rule of Evidence 408(a)(2), and in its Summary Judgment Motion based on Federal Rule of Civil Procedure 26(a)(3)(A)(iii), but the Court did not reach those issues since it resolved the case on narrower grounds.

8